# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

****************************************

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,* <br> v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| **************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,* <br> v. | |
| | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| **************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| **************************************** | |

**PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY AND PARTIAL SUMMARY JUDGMENT AS TO DAMAGES, AND IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to RCFC 15(d), Plaintiffs seek leave to file this supplemental brief and supporting declaration "setting forth…events which have happened since the date of the pleading sought to be supplemented."

As discussed in plaintiffs' prior pleadings, the *California v. Norton* court's June 20, 2001 holding that the 1990 Coastal Zone Management Act ("CZMA") Amendments require a consistency review under CZMA § 1456(c)(1) of proposed leases suspensions resulted in MMS's termination of the November 1999 "green light" suspensions and the imposition in July 2001 of "red light" suspensions that halted all activities on the leases and that remain in place today.

New "green light" suspensions cannot be granted unless and until MMS prepares the required consistency determinations, provides them to the State for its review and concurrence or objection, and decides to grant the suspensions. *See* 15 C.F.R. § 930.41 (2004). Any MMS decision to grant "green light" suspensions in the face of a State objection to MMS's consistency determinations can be challenged by the State in federal court, *see* Plaintiffs' Supplemental Brief in Response to the Courts' March 9, 2005 Order, at 6-9 (March 28, 2005).

Plaintiffs' prior pleadings demonstrated that the "red light" suspensions would stay in place until at least July 2005, thus creating a four-year delay equal to that found to constitute a material breach in *Mobil Oil Exploration and Producing Southeast, Inc. v. United States,* 530 U.S. 604 (2000). The July 2005 date was predicated on the Minerals Management Service's June 4, 2004 timeline chart, which was approved by the *California v. Norton* district court on June 28, 2004. (*See* Timetable Chart, Attachment A to Ex. 93 to the Heck Declaration, and Order, Ex. 94 to the Heck Declaration). Under that timeline, MMS was to submit its

consistency determinations to the State by April 9, 2005, and the review process was to be completed by July 7, 2005.

It is now clear that the delay will extend beyond July 2005, perhaps by a significant amount. After MMS submitted its consistency determinations to the State on schedule, the State on April 22, 2005, sent MMS a twenty-seven page, single spaced letter setting forth forty-six alleged deficiencies in the information set forth in the consistency determinations. (Third Supp. Heck Decl. ¶¶ 2-3 and Exh. 116 thereto). The alleged shortcomings include, *inter alia,* allegedly inadequate factual information; allegedly out-of-date information; the purported failure to address relevant provisions of the California Coastal Management Program; and alleged internal inconsistencies in the consistency determinations. *Id*. The State's April 22, 2005 letter closed by stating that the State would need more time to review the consistency determinations and any additional information submitted to it by MMS as a result of the letter. *Id.*

On May 5, 2005, Governor Schwarzenegger requested that the Secretary of the Interior grant the State an extension through August 12, 2005 to review and act on the consistency determinations. (Third Supp. Heck Decl. ¶ 4 and Exh. 117 thereto). On May 12, 2005, the Departments of Justice and the Interior acceded to that request, and agreed to amend the *California v. Norton* timeline accordingly. (Third Supp. Heck Decl. ¶¶ 5-6 and Exh. 118 and 119 thereto). Moreover, in its May 12, 2005 letter, the Department of Justice took the position that the old July 7, 2005 deadline, as well as the new August 12, 2005 deadline, only establishes the timetable for the State to "complete its review, hold public hearing, and reach a decision on whether to concur with the consistency determinations." (Third Supp. Heck Decl. ¶ 6 and Exh. 119 thereto, pp. 1-2). There is thus no deadline for MMS to make its decisions on the "green

light" suspensions, a point reinforced by the last sentence in DOJ's letter that "MMS will not act on the requests for lease suspensions...until *after* August 12, 2005" (emphasis added), the new deadline for the State's decision.

On May 17, 2005, the district court granted the State's motion for the extension, *see* Third Supp. Heck Decl. ¶¶ 8-9 and Exh. 121 and 122 thereto.[1]

The MMS decisions may be delayed well beyond August 12, 2005. As noted, the State's April 22, 2005 letter identified numerous purported informational deficiencies in MMS's consistency determinations, strongly suggesting that this may in whole or in part form the basis of the State's objection to MMS's consistency determinations. *See* 15 C.F.R. § 930.43(b) (a state objection may be "based on a finding that the Federal agency has failed to supply sufficient information.") If so, the State's objection on this ground (or others) would trigger CZMA regulations that could lead to substantial additional delay. *See* 15 C.F.R. § 930.43(d) (directing federal agencies to consider "using the dispute resolution mechanisms of [the regulations] and postponing final federal action until the problems have been resolved"). Those mechanisms can involve mediation by the Secretary of Commerce and public hearings. *See* 15 C.F.R. § 930.44; 930.110-.116.

---

[1] Given MMS's regulatory authority to grant such an extension, *see* 15 C.F.R. § 930.41(b), and the fact that MMS had already agreed to do so, the Lessees saw no prospect that the *California v. Norton* court would overrule MMS's decision by denying the State's request to amend the timeline, and on that ground, did not oppose it. (Third Supp. Heck Decl. ¶ 7 and Exh. 120 thereto).

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove____________
E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for All Plaintiffs in Nos. 02-30C and 04-1822C

May 25, 2005