# Exhibit 117

GOVERNOR ARNOLD SCHWARZENEGGER

May 5, 2005

The Honorable Gale A. Norton
Secretary of the Interior
1849 C Street, NW
Washington, DC 20520

Dear Madam Secretary,

I am writing to urge you to provide the additional information and time extension requested by the California Coastal Commission in their April 22, 2005, letter to the Department of the Interior's Minerals Management Service (MMS) to review the impacts of extending the terms of the 36 Outer Continental Shelf oil and gas leases off the California coast. As you know, I have been steadfast in my resolve to defend California's right and duty to protect the California coast from the adverse impacts of new offshore oil and gas leasing, exploration, or development on the federal Outer Continental Shelf. On April 7, 2005, the Coastal Commission received ten federal consistency determinations from the MMS regarding the proposed action to extend the terms of these leases. The Coastal Commission must evaluate the consistency of these proposals with California's federally approved Coastal Management Program.

I'm concerned about the ability of California to conduct a review of this magnitude and complexity in the time provided. The Coastal Commission must respond to the ten consistency determinations on these leases within 60 days from the day the Commission receives a complete consistency determination. As you know, federal agencies are required to approve one request for an extension period of not more than 15 days. The end of the 75 day period is Tuesday, June 21, 2005, which is not a great deal of time. However, I am aware that federal agencies may approve a longer period. The regulation at 15 CFR 930(b) states: "In considering whether a longer or additional extension period is appropriate, the Federal agency should consider the magnitude and complexity of the information contained in the consistency determination."

The Honorable Gale A. Norton
May, 5, 2005
Page two

The Coastal Commission is currently reviewing approximately 1,500 pages of material addressing the proposed action to extend the terms of the 36 leases. The ten consistency determinations cover literally hundreds of square miles of the federal continental shelf off the California coast. The issues are complex and range from analysis of oil spill risk and cleanup, air quality impacts, navigation safety, disposal of drilling muds and cuttings, impacts to threatened species, and visual impacts. Both the magnitude and complexity of this proposal warrants that the MMS should provide both the additional information requested by the Coastal Commission and the requested extension of time to allow a thorough evaluation of the compliance of this proposal to extend the terms of these 36 leases with California's federally approved Coastal Management Plan.

I therefore respectfully request that you work with the California Coastal Commission to provide the information requested for their review and to extend the review period to August 12, 2005, to allow time for all the information to be provided, analyzed, and acted upon.

Sincerely,

Arnold Schwarzenegger

cc: Johnnie Burton, Director, MMS
Ellen Aronson, Regional Director, MMS
Mike Chrisman, Secretary California Resources
Jamee Patterson, California Department of Justice
Meg Caldwell, Chair, California Coastal Commission

# Exhibit 118

Exhibit 118

United States Department of the Interior
MINERALS MANAGEMENT SERVICE
Washington, DC 20240

MAY 12 2005

Mr. Edward S. Geldermann
Senior Trial Attorney, U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

Dear Mr. Geldermann:

On May 5, 2005, Secretary Norton received a letter from California Governor Arnold Schwarzenegger requesting that she provide the California Coastal Commission (CCC) an extension of time until August 12, 2005, within which to review ten consistency determinations submitted to the CCC for consistency review under section 307(c)(1) of the Coastal Zone Management Act (CZMA). These consistency determinations were forwarded to the State on April 6, 2005, and such review has a statutorily imposed time limit within which the State must act. Extensions of time may be given to the State by the Federal agency (here the Department of the Interior) as provided by the regulations at 15 C.F.R. 930.41(b).

The timeline under which these consistency determinations were submitted to the State was set forth by the Minerals Management Service (MMS) in its June 4, 2004, report to the Court in *California v. Norton*, which was incorporated by reference in the Court's June 28, 2004, Order. Although we believe that the timeframe was submitted to the Court because the Court was attempting to oversee the implementation of its order compelling the MMS to prepare consistency determinations and submit them to the CCC, the timeline did include the 90-day period within which the State would conduct its review of the consistency determinations.

Counsel for the State of California has opined that because the court-ordered timetable contains the State's review period, the Order applies to the State, as well as the MMS. Therefore, they have determined that the State is under a court order to review the consistency determinations within the 90-day period described in the timeline. The MMS believes that because that part of the Order deals with a function of the State of California, acting through the CCC, the State of California is the appropriate entity to seek interpretation of that aspect of the Court's order. Accordingly, if the State wants to extend the time within which it must review the consistency determinations, it should be the party to petition the Court for leave to do so.

This interpretation renders the authority of the MMS to grant such extensions under the regulations problematic. If the State is, indeed, under a court order to complete its review within 90 days, then the MMS cannot grant an administrative extension of time without being in

contempt of the court order. That is why we previously advised you that, although the MMS has no objection if the State wishes to petition the Court for relief from its Order, we do not believe, given the State's interpretation, that we can proceed to grant an administrative extension until such time as the Court amends its order. Because it is the State that is allegedly bound by the order, we believe that the State is the appropriate entity to petition the Court for relief.

In summary, we have examined the regulations as they relate to the granting of extensions of time in this matter, and believe that it would be appropriate for the MMS to grant such an extension until August 12, 2005. However, given the State's interpretation of the Court's June 28, 2004, Order, we do not believe that we can grant such an extension administratively. We have no objection if the State would like to move forward in that regard.

Sincerely,

Thomas A. Readinger

Thomas A. Readinger
Associate Director for
Offshore Minerals Management

# Exhibit 119

**U.S. Department of Justice**

Environment and Natural Resources Division

*Natural Resources Section*

*Washington, D.C. 20044-0663*

***By FAX and Federal Express***

May 12, 2005

Jamee Jordan Patterson, Esq.
Office of the Attorney General
State of California
110 West A St. Suite 1100
San Diego, CA 92101

Re: State of California v. Norton, No. 99-4964 (N.D. Cal.)

Dear Jamee:

As you are aware, on June 28, 2004, the Court in the above-referenced action adopted "in full" a timetable proposed by Federal Defendants to provide the State of California with the consistency determinations pursuant to Section 307(c)(1) of the Coastal Zone Management Act, 16 U.S.C. § 1456(c)(1) that were required by this Court's June 20, 2001 judgment. See California v. Norton, 150 F.Supp.2d 1046, 1057-58 (N.D. Cal. 2001), aff'd, 311 F.3d 1162 (9th Cir. 2002). Under that timetable, consistency determinations were due on or before April 6, 2005.

On April 6, 2005, the Minerals Management Service provided the California Coastal Commission (CCC) the required consistency determinations. On April 21, 2005, the Federal Defendants filed a notice of compliance with that part of the Court's June 28, 2004 order requiring the Federal Defendants to provide the consistency determinations to the State of California by April 6, 2005.

The Court's June 28, 2004 timetable also required the California Coastal Commission to complete its review, hold public hearings, and reach a decision on whether to concur with the consistency determinations by July 4, 2004. Because, as you explained to me telephonically, the CCC would likely not be in a position to complete its review, hold hearings, and reach a decision on the consistency determinations until the week of August 8-12, you requested the Federal Defendants' consent on a motion to be filed by the State of California to extend the time until August 12, 2005, for the CCC to complete the matters (CCC review, public hearings, and decision) required by the Court's existing timetable to be completed by July 4, 2005.

This will confirm that the federal defendants will not oppose a motion filed by the State of California on behalf of the California Coastal Commission asking the Court to modify its June 28, 2004 order so that the CCC may complete its review, hold hearings, and reach a decision on whether

to object or concur with the consistency determinations until August 12, 2005.

In addition, I have been informed by the Minerals Management Service in a letter (attached), that Governor Arnold Schwarzenegger has requested that the Secretary of the Interior provide the CCC an extension of time until August 12, 2005 to complete its review of the consistency determinations. As the attached letter states, while MMS believes that it "would be appropriate for the MMS to grant the requested extension of time" pursuant to administrative regulations, MMS believes that your initial inquiry asking for the federal defendants' consent to a judicial motion for extension of the court-ordered timetable casts sufficient doubt as to MMS' legal authority to grant an extension administratively that would contravene the court-ordered timetable, such that an extension should be obtained directly from the Court. As the letter also states, MMS has no objection to California's seeking that relief from the Court. If the Court grants the extension until August 12, 2005, MMS has informed me and authorized me to state that MMS will not act on the requests for lease suspensions, to which the consistency determinations relate, until after August 12, 2005.

Sincerely,

Edward S. Geldermann

Edward S. "Jay" Geldermann

cc: Steven Rosenbaum, Esq. w/ attachment (by FAX)



003/005

05/12/2005 16:49 FAX

# Exhibit 120

COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

STEVEN J. ROSENBAUM
TEL 202.662.5568
FAX 202.778.5568
SROSENBAUM@COV.COM

May 13, 2005

BY REGULAR MAIL AND FACSIMILE: (619) 645-2012

Jamee Jordan Patterson, Esq.
Office of the Attorney General
State of California
110 West A St., Suite 1100
San Diego, CA 92101

Re: *California v. Norton*

Dear Ms. Patterson:

Subsequent to sending you our letter of May 12, 2005, we received by fax copies of Mr. Geldermann's May 12, 2005 letter to you, as well as Mr. Readinger's May 12, 2005 letter to Mr. Geldermann. Those letters make clear that the U.S. Department of Justice interprets the July 7, 2005 deadline in the "Timeline Chart" that appears as Attachment A to the Federal Defendants' June 4, 2004 Report to the Court, which the U.S. Department of Justice itself proposed, as applying to the date by which the State would set forth its views regarding those consistency determinations with respect to the suspension requests.

While the lessees have always contended that MMS should have taken steps to issue those suspensions years ago, that is beyond the scope of the question at hand, which is the State's request for an extension until August 12, 2005, of the deadline for the State to report its position to MMS regarding the consistency determinations. As we have noted in our previous letters, the applicable MMS regulations grant MMS the ability to extend the deadline for the State to report its position to MMS, *see* 15 C.F.R. § 930.41(b), but that is a decision for MMS to make, not the operators, and we see no prospect that Judge Wilken would overrule MMS on this matter. Accordingly, the operator lessees do not believe they are in position to oppose such an extension, and will not do so.

Sincerely,

[signature]

Steven J. Rosenbaum

DC: 1796768-4

cc: Edward S. Geldermann, Esq. (via facsimile)
Counsel for Defendant

# Exhibit 121

BILL LOCKYER
Attorney General of the State of California
J. MATTHEW RODRIQUEZ
Senior Assistant Attorney General
JAMEE JORDAN PATTERSON, State Bar No. 100967
Supervising Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2023
Fax: (619) 645-2012
Email: Jamee.Patterson@doj.ca.gov

Attorneys for Plaintiffs Arnold Schwarzenegger, Bill Lockyer and California Coastal Commission

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA et al.,**<br>Plaintiffs,<br>v.<br>**NORTON et al.,**<br>Defendants. | CASE NO. C99-4969 CW<br>**PLAINTIFFS' REQUEST FOR EXTENSION OF TIME TO COMPLY WITH JUDGMENT; DECLARATION IN SUPPORT THEREOF**<br>Hearing: N/A<br>Time: N/A<br>Courtroom: 2<br>Judge: The Honorable Claudia Wilken |

Plaintiffs Governor Arnold Schwarzenegger, Attorney General Bill Lockyer and California Coastal Commission request that the Court slightly modify the time table for the Commission's action regarding the Court's final judgment. Specifically, the Commission requests that it have until August 12, 2005 to review and act on the consistency determinations submitted by the Minerals Management Service pursuant to this Court's order. The Federal Defendants, including MMS, and the Intervenor Oil Companies do not oppose the Commission's request for additional time. (Declaration of Jamee Jordan Patterson in Support of Request.)

This case involves plaintiffs' challenge to actions of the MMS with regard to the suspension of 36 undeveloped oil and gas leases on the Outer Continental Shelf off the central coast of California. On June 2001 this Court entered final judgment ordering MMS to submit consistency determinations to the Commission pursuant to the Coastal Zone Management Act and further explain MMS's compliance with the National Environmental Policy Act. The Court's judgment was affirmed by the Ninth Circuit Court of Appeals.

On remand from the Ninth Circuit, the parties briefed the question of MMS's compliance with the Court's judgment. On June 28, 2004, this Court entered an "Order Adopting Federal Defendants' Proposed Timetable" for MMS to complete the analyses required by the Court's June 2, 2001 Judgment. Order and Timeline, attached. MMS had included in that timetable the following statement: "CCC Public Hearing and Decisions 7/7/2005," implying that the Commission would conduct a public hearing and render a decision by July 7, 2005. The Commission has received the consistency determinations from MMS and has requested additional information necessary to review those determinations. The Commission can only act at a public meeting and currently has meetings scheduled for June 7-10, July 13-15 and August 10-12, 2005. The Commission requires additional time to review the consistency determinations submitted by MMS. The Commission has requested that MMS and the oil companies agree to extend the time contemplated under this Court's order until August 12, 2005, the last day of the Commission's August 2005 meeting. While the Commission believes that it should not be bound by an order directing MMS to comply with the judgment against MMS, MMS did include a time frame for Commission action so the Commission submits this request out of an abundance of caution.

On May 9, 2005 Supervising Deputy Attorney General Jamee Jordan Patterson spoke with Edward S. Geldermann counsel for MMS. Mr. Geldermann advised Ms. Patterson that MMS does not oppose or object to the Commission requesting additional time from the Court. See, Declaration of Jamee Jordan Patterson accompanying this request. Mr. Geldermann confirmed this in letters from USDOJ and MMS on May 12, 2005. Declaration of Jamee Jordan Patterson, Exhibits A and B. Ms. Patterson discussed the Commission's request with Steven J.

Rosenbaum, counsel for the oil companies. Mr. Rosenbaum later advised Ms. Patterson in a letter dated May 13, 2005 that the oil companies do not oppose the Commission's request for additional time. Declaration of Jamee Jordan Patterson, Exhibit C.

The Commission requests that the Court modify the time in which the Commission is expected to act on MMS's lease suspension to allow the Commission until August 12, 2005 for its review and decision. MMS has agreed that, if the Court grants this request, MMS will not act on the lease suspensions until after August 12, 2005. Declaration of Jamee Jordan Patterson, Exhibit A.

Dated: May 13, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

J. MATTHEW RODRIQUEZ
Senior Assistant Attorney General

Jamee Jordan Patterson

JAMEE JORDAN PATTERSON
Supervising Deputy Attorney General
Attorneys for Plaintiffs

70021510.wpd

# Exhibit 122

ORIGINAL FILED
MAY 17 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

RECEIVED
MAY 16 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA et al.,**<br>Plaintiffs,<br>v.<br>**NORTON et al.,**<br>Defendants. | CASE NO. C99-4969 CW<br>**ORDER GRANTING PLAINTIFFS' REQUEST FOR EXTENSION OF TIME TO COMPLY WITH JUDGMENT**<br>Hearing: N/A<br>Time: N/A<br>Courtroom: 2<br>Judge: The Honorable Claudia Wilken |

The Court, having considered the request by Governor Arnold Schwarzenegger, Attorney General Bill Lockyer and the California Coastal Commission and noting that the Federal Defendants and Intervenor Oil Companies do not object to that request, hereby grants the request for additional time to comply with this Court's June 2001 judgment. The Commission shall have up to and including August 12, 2005 to review and act upon the consistency determinations submitted by the Minerals Management Service to the Commission.

IT IS SO ORDERED.

Dated: MAY 1 2005

CLAUDIA WILKEN

CLAUDIA WILKEN
United States District Court

70021574.wpd