IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al., Plaintiffs, THE UNITED STATES, Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Eric G. Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | |

**DEFENDANT'S STATUS REPORT**

Defendant, the United States, respectfully submits this status report regarding parallel administrative proceedings in *Samedan Oil Corp. v. Minerals Mgmt. Serv.*, IBLA 2000-142, and *Aera Energy LLC v. Minerals Mgmt. Serv.*, IBLA 2000-144, which could have a material effect upon this litigation. In those administrative proceedings, two of the plaintiffs in this litigation,

Aera Energy LLC ("Aera") and Samedan Oil Corp. ("Samedan"), are challenging the exclusion of four leases, OCS-P-0420, 0424, 0429, and 0462 (the "IBLA leases"), from the units of which the leases previously were a part, and the consequent expiration of those leases. Plaintiffs here claim the IBLA leases to be part of this litigation. Beginning on May 16, 2005, an administrative law judge of the Department of the Interior ("Interior") Board of Land Appeals has been conducting an evidentiary hearing regarding the IBLA leases.

Because plaintiffs insist that the IBLA leases are part of this litigation, the testimony adduced at that evidentiary hearing could have a direct and important effect upon this litigation. Indeed, as we explain below, we understand that plaintiffs' principal declarant in this action, Ronald G. Heck, has made material admissions at the IBLA evidentiary hearing that are against the interest of plaintiffs in this action. When and if we obtain access to this testimony, which is currently subject to an order making the record of those proceedings confidential, we intend to file a motion seeking leave to file a supplemental brief pursuant to RCFC 15(d).

## BACKGROUND

In their most recent supplemental brief of May 25, 2005, plaintiffs continue to employ the "red light/green light" description of the directed suspensions issued pursuant to judicial decree in *California v. Norton*, No. C 99-4964 CW (N.D. Cal.). Plaintiffs' new supplemental brief dated May 25 also attaches another declaration of Mr. Heck.

In our supplemental brief filed on March 18, 2005 pursuant to the Court's March 9, 2005 order, we demonstrated that even assuming, for argument's sake, that plaintiffs have successfully defended against our motion to dismiss, the Government would still be entitled to judgment as a matter of law upon plaintiffs' claims regarding Leases OCS-P 0396, 0397, 0402, 0403, 0408,

0414, 0409, 0425, 0430, 0431, 0433, 0434, 0443, 0445, 0446, 0449, 0499, 0500, 0452, 0453, 0319, 0320, 0322, 0323A, 0210, and 0527. We established that plaintiffs failed to prove that these specific leases, which comprise a majority of the nine units plus one stand-alone lease at issue, were materially affected by the setting aside of certain lease suspensions granted in 1999 and the subsequent issuing of directed suspensions pursuant to judicial decree in *California v. Norton*.

This is so because the directed suspensions have not prohibited plaintiffs from conducting any of the activities that they proposed for these specific leases during the period for which they requested suspensions. They could have undertaken all of those activities while the directed suspensions have been in force. Thus, none of these leases has been affected by the directed suspensions in any meaningful way.

Plaintiffs' only response to our demonstration that there has not been a "four-year-delay" due to the consistency review process is to imply that the spudding of a well is an activity within the scope of a suspension. *E.g.*, Pl. Supp. Br. (Mar. 28, 2005) at 2 (chart). This is plainly contrary to the applicable regulation, 30 C.F.R. § 250.170(b) and (c), under which the spudding of a well is an operation that ends the suspension, because that event either commences the suspended operation or commences production (depending upon whether a suspension is a suspension of operations or a suspension of production). Thus, a lessee must be ready to spud a well by the end of the suspension period, as the suspensions originally granted in 1999 provided, or, if the lessee spuds a well before the end of a granted suspension period, the spudding of the well ends the suspension. With no analysis or supporting authority, plaintiffs attempt to

summarily dismiss this principle as "simply irrelevant" and "purely technical." Pl. Supp. Br. at 3 & n.6.

For the leases specified above, the spudding of wells is the activity that the current directed suspensions issued pursuant to judicial decree prohibit. But all the other activities that the lessees proposed to undertake for these leases during the suspension periods they requested are not prohibited by the directed suspension. Plaintiffs have been free to perform them throughout the pendency of the current directed suspension that has been in place since mid-2001. Indeed, plaintiffs have had *more* time under the directed suspension than they had requested in 1999, yet have not conducted any of the suspension activities necessary to be conducted prior to spudding a well.

In effect, by electing not to conduct the permissible activities proposed in the November 1999 suspensions during the period of directed suspensions, plaintiffs have opted into the current consistency review imposed by *California v. Norton*. For this election, and the allegedly resultant "four year delay," plaintiffs have only themselves to blame. Consequently, it would be unjust to call the alleged breach "material" for those leases. *See, generally, Mobil Oil Explor'n & Prod'g S.E. , Inc. v. United States*, 530 U.S. 604, 608 (2000) (a breach will be deemed material only if it "so substantially impairs the value of the contract" that it is just to permit the non-breaching party to withhold all future performance); *see also Hansen Bancorp, Inc. v. United States*, 367 F.3d 1297, 1311-12 (Fed. Cir. 2004) (adopting criteria of material breach set forth in Restatement (Second) of Contracts § 243(4)).

In their latest supplemental brief dated May 25, plaintiffs continue to argue that the leases specified in our supplemental brief and specified again above were, in fact, affected by the directed suspensions. As support, plaintiffs filed another declaration of Ronald G. Heck.

**STATUS REPORT**

Currently, an administrative law judge is conducting an evidentiary hearing in *Samedan Oil Corp. v. Minerals Mgmt. Serv.*, IBLA 2000-142, and *Aera Energy LLC v. Minerals Mgmt. Serv.*, IBLA 2000-144, regarding the IBLA leases. Because plaintiffs insist that the IBLA leases are part of this action, the testimony at this evidentiary hearing could have a material effect upon this litigation.

On April 11, 2005, Samedan and Aera filed with the administrative law judge a motion for the entry of an order of confidentiality with respect to this evidentiary hearing. Ex. A. Samedan and Aera represented to the administrative law judge that "significant portions" of the testimony at the hearing, as well as exhibits used at the hearing, "will contain commercial and financial information that is privileged and confidential and therefore exempt from FOIA under Exemption 4, 5 U.S.C. § 552(b)(4)." *Id.* at 3. They elaborated that "the testimony and exhibits will include detailed technical analyses of the geological structure underlying the leases at issue, the results of well testing, and other highly confidential data developed by [Aera and Samedan] and their predecessors at a very significant cost." *Id.* They concluded that disclosure of this information "could adversely affect" their "financial and competitive position and the normal conduct of their business operations." *Id.*

On May 10, 2005, the administrative law judge granted the motion and ordered that "the impending hearing and hearing transcript and exhibits are deemed, and shall be kept,

confidential pursuant to 43 C.F.R. § 4.31(a) and shall not be disclosed pursuant to FOIA or otherwise." Ex. B.

The evidentiary hearing regarding the IBLA leases commenced last month. We understand that plaintiffs' principal declarant in this action, Mr. Heck, made material admissions at the May evidentiary hearing that are against the interest of plaintiffs in this action. We further understand that the testimony containing these admissions does not involve any of the confidential types of material upon which Samedan and Aera based their request for a confidentiality order.

Because of the potentially critical effect that Mr. Heck's testimony could have upon this action, Interior will be requesting permission from the administrative law judge to release only the pertinent testimony, which is now subject to the confidentiality order entered by the administrative law judge. When and if the administrative law judge grants the agency's request and we obtain access to this testimony, we intend to file a motion for leave to file a supplemental brief pursuant to RCFC 15(d) as soon as practicable.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director
STEPHEN C. TOSINI
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-8640

June 13, 2005

Attorneys for Defendant

# EXHIBIT A

COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

JEREMY D. KERNODLE
TEL 202.662.5414
FAX 202.778.5414
JKERNODLE@COV.COM

April 11, 2005

**BY FEDERAL EXPRESS AND FACSIMILE**

Office of Hearings & Appeals
Hearings Division
U.S. Department of the Interior
139 East South Temple
Suite 600
Salt Lake City, Utah 84138
Telephone: 801-524-5344
Facsimile: 801-524-5539

Re: Samedan Oil Corp. (IBLA 2000-142), Aera Energy LLC, (IBLA 2000-144)

To Whom It May Concern:

Please find enclosed an original for filing in the above-referenced matters the Petitioners' Motion For The Entry Of An Order Of Confidentiality With Respect To The May 16, 2005 Hearing, The Hearing Exhibits, And The Hearing Transcript, as well as the attached Proposed Order.

Sincerely yours,

Jeremy D. Kernodle

Enclosure

cc: Barry Crowell, Esq.
Rodney J. Vieira, Esq.
Triscilla Taylor, Esq.

UNITED STATES DEPARTMENT OF THE INTERIOR
OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF LAND APPEALS

| | | |
|---|---|---|
| SAMEDAN OIL CORP., AERA ENERGY LLC. | ) ) ) ) | IBLA 2000-142, 2000-144 |

**MOTION FOR THE ENTRY OF AN ORDER OF CONFIDENTIALITY WITH RESPECT TO THE MAY 16, 2005 HEARING, THE HEARING EXHIBITS, AND THE HEARING TRANSCRIPT**

Petitioners Samedan Oil Corp. and Aera Energy LLC request the issuance of an order that the May 16, 2005 Hearing, the transcripts of the Hearing, and the parties' exhibits submitted in connection therewith be deemed and kept confidential pursuant to 43 C.F.R. § 4.31(a).

The Interior Board of Land Appeals previously entered an order directing the parties to keep confidential materials submitted to the Board in this matter. Petitioner Aera Energy had filed a motion on April 21, 2000, requesting that its Statement of Reasons and the exhibits attached thereto be considered "privileged and confidential" and "exempt from the public-access provisions of the Freedom of Information Act [FOIA], 5 U.S.C. § 552(b)(4)." Petitioner Samedan Oil Company by motion dated June 21, 2000 had done the same.

On May 2, 2000, the IBLA granted Aera's motion, ordering that the "disclosure of those documents shall be limited to MMS"; that "MMS is directed not to use or disclose the commercial and financial information contained therein, except in the context of this appeal";

and that "to the extent MMS references such materials in any filing with this Board, MMS shall keep such filings confidential."[1]

As was the case with respect to the Statements of Reasons and their exhibits, significant portions of the testimony at the May 16, 2005 Hearing, as well as the exhibits used at the Hearing, will contain commercial and financial information that is privileged and confidential and therefore exempt from FOIA under Exemption 4, 5 U.S.C. § 552(b)(4). Specifically, the testimony and exhibits will include detailed technical analyses of the geological structure underlying the leases at issue, the results of well testing, and other highly confidential data developed by Petitioners and their predecessors at very significant cost. Such information, if disclosed, could adversely affect Petitioners' financial and competitive position and the normal conduct of their business operations.

Moreover, Exemption 9, 5 U.S.C. § 552(b)(9), further protects the testimony and exhibits from disclosure because they will contain "geological and geophysical information and data, including maps, concerning wells," 5 U.S.C. § 552(b)(9).

Therefore, Petitioners request that an order be issued requiring that the Hearing, the Hearing exhibits, and the Hearing transcript be kept confidential. A proposed order is attached.

---

[1] It is unclear from the pleadings file whether formal action was taken on the Samedan motion, but Petitioners are confident that the same principles applied to it as to the Aera motion.

Respectfully submitted,

[signature]

Steven J. Rosenbaum
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Ave., NW
Washington, D.C. 20004-2401
(202) 662-5568
(202) 778-5568 (fax)

*Attorneys for Petitioners*

April 11, 2005

**UNITED STATES DEPARTMENT OF THE INTERIOR**
**OFFICE OF HEARINGS AND APPEALS**
**INTERIOR BOARD OF LAND APPEALS**

| | | |
|---|---|---|
| | ) | **IBLA 2000-142, 2000-144** |
| **SAMEDAN OIL CORP.,** | ) | |
| **AERA ENERGY LLC.** | ) | |
| | ) | |

**PROPOSED ORDER**

On April 11, 2005, Petitioners Samedan Oil Corp. and Aera Energy LLC filed a motion for the issuance of an order that the May 16, 2005 Hearing, the Hearing exhibits, and the Hearing transcript be kept confidential because they are exempt from the public-access provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4) and § 552(b)(9).

I hereby grant that motion and order that the May 16, 2005 Hearing, the Hearing exhibits, and the Hearing transcript be kept confidential, and that they not be disclosed pursuant to FOIA or otherwise.

________________
Date

________________
Harvey C. Sweitzer
Administrative Law Judge

**Certificate of Service**

I certify that on this 11th day of April 2005, I have caused to be filed with the Office of Hearings & Appeals, Hearings Division, U.S. Department of the Interior, Salt Lake City, and served on the parties and counsel the foregoing Motion For The Entry Of An Order Of Confidentiality With Respect To The May 16, 2005 Hearing, The Hearing Exhibits, And The Hearing Transcript, as well as the attached Proposed Order, as specified below:

Office of Hearings & Appeals
Hearings Division
U.S. Department of the Interior
139 East South Temple
Suite 600
Salt Lake City, Utah 84138
Telephone: 801-524-5344
Facsimile: 801-524-5539

*Via Facsimile and United States Federal Express*

Barry Crowell
Rodney J. Vieira
Triscilla Taylor
Office of the Solicitor
Division of Mineral Resources
Mail Stop 6312
1849 C Street, N.W., Room 6312
Washington, D.C. 20240
Facsimile: (202) 208-1505

*Via Facsimile and United States First Class Mail, Certified, Return-Receipt Requested*

Jeremy D. Kernodle
COVINGTON & BURLING
1201 Pennsylvania Ave., NW
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568

# EXHIBIT B

United States Department of the Interior
OFFICE OF HEARINGS AND APPEALS
Hearings Division
139 East South Temple, Suite 600
Salt Lake City, Utah 84111
TELEPHONE (801) 524-5344
FAX: (801) 524-5539

May 10, 2005

**ORDER**

| | | |
|---|---|---|
| SAMEDAN OIL CORPORATION, Petitioner v. MINERALS MANAGEMENT SERVICE, Respondent | : | IBLA 2000-142<br>Appeal from an August 13, 1999, decision of the Minerals Management Service terminating Lease OCS-P-0462. |
| AERA ENERGY LLC, Petitioner v. MINERALS MANAGEMENT SERVICE, Respondent | : | IBLA 2000-144<br>Appeal from an August 13, 1999, decision of the Minerals Management Service terminating Lease OCS-P 420, 424 and 429. |

Motion Regarding Confidentiality Granted

On April 11, 2005, Petitioners filed a motion for entry of an order of confidentiality regarding the impending hearing and hearing transcripts and exhibits because they are exempt from the public-access provisions of the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(4) and (b)(9). The deadline for responding to that motion has passed and Respondent has not filed a response. For good cause shown, Petitioners' motion is hereby granted in that the impending hearing and hearing transcript and exhibits are deemed, and shall be kept, confidential pursuant to 43 C.F.R. § 4.31(a) and shall not be disclosed pursuant to FOIA or otherwise.

Harvey C. Sweitzer
Administrative Law Judge

IBLA 2000-142, 2000-144

Distributed
By Facsimile and First Class Mail:

Steven J. Rosenbaum, Esq.
Thomas J. Cosgrove, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Fax: (202) 778-5568

Barry Crowell, Esq.
Rodney J. Vieira, Esq.
Triscilla Taylor, Esq.
Office of the Solicitor
Division of Mineral Resources
1849 C Street, NW, MS 6312
Washington, D.C. 20240
Fax: (202) 219-1789