**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,* v. | |
| THE UNITED STATES, | No. 02-30C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,* v. | |
| THE UNITED STATES, | No. 04-1822C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* v. | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL AUTHORITY**

Notwithstanding this Court's admonition that no further filings be made without leave, the Government has filed yet another supplemental brief, seeking to bring to this Court's attention a Federal Circuit decision having no bearing on this case, and then using the opportunity to advance arguments having no relevance to that decision.

In *Indiana Michigan Power Co. v. United States,* _ F.3d _, No. 04-5122, slip op. (Fed. Cir. Sept. 9, 2005), the court held that the plaintiff electric utility had not made out a claim for anticipatory repudiation giving rise to total breach, first because the utility had never asserted such a claim, and second because it could not do so. Slip op. at 5-6. The utility could not do so because a finding of total breach would have relieved the United States of its obligation to fulfill

its remaining contractual obligations to dispose of spent nuclear fuel. But the utility was required by law to have procured such a contract, and the United States is by law the only entity that can provide spent nuclear collection and disposal services. *Id.* Hence, the utility understandably only asserted a claim for partial breach.

By contrast, the Lessees here have explicitly asserted a claim for material, total breach. *See, e.g.*, First Amended Complaint ¶ 4 (referring to "the Government's material breach of the Leases"); Mem. in Support of Pl. Motion for Sum. Judgment at 1 ("[t]he Government has materially breached the Leases…"); Pl. Reply Brief in Support of Pl. Motion for Sum. Judgment at 4 (referring to the Lessees' "'total breach' claims"). *Indiana Michigan Power* thus has no bearing on this case.

The Government then repeats its previously-stated argument that the Lessees cannot claim total breach because they did not immediately treat the enactment of the 1990 amendments as a total breach. (Mot. 3). But this position simply ignores the *Mobil Oil* decision rejecting that same argument,[1] as well as black letter law that an anticipatory repudiation "give[s] the promisee the right of electing either to. . .wait [to sue] till the time for [the promisor's] performance has arrived, or to act upon [the renunciation] and treat it as a final assertion by the promisor that he is no longer bound by the contract." *Franconia Associates v. United States*, 536 U.S. 129, 143 (2002) (ellipses in original), quoting *Roehm v. Horst*, 178 U.S. 1, 13 (1900).[2]

---

1 *See., e.g.*, Reply Br. in Support of Pl. Motion for Sum. Judgment at 5-6.

2 Thus, in *Franconia*, where the congressional act "conveyed an announcement by the Government that it would not perform as represented in the promissory notes if and when, at some point in the future, petitioners attempted to prepay their mortgages," the *Franconia* plaintiffs were free to "await performance," and "the cause of action accrue[d], and the statute of limitations commence[d] to run, from the time fixed for performance rather than from the earlier date of repudiation." 526 U.S. at 143-44 (quotations omitted).

The Government's final contention, that it is relieved of its breach due to the absence of a specific regulatory deadline for taking action on suspension requests, also has nothing to do with *Indiana Michigan Power*, and in any event has been fully refuted in the Lessees' prior pleadings.[3]

**CONCLUSION**

The Government has failed to show good cause for leave to file its notice, and in any event, the arguments advanced in the Government's filing do not affect the Lessees' entitlement to the partial summary judgment they have sought.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
Tel. (202) 662-5568
Fax. (202) 778-5568

Counsel for All Plaintiffs in
No. 02-30C and No. 04-1822C

September 14, 2005

[3] *See, e.g.*, Pl. Reply Brief in Support of Motion for Sum. Judgment at 12-14.