# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,* v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,* v. | |
| | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ***************************************** | |

**PLAINTIFFS' MOTION TO STRIKE THE GOVERNMENT'S "ADDITIONAL STATEMENT" CONTAINED IN THE DECEMBER 20, 2005 JOINT STATUS REPORT**

Plaintiff Lessees submit this motion to strike the Government's "additional statement" contained in the December 20, 2005 Joint Status Report. The Government improperly seeks through this statement to set the stage for re-litigating the amount of restitutionary damages to which the Lessees are entitled. But the amount of restitutionary damages owed to the Lessees was definitively resolved by this Court's November 15, 2005 opinion (re-issued November 17, 2005). The Government's effort accordingly should be rejected.

**BACKGROUND**

On August 31, 2004, the Lessees moved for summary judgment as to liability and for partial summary judgment with respect to their claim for damages. In their supporting memorandum, the Lessees contended that the Government had breached the OCS leases. (Pl. Mem. 20 - 31). The Lessees further contended that this breach entitled them to receive in restitution the lease bonuses paid to the Government for the 36 leases at issue in their motion. (*Id*. at 32 - 38).

In their memorandum and supporting sworn declaration, the Lessees quantified the exact amount of restitution to which they are entitled. (Pl. Mem. 2 n.1). The Lessees also noted that, although the case law provided that restitutionary damages could theoretically be offset by the amount of any tangible benefits received by the Lessees, no such offset is applicable here because no such benefit had been received. (Pl. Mem. 34). For example, the Lessees established through an accompanying sworn declaration that no oil or gas has ever been produced from any of the lawsuit leases. (Declaration of Ronald Heck ¶ 22).

The Lessees accordingly sought "summary judgment as to liability" and "partial summary judgment as to [the] undisputed amount of damages." (Pl. Mem. 39).

In its opposition brief filed October 15, 2004, the Government disputed both liability and damages, and specifically argued, *inter alia*, that restitution was inappropriate because of alleged benefits that the Government had conferred on the Lessees. As argued by the Government, "[t]he benefit plaintiffs received in this case is the exercise of exploration rights upon the leases over a number of decades. In the course of this exploration, plaintiffs and their predecessors used up much of the value of the leases' exploration rights." (Gov. Opp. 63).

In granting the Lessees' summary judgment motion, this Court found that the Government had materially breached the OCS leases, and that the Government was liable for restitutionary damages. In so doing, the Court rejected the Government's contention that alleged "benefits conferred" could be a barrier to summary judgment, and ruled as a matter of law that the Lessees are entitled to the return of the lease bonuses in a sum-certain:

> "For the foregoing reasons, we grant both plaintiffs' motion for summary judgment as to liability and their motion for partial summary judgment as to damages. Defendant's motion to dismiss and alternative motion for summary judgment are denied. Plaintiffs are entitled to the return of $1,104,227,348 in damages as restitution for the bonus payments made for the breached leases."

(November 17, 2005 Opinion at 42; *see also id.* at 37 n. 43 (addressing the Government's position that the leases had been reduced in value by the lessees' exploratory drilling)).

The Court explicitly found that there exists no "genuine issue for trial" pertaining to the Lessees' collective entitlement to the $1,104,227,348 paid in bonuses for the 36 leases at issue in the summary judgment motion. *Id.* at 37 n. 42.

The Court directed that the parties file a joint status report stipulating "to each plaintiff's share of damages on the assumption that this opinion is correct." *Id.* at 42. The parties filed the requested report on December 20, 2005, but not without controversy. Just hours before the filing deadline, the Government insisted on the inclusion of an "additional statement" beyond

the information that had been requested by the Court. According to the Government's "additional statement":

> "The United States notes, however, that assuming the correctness of the Court's re-issued November 17, 2005 opinion, each of the amounts listed above is to be reduced to account for all benefits received by the plaintiffs and their predecessors-in-interest throughout the performance of each of the leases rescinded by the Court's order, as well as all benefits that plaintiffs and their predecessors-in-interest have received as a result of their interests in the now-rescinded leases. The amount of benefit chargeable to each plaintiff shall be established at trial, following discovery."

Joint Status Report at pp. 2 - 3 (Dec. 20, 2005).

The Lessees stated their vociferous objection to this additional statement. *Id*. at 3.

**ARGUMENT**

The Government's "additional statement" is a blatant attempt improperly to re-litigate matters already decided by this Court. The Court has already established the absence of any disputed material facts pertaining to the Lessees' entitlement to the return of the bonus payments, holding that the Lessees are "entitled to the return of $1,104,227,348 in damages as restitution for the bonus payments made for the breached leases." (November 17, 2005 Opinion at 42). With respect to the Lessees' restitutionary damages claim, there is nothing left to be "established at trial, following discovery."

The Government was obligated in response to the Lessees' summary judgment motion to present "by affidavits or as otherwise provided in this rule . . . specific facts showing that there is a genuine issue for trial." RCFC 56(e). "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Enzo Biochem, Inc. v. Gen-Probe Inc.*, 424 F.3d 1276, 1284 (Fed. Cir. 2005), *quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *accord, e.g.*, *Crater Corp. v. Lucent Technologies, Inc.*, 255 F.3d 1361, 1366 (Fed. Cir. 2001). "[T]he

nonmovant in a summary judgment proceeding [must] proffer countering evidence sufficient to create a genuine factual dispute." *Octocom Sys., Inc. v. Houston Computer Servs., Inc.*, 918 F.2d 937, 940 (Fed. Cir 1990). The Government here accordingly cannot present new facts now, after summary judgment has been granted.

Nor can the Government advance any new variant of its "benefits conferred" argument. Arguments not raised in response to a motion for summary judgment are waived. *Pandrol USA, LP v. Airboss Ry Prods., Inc.*, 320 F.3d 1354, 1366-67 (Fed. Cir. 2003). In *Pandrol USA*, the Federal Circuit affirmed the lower court's ruling that defendants were not entitled to trial on an issue never raised in opposition to plaintiffs' motion for summary judgment. *Id.* "Just as 'an affirmative defense must be raised in response to a summary judgment motion, or it is waived' . . . so also the defendants' argument[] . . . was waived when it was not raised in response to the motion for summary judgment." *Id.*, *quoting Diversey Lever, Inc., v. Ecolab, Inc.,* 191 F.3d 1350, 1353 (Fed. Cir. 1999). As in *Pandrol USA*, any new arguments by the Government going to the amount of restitutionary damages owed to the Lessees have been waived.

The Government's "additional statement" is particularly inappropriate given that the precise issue it now raises was already addressed in the prior summary judgment briefing. As stated in the Lessees' opening brief, "[t]he return to the Lessees of the bonuses paid to the Government is, theoretically, subject to an offset for any tangible benefits conferred by the Government on the Lessees . . . [but] there has been no oil or gas production on any of the lawsuit leases, and as in *Mobil Oil*, there is nothing to offset here." (Pl. Mem. 34). The Government did *not dispute* that fact, but argued a different "benefit conferred," based on the claim that the "exploration rights" that had been conferred on the Lessees had been "used up"

and could thus not be returned. (Gov. Opp. 63). The Court in footnote 43 of its Opinion disposed of the Government's argument on this point.

There is simply no basis in the law for the Government to seek to challenge now a claim resolved by the Court's summary judgment ruling. The Government's "additional statement" should accordingly be stricken.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568

January 4, 2006

Attorneys for All Plaintiffs in Nos. 02-30C
and 04-1822C