**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

*****************************************

| | |
|---|---|
| AMBER RESOURCES COMPANY,<br>*et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| ANADARKO E & P COMPANY L.P.,<br>*et. al.*, | |
| *Plaintiffs,*<br><br>v. | |
| | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ***************************************** | |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

Pursuant to Section III of Appendix A to the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully submit the following joint preliminary status report. In those instances in which the parties' views differ, they have set forth their respective views separately. References to "plaintiffs" refer to all plaintiffs in all three consolidated cases, except in those instances in which plaintiff Nycal has set forth its view separately.

**a. Does the Court have jurisdiction over the action?**

**Plaintiffs:** This Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491.

**Defendant:** Defendant is currently unaware of any basis upon which to challenge the Court's jurisdiction.

**b. Should the case be consolidated with any other case?**

The parties agree that these three consolidated cases should not be consolidated with any other pending case.

**c. Should the trial of liability and damages be bifurcated?**

Liability issues were resolved by the Court's November 15, 2005 decision (re-issued November 17, 2005). Accordingly, there will not be a trial on liability during this stage of the proceedings.

**d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?**

There is no reason to defer further proceedings in this case with respect to plaintiffs' remaining claims for thirty-six of the forty lawsuit leases. Plaintiffs' claims with respect to four leases (Leases OCS-P 0420, 0424, 0429 and 0462) should be deferred pending resolution of the lessees' administrative challenges to the August 1999 decisions of the Mineral Management Service (MMS) to exclude those leases from their units, resulting in their

termination. As the parties have previously informed the Court, the Interior Board of Land Appeals in September 2004 referred that administrative challenge to an Administrative Law Judge for an evidentiary hearing. That hearing was held in May and June 2005, and post hearing briefing was completed on December 21, 2005.

**e. Will a remand or suspension be sought?**

Neither remand nor suspension will be sought.

**f. Will additional parties be joined?**

No.

**g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?**

The parties do not know at this juncture whether they will be filing dispositive motions with respect to the remaining issues in the litigation. They propose that the parties be allowed to file dispositive motions at any time prior to this proposed deadline.

**Plaintiffs:** Plaintiffs propose that the deadline for filing any such motions be May 1, 2006.

**Defendant:** Defendant proposes that the deadline for filing any such motions be July 1, 2007.

**h. What are the relevant factual and legal issues?**

**Plaintiffs:** The Court's November 17, 2005 decision resolved a number of issues in the case, including liability and plaintiffs' damages claim for restitution of the lease bonuses for thirty-six leases. Leaving aside the issues relating to the four leases described in paragraph (d) above, the remaining issues currently identified by the parties are as follows: Whether, in addition to their claim for restitution damages, plaintiffs are entitled to recover reliance damages; or alternatively, whether plaintiffs are entitled to recover expectation damages;

and if plaintiffs are entitled to recover reliance or expectation damages, the amount of damages to be awarded plaintiffs.

Contrary to the Government's assertions below, and as discussed in greater detail in plaintiffs' pending January 6, 2006 Motion to Strike, the Court's November 17, 2005 decision resolved *all* issues relating to plaintiffs' claim for restitution, including their entitlement to "the return of $1,104,227,348 in damages as restitution for the bonus payments made for the breached leases." (November 17, 2005 Opinion at 42). The question whether plaintiffs had received any offsetting benefits was raised by the Government, addressed by the Court, and resolved in favor of plaintiffs. With respect to plaintiffs' restitutionary damages claim, there are no remaining legal or factual issues.

In addition, contrary to the Government's assertion below, the doctrine of election of remedies does not bar plaintiffs from pursuing a claim for expectation damages in addition to their claims for restitution and reliance damages. While plaintiffs may not as a matter of law recover expectation damages in addition to restitution and reliance damages, they are as a matter of law permitted to pursue expectation damages as an alternative theory and recover under that theory if it provides a greater recovery than restitution and reliance damages. That being said, all plaintiffs other than Nycal represent that they will waive their claim for expectation damages if they are granted their claim for reliance damages, in addition to the damages they have already been granted for restitution of the lease bonuses. *See* Section(j) below.

Finally, contrary to the Government's assertion below, the Court's November 17, 2005 decision did not "order[] the rescission of the leases." The Court found that the leases are subject to rescission, based on its finding of material breach, a finding that the Government continues to dispute and presumably intends to do on appeal. The plaintiffs will tender the leases back to the Government, in conjunction with plaintiffs' receipt of their damages.

**Defendant:** On November 15, 2005, the Court held that plaintiffs had demonstrated a material breach of 36 leases and ordered the rescission of the leases. The Court further held that there was no material dispute as to the amount of the bonus payments received by the Government for the 36 leases at issue. The Court further held that plaintiffs were entitled to restitution of the amounts paid by their predecessors-in-interest for the 36 leases. The Court did not resolve all claims flowing from the newly-ordered rescission, including plaintiffs' claims for reliance damages and any required restoration of the parties to the *status quo ante*, such as the Government's recoupment of any and all benefits conferred upon plaintiffs and their predecessors-in-interest during the 20 to 30 years of contract performance. Absent any reconsideration or other alteration of the rescission of the 36 leases, plaintiffs' claim for expectancy damages as to each of these leases is strictly precluded under the election of remedies doctrine.

Accordingly, the Court's current task, having ordered rescission of the leases at issue, is to place the parties in the *status quo ante*. The following disputed issues remain:

1. The amount, if any, of reliance damages to which plaintiffs are entitled in order to restore them to the *status quo ante* for the 36 leases rescinded by the Court's November 15, 2005 opinion.

2. The amount of recoupment to which the United States is entitled as a means of restoring the parties to the *status quo ante*, including the full value of any and all benefits plaintiffs and/or their predecessors-in-interest received during the course of contract performance, and the full value of any and all diminution in the value of the leases caused by the actions of plaintiffs and/or their predecessors-in-interest during the course of contract performance.

3. Whether the election of remedies doctrine precludes plaintiffs from recovering alleged amounts expended in exploration and development of the leases in addition to restitution; and whether any recovery of reliance damages by plaintiffs may exceed the amount of plaintiffs' contractual expectancy.

**i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties are assessing all possible options for resolution of this case, including whether settlement would be appropriate.

**j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?**

Subject to any dispositive motions that may be filed, the parties expect the case will proceed to trial. The parties do not request expedited scheduling. The parties request that the trial take place in Washington, D.C.

**Plaintiffs other than Nycal:** All plaintiffs other than Nycal represent that they will waive their claim for expectation damages if they are granted their claim for reliance damages, in addition to the damages they have already been granted for restitution of the lease bonuses. All plaintiffs other than Nycal therefore propose to defer discovery and trial of the expectation damages claim until after the reliance damages claim has been resolved by this Court.

**Plaintiff Nycal:** Nycal agrees with bifurcation and the expedited trial schedule proposed by the other plaintiffs to this action. Nycal, however, wishes to preserve its claim for expectation damages, and does not wish to make an election of remedies until such time as the Court has determined the proper amount of both reliance and expectation damages. In the interest of judicial economy, Nycal would propose that trial proceed in the following manner: (1)

The parties have a joint trial on reliance damages according to the schedule proposed by the other plaintiffs in this action; (2) Either as part of that trial, or immediately thereafter, Nycal would be allowed to also present evidence on the issue of its expectation damages; (3) If necessary, all other plaintiffs except Nycal would conduct discovery and have a separate trial at a later date regarding their expectation damages; (4) Nycal would be allowed to freely conduct discovery on the issue of expectation damages throughout the discovery period. In the alternative, if the above is not acceptable to the Court, Nycal would request a trial on expectation damages as soon as possible after determination of the issue of reliance damages.

**Defendant:** Defendant reserves the right to assert election of remedies defenses in a partial dispositive motion in the future. Rescission restores the parties to the *status quo ante*. Absent reconsideration of the Court's rescission order or reversal on appeal, the election of remedies doctrine bars plaintiffs from recovering expectancy damages, regardless of the Court's determination as to reliance damages. However, defendant agrees with plaintiff Nycal to the very limited extent that plaintiffs' expectancy damages, as well as whether any of the leases would have been performed at a loss, can and must be subject to discovery and trial in order to permit the Court to decide whether plaintiffs' claimed reliance damages are capped by each lease's expectancy, as well as whether plaintiffs would have suffered a loss through performance. As indicated below, however, defendant strongly disagrees with Nycal's highly expedited proposed schedule because fact discovery regarding the contractual expectancy of 36 leases, the forseeability of the expenditures of plaintiffs and their predecessors-in-interest, and the amount of the expenditures of plaintiffs and their predecessors-in-interest, cannot be accomplished in fewer than 18 months, at a minimum.

**k. Are there special issues regarding electronic case management needs?**

No.

**l. Is there any other information of which the Court should be aware at this time?**

**Plaintiffs:** No.

**Defendant:** Defendant will seek partial reconsideration of the Court's rescission of one or more leases based upon newly-obtained evidence indicating that one or more plaintiffs are currently receiving, and will continue to receive, proceeds from adjacent lease holders' exploitation of the resources underlying one or more of the now-rescinded leases.

**Proposed Discovery Plan and Pre-Trial Schedule**

**Plaintiffs other than Nycal:** Consistent with the representations made in paragraph (j) above, this discovery plan and pre-trial schedule set forth below is limited to plaintiffs' claim for reliance damages for the thirty-six leases.

The Government's proposed 18-month period for fact discovery is wildly excessive, particularly given that plaintiffs are not entitled to interest on any of their claims. In September 2003, plaintiffs responded to Government interrogatories and document requests in this case by providing through expert accountants Ernst and Young a detailed accounting of their reliance damages claim, including back-up documentation regarding, for example, the expenditures made on each exploratory well. (Defendant had engaged in this early round of discovery with plaintiffs' consent.) Plaintiffs' proposed schedule for fact discovery through May 1, 2006, provides ample opportunity for the Government to pursue any necessary follow-up fact discovery. Defendant's suggestion below that it must take depositions of sixty companies is fanciful.

Furthermore, as discussed above, the question whether plaintiffs received any offsetting benefits was raised by the Government, addressed by the Court, and resolved in favor

of plaintiffs, in the context of plaintiffs' summary judgment motion. The Government accordingly is not entitled to any discovery on what it terms below the "recoupment" issue.

**Plaintiff Nycal:** Nycal agrees with the discovery schedule proposed by the other plaintiffs, but proposes that discovery would be expanded to cover the issue of Nycal's expectation damages as well.

**Defendant:** Defendant proposes an 18-month period for fact discovery, as opposed to plaintiffs' proposed four-month schedule. Contrary to plaintiffs' assertions, defendant to date has received only very limited, unaudited papers from plaintiffs that pertain only to the surface of plaintiffs' reliance damages claims. Defendant has had no opportunity to conduct any discovery as to the forseeability of these expenditures, nor has it had any opportunity to conduct oral and extensive written fact discovery that would support a forensic accounting analysis. In order to adequately defend the United States against plaintiffs' claims for reliance damages, therefore, defendant must depose each party with an ownership interest in the subject leases and their predecessors-in-interest, of which there are approximately 60. In addition, as noted above, defendant must conduct adequate fact discovery in order to ascertain the expectancy cap that applies to each of the leases for which plaintiffs seek reliance damages, as well as the cap that applies to loss contracts. Defendant, thus, disagrees with plaintiffs' position that discovery needs are limited to reliance damages issues. However, all other discovery regarding the Government's recoupment claim may be conducted concurrently with the minimum discovery period necessary to defend against plaintiffs' reliance damages claims. That is, concurrent with the previously mentioned depositions, defendant also intends to conduct discovery regarding any and all benefits plaintiffs and their predecessors-in-interest received during the course of contract performance, and any and all diminution in the value of the leases

caused by the actions of plaintiffs and their predecessors-in-interest during the course of contract performance.

Pursuant to Section III, paragraph 5 of Appendix A to the RCFC, the parties propose the following discovery plan and pre-trial schedule:

A. Deadline for all parties' initial disclosures required by RCFC 26(a)(1).
January 31, 2006

B. Deadline for the completion of fact discovery regarding plaintiffs' claim for reliance damages. Deadline for dispositive motions. [If plaintiff Nycal's proposed discovery plan is adopted, this deadline would also apply to the completion of fact discovery as to Nycal's claim for expectation damages.]

**Plaintiffs:** May 1, 2006

**Defendant:** July 1, 2007. Defendant requires a minimum of 18 months to conduct fact discovery necessary to defend against plaintiffs' reliance claims.

C. Plaintiffs shall disclose the identity of expert witnesses, if any, that they may call to testify at trial in support of their affirmative case with respect to their claim for reliance damages. Initial reports of such expert witnesses shall also be served by hand delivery on or before this date, and shall conform to the requirements of RCFC 26(a)(2). [If plaintiff Nycal's proposed discovery plan is adopted, this deadline would also apply to expert witnesses, if any, that Nycal may call to testify at trial in support of its affirmative case with respect to its claim for expectation damages.]

**Plaintiffs:** May 15, 2006

**Defendant:** July 1, 2007

D. Deadline for the completion of depositions of plaintiffs' experts identified pursuant to paragraph C. With respect to all expert depositions in this case, the parties shall bear their own costs, including expert witness fees, of making their experts available for deposition by opposing counsel. All depositions of all experts shall be conducted in Washington, D.C., at the offices of the counsel for the party for whom the expert serves, unless a different location is jointly agreed to by the parties.

**Plaintiffs:** June 5, 2006

**Defendant:** August 5, 2007

E. Defendant shall disclose the identity of expert witnesses, if any, that it may call to testify at trial with respect to plaintiffs' claim for reliance damages, including any expert witnesses it may call with respect to any of its affirmative defenses. Initial reports of such expert witnesses shall also be served by hand delivery on or before this date, and shall conform to the requirements of RCFC 26(a)(2). [If plaintiff Nycal's proposed discovery plan is adopted, this deadline would also apply to defendant's expert witnesses, if any, that it may call to testify at trial with respect to Nycal's claim for expectation damages.]

**Plaintiffs:** June 19, 2006

**Defendant:** August 19, 2007

F. Deadline for the completion of depositions of defendant's experts.
**Plaintiffs:** July 10, 2006

**Defendant:** September 10, 2007

G. Plaintiffs shall serve by hand delivery supplemental expert reports by their previously designated experts, addressing any issues raised in the reports of defendant's experts, and will also disclose the identity of any additional expert witnesses, if any, that they may call to testify at trial regarding any affirmative defenses asserted by defendant. Reports of such additional expert witnesses shall also be served by hand delivery on or before this date. The supplemental expert reports and expert reports of additional expert witnesses shall conform to the requirements of RCFC 26(a)(2).
**Plaintiffs:** July 24, 2006

**Defendant:** September 24, 2007

H. Deadline for the completion of depositions of plaintiffs' experts with respect to the expert reports described in paragraph G.
**Plaintiffs:** August 14, 2006

**Defendant:** October 14, 2007

I. Defendant shall serve by hand delivery supplemental expert reports by their previously designated experts, addressing any issues raised in the reports of the opposing parties' experts described in paragraph G. The supplemental expert reports shall conform to the requirements of RCFC 26(a)(2).
**Plaintiffs:** August 28, 2006

**Defendant:** October 28, 2007

J. Deadline for the completion of depositions of defendant's experts with respect to the expert reports described in paragraph I.
**Plaintiffs:** September 18, 2006

**Defendant:** November 28, 2007

K. Deadline for the parties to serve by hand delivery witness and exhibit lists as required by RCFC Appendix A para. 13(a) and (b), and to confer on the matters set forth in RCFC Appendix A para. 13(c).
**Plaintiffs:** September 25, 2006

**Defendant:** November 25, 2007

L. Deadline for the parties to file and serve proposed findings of fact and conclusions of law; final witness lists; motions (if any) to present substantive evidence by way of deposition testimony; and final exhibit lists, as provided by RCFC Appendix A para. 14(d), 15, and 16. Any objections to a witness or exhibit of the opposing party shall be set forth by way of separate motion.
**Plaintiffs:** October 9, 2006

**Defendant:** December 9, 2007

M. Deadline for the parties to file and serve stipulations, including stipulations as to the admission into evidence of exhibits, as provided by RCFC Appendix A para. 17; joint exhibits and a joint exhibit list, as provided by RCFC Appendix A para. 18; and any objections to an opposing party's motion to present substantive evidence by way of deposition testimony.
**Plaintiffs:** October 20, 2006

**Defendant:** December 20, 2007

N. Final pre-trial conference.
**Plaintiffs:** October 27, 2006, 10:00 a.m.

**Defendant:** December 27, 2007, 10:00 a.m.

O. Trial commences.
**Plaintiffs:** October 30, 2006, 10:00 a.m.

**Defendant:** December 30, 2007, 10:00 a.m.

| | |
|---|---|
| PETER D. KEISLER<br>Assistant Attorney General<br><br>________________________<br>DAVID M. COHEN<br>Director<br><br>________________________<br>PATRICIA M. McCARTHY<br>Assistant Director<br><br>STEPHEN C. TOSINI<br>ALLISON KIDD-MILLER<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>Attn: Classification Unit<br>8th Floor<br>Washington, D.C. 20530<br>Tel. (202) 307-0164<br>Fax (202) 514-8640<br><br>Counsel for Defendant | Respectfully submitted,<br><br>Steven J. Rosenbaum /s/<br>E. Edward Bruce<br>Steven J. Rosenbaum<br>*Counsel of Record*<br>Thomas J. Cosgrove<br>COVINGTON & BURLING<br>1201 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2401<br>Tel. (202) 662-5568<br>Fax. (202) 778-5568<br><br>Counsel for All Plaintiffs in No. 02-30C and No. 04-1822C<br><br>________________________<br>Jeffrey D. Antonson<br>(Attorney of Record)<br>Robert J. Garrey<br>(of counsel)<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br>(214) 953-6000<br>Telecopier - (214) 953-5822 |

| | |
|---|---|
| PETER D. KEISLER<br>Assistant Attorney General<br><br>____________________<br>DAVID M. COHEN<br>Director<br><br>____________________<br>PATRICIA M. McCARTHY<br>Assistant Director<br><br>STEPHEN C. TOSINI<br>ALLISON KIDD-MILLER<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>Attn: Classification Unit<br>8th Floor<br>Washington, D.C. 20530<br>Tel. (202) 307-0164<br>Fax (202) 514-8640<br><br>Counsel for Defendant | Respectfully submitted,<br><br>____________________<br>E. Edward Bruce<br>Steven J. Rosenbaum<br>*Counsel of Record*<br>Thomas J. Cosgrove<br>COVINGTON & BURLING<br>1201 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2401<br>Tel. (202) 662-5568<br>Fax. (202) 778-5568<br><br>Counsel for All Plaintiffs in No. 02-30C and No. 04-1822C<br><br>____________________<br>Jeffrey D. Antonson<br>(Attorney of Record)<br>Robert J. Garrey<br>(of counsel)<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br>(214) 953-6000<br>Telecopier - (214) 953-5822<br><br>Counsel for Plaintiff in No. 05-249C |

| | |
|---|---|
| PETER D. KEISLER<br>Assistant Attorney General<br><br>DAVID M. COHEN<br>Director<br><br>PATRICIA M. McCARTHY<br>Assistant Director<br><br>STEPHEN C. TOSINI<br>ALLISON KIDD-MILLER<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>Attn: Classification Unit<br>8th Floor<br>Washington, D.C. 20530<br>Tel. (202) 307-0164<br>Fax (202) 514-8640<br><br>Counsel for Defendant | Respectfully submitted,<br><br>E. Edward Bruce<br>Steven J. Rosenbaum<br>*Counsel of Record*<br>Thomas J. Cosgrove<br>COVINGTON & BURLING<br>1201 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2401<br>Tel. (202) 662-5568<br>Fax. (202) 778-5568<br><br>Counsel for All Plaintiffs in No. 02-30C and No. 04-1822C<br><br>Jeffrey D. Antonson<br>(Attorney of Record)<br>Robert J. Garrey<br>(of counsel)<br>901 Main Street, Suite 6000<br>Dallas, Texas 75202<br>(214) 953-6000<br>Telecopier - (214) 953-5822 |