# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| **************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,*<br><br>v. | |
| | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| **************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| **************************************** | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE GOVERNMENT'S "ADDITIONAL STATEMENT" CONTAINED IN THE DECEMBER 20, 2005 JOINT STATUS REPORT**

The Lessees demonstrated in their motion to strike that the Government is improperly seeking to re-litigating the restitutionary damages to which the Lessees are entitled, notwithstanding the definitive resolution of that claim by this Court's November 15, 2005 decision (re-issued November 17, 2005). The Government's responsive brief confirms that conclusion and provides no justification for the Government's attempt.

As demonstrated in the Lessees' motion to strike, their filing of a motion for summary judgment imposed on the Government an obligation to set forth all facts, arguments, and defenses that could warrant denial of the motion in whole or in part. Motion at 4-5. Any facts, arguments or defenses not raised were waived. *Id., citing, e.g., Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1366-67 (Fed. Cir. 2003).

Confronted with this black letter law, the Government seeks to re-write history, claiming that the Lessees' summary judgment motion did not purport to resolve the entirety of their restitution claim. (Gov. Br. 12-13). This is nonsense. The Lessees' summary judgment motion stated (at p. 1) that they "are entitled to restitution of the bonuses paid to the United States to purchase [the] leases." Their supporting memorandum likewise stated that their motion and supporting materials established "their collective entitlement to $1,103,346,738 -- the bonuses paid the United States for the Leases at issue in this motion." Mem. 2; *see also, e.g., id.* at 33 (the Lessees "are entitled to full restitution of the bonus payments").

The Court's decision accordingly resolved the Lessees' restitution claim in its entirety: "Plaintiffs are entitled to the return of $1,104,227,348 in damages as restitution for the bonus payments made for the breached leases." November 17, 2005 Opinion at 42.

Moreover, the Lessees' summary judgment papers *explicitly* addressed (and disposed of) the question whether the Lessees' claim for restitution of the full dollar amount of

the lease bonuses was "subject to an offset for any tangible benefits conferred by the Government on the Lessees." Mem. 34 (*citing Marathon Oil Co. v. United States*, 236 F.3d 1313, 1315 (Fed. Cir. 2000) ("[T]he law of restitution credits any tangible benefits that were imparted under the contract before its repudiation"; "benefits of partial performance…should be offset from the amount of restitution") and showing that no such benefits exist here). While the Government asserts that it was "required to respond only to those issues raised by the plaintiffs in their motion for partial summary judgment" (Gov. Br. 12), the offset issue -- which the Government terms "recoupment" -- was thus openly raised as a potential defense to the Lessees' entitlement to the award of the total amount of the lease bonuses. The Government was therefore obligated to come forward with all facts and arguments relating to that defense and to the Lessees' claim for relief.

Indeed, as noted in the Lessees' motion to strike, the Government *did* assert (unsuccessfully) just such an offset argument in its summary judgment opposition, contending that the "[t]he benefit plaintiffs received in this case is the exercise of exploration rights upon the leases over a number of decades. In the course of this exploration, plaintiffs and their predecessors used up much of the value of the leases' exploration rights." (Gov. Opp. 63). The Court, of course, rejected that argument in granting the Lessees' summary judgment motion. The Government's extensive discussion in its responsive brief of *Hansen Bancorp, Inc. v. United States*, 367 F.3d 1297 (Fed. Cir. 2004) (Gov. Br. 15-16), and its purported holding regarding offsets represents an improper, collateral attack on this Court's decision.

The case law and rules of procedure the Government cites provide no support for its purported right now to conduct discovery regarding, and attack at trial, the Court's award in restitution of the total amount of the lease bonuses. The Government states that recoupment is

an affirmative defense and that pursuant to RCFC 12(b) it asserted that defense when it filed its Answer to the Complaints on November 30, 2005. (Gov. Br. 4, 11). But that filing, made *after* the Court had *already* granted the Lessees' summary judgment motion, cannot overcome the Government's *independent* obligation to have asserted any and all affirmative defenses in response to the Lessees' summary judgment motion, *see Pandrol USA*, 320 F.3d at 1366-67 ("Just as an affirmative defense must be raised in response to a summary judgment motion, or it is waived . . . so also the defendants' argument[] . . . was waived when it was not raised in response to the motion for summary judgment.") (citation omitted).

The Lessees were of course entitled to move for summary judgment prior to the filing of Defendant's Answer, *see* RCFC 56(a) ("A party seeking to recover upon a claim …may, at any time after the expiration of 60 days from the commencement of the action in this court…move…for a summary judgment in such party's favor upon all or any part thereof"). The subsequent filing of an answer does not give the Government an opportunity to reopen the issues decided against it on summary judgment.[1]

The Government also argues that a party that raises an affirmative defense to defeat summary judgment must still plead that defense in its subsequently filed Answer in order to preserve the defense for trial. (Gov. Br. 11). However, that rule simply has no bearing on the party's obligation to have raised the defense in response to the summary judgment motion, *see Pandrol USA*[2].

---

1 The Government's discussion of "election of remedies" (Gov. Br. 8) is a red herring, having nothing to do with whether the Government can now challenge the Court's summary judgment ruling on the Lessees' restitution claim.

2 Similarly, none of the cases cited by the Government regarding a party's addition of new defenses (Gov. Br. 13-14) addresses the situation in which a party has already moved for and (continued…)

The Government also asserts (Gov. Br. 3, 9) that it "repeatedly cited" to RCFC 56(f) in its Response to Plaintiffs' Proposed Findings of Uncontroverted Fact (Oct. 15, 2004). But a party opposing summary judgment and invoking RCFC 56(f) must submit "affidavits [showing] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." No such affidavits were submitted by the Government in opposing summary judgment, nor did the Government's brief in opposition to the Lessees' motion for summary judgment ever invoke RCFC 56(f).

Furthermore, the Government's Response to Plaintiffs' Proposed Findings of Uncontroverted Fact never asserted a need to conduct discovery with respect to any benefits allegedly received by the Lessees. The matters as to which the Government did cite to Rule 56(f) in that document proved either to be utterly uncontroverted (*e.g.,* the amount of the lease bonuses, *see* Government Response p. 17), or irrelevant to the resolution of the summary judgment motion (*e.g.*, the number of exploratory wells that have been drilled, *see id.* at 20).

Finally, the Lessees' motion to strike was properly filed. The Government through the joint status report revealed an intention to pursue in discovery and at trial issues directly precluded by the Court's summary judgment ruling. Such an inappropriate attack on the Court's ruling needed to be brought to the Court's attention and the motion served as an obvious and appropriate means for doing so, regardless of whether the report constituted a pleading triggering the standards of RCFC 12(f).[3]

---

obtained summary judgment on the issue as to which the defense would be relevant. That situation is controlled by *Pandrol USA*.

[3] Those RCFC 12(f) standards are in any event fully satisfied. The Government's statement is "immaterial" because it purports to preserve for discovery and trial issues resolved by the Court's summary judgment ruling. To the extent the Lessees must show prejudice (*see* (continued…)

The Lessees' motion to strike should be granted.

Respectfully submitted,

s/ Steven J. Rosenbaum
E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568

January 19, 2006

Attorneys for All Plaintiffs in Nos. 02-30C and 04-1822C

---

Gov. Br. 6), such prejudice would be the direct result of the Government's effort to attack the restitution award the Court has already made.

The Government also contends that the motion to strike should have been directed to the Government's Answer to the Complaints. (Gov. Br. 6). But the Answer covers the Lessees' claims for reliance and expectation damages, which unlike the restitution claim were not the subject of the Lessees' summary judgment motion as to damages. In any event, a party need not have filed a motion to strike in order later to challenge affirmative defenses asserted in an Answer. *See* 5C Wright & Miller, Federal Practice and Procedure: Civil, § 1380 at pp. 402-03 (3d ed. 2004).