IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**RCFC 56(f) DECLARATION OF PATRICIA M. McCARTHY**

1. I, Patricia M. McCarthy, am the counsel of record for the United States in this matter, and, as such, am familiar with the Government's litigating positions and potential discovery needs. I declare as follows under the penalty of perjury, pursuant to 28 U.S.C. ¶ 1746.

2. Paragraph 38 of plaintiff's proposed finding of uncontroverted fact in support of their motion for partial summary judgment as to damages provided as follows: "Complying with the district court's order and MMS's instructions, the Lessees have not conducted any operations on the Leases since June 20, 2001. (Heck Decl. ¶ 33)." At the time, we noted in response that "[d]iscovery has not yet commenced in this litigation due to the pendency of the Government's motion to dismiss," and, "[t]o the extent, if any, a further response is required to Proposed Finding of Uncontroverted Fact No. 38, pursuant to RCFC 56(f), the Government would require additional discovery before rendering that further response."

3. In addition, in a declaration provided in support of plaintiffs' motion for partial summary judgment, Ronald G. Heck swore that "'no oil or gas has ever been produced from any of the lawsuit leases.'" Heck Decl. ¶ 22.

4. At the time I filed the Government's re-stated motion to dismiss, opposition to plaintiffs' motion for summary judgment as to liability and partial summary judgment as to damages, and cross-motion for summary judgment, I was unaware of any specific information suggesting that oil was, is being, or will be drained from any of the leases that are the subject of this action.

5. I did not become aware of the facts described in the Declaration of Drew Mayerson, dated January 19, 2006, until December 2005.

6. In his declaration in support of plaintiffs' opposition to our motion for reconsideration of the Court's rescission of Lease OCS-P 0452, Robert W. Mannon makes a number of factual assertions, including the fact that supposedly no drainage from Lease OCS-P 0452 occurred before November 15, 2005, that an alleged "sealing fault" will prevent significant

drainage from Lease OCS-P 0452, and that the estimated drainage from Lease OCS-P 0452 is insignificant in the context of the available resources.

7. For the reasons set forth in the declarations of Mr. Mayerson and Richard F. Strickland, the Government cannot present by affidavit facts that would be essential to justify its opposition to plaintiffs' motion for partial summary judgment as to damages to the extent that the rescission of Lease OCS-P 0452 is concerned. In order to respond substantively, the Government would require a stay or continuance in order to conduct discovery concerning these matters.

8. I declare that the foregoing is true and correct to the best of my knowledge and belief.

PATRICIA M. McCARTHY

Dated: March 2, 2006