# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY,<br>*et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge<br>Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| ANADARKO E & P COMPANY L.P.,<br>*et. al.*, | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-<br>1822C |
| | (Judge<br>Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge<br>Bruggink) |
| ***************************************** | |

**REPLY BRIEF IN SUPPORT OF MOTION TO QUASH DEFENDANT'S SUBPOENA ON ARGUELLO, INC.**

Given that the motion to quash is scheduled for argument at 2:00 p.m. this afternoon, and that the Government's opposition brief was filed after regular business hours last night, this reply brief is limited to addressing the Government's contentions that: (1) neither the recipient of the subpoena, Arguello, Inc., nor the Plaintiff Lessees, have standing to challenge the subpoena as being in violation of the Court's April 20, 2006 scheduling order, *see* Gov't Opp. Br. at 6-8; and (2) the Scheduling Order does not apply to third-party discovery, *id.* at 5-6.

**1. Standing.** The Government does not cite a single judicial decision in support of the remarkable proposition that it could ignore a scheduling order and no one could challenge that conduct. The case law is quite the contrary. For example, in *McNerney v. Archer Daniel Midland Co.*, 164 F.R.D. 584 (W.D.N.Y. 1995), the defendant moved to quash a subpoena issued to a third party on the ground that, *inter alia*, the cut off for discovery set by the scheduling order had passed. The court held that the defendant did have standing to object to the subpoena on this ground, and granted its motion to quash. 164 F.R.D. at 587-89.

Similarly, in *Rice v. United States*, 164 F.R.D. 556 (N.D. Okl. 1995), defendant United States had served third party subpoenas after the discovery cutoff established by the Court's scheduling order. Rejecting the Government's contention that these subpoenas did not constitute "discovery" subject to the scheduling order, the court granted the plaintiff's motion to quash the subpoenas. 164 F.R.D. at 558. *See also Leach v. Quality Health Services, Inc.*, 162 F.R.D. 40, 42 (E. D. Pa. 1995) (granting defendant's motion to quash third party subpoenas served after the discovery cutoff established by the scheduling order).

**2. The Scope of the Scheduling Order.** As recounted in the motion to quash, the parties in negotiating the scheduling order explicitly addressed whether third party or other

discovery outside that explicitly provided for by the Order would be permitted, and the Government acquiesced in the Lessees' position that it would not.

Leaving aside that history, the Government is clearly wrong in contending that third party discovery falls outside the terms of the Scheduling Order. The Order on its face applies to all discovery, not just discovery between the parties, setting forth the "discovery regarding the extent and effect of potential drainage of Lease OCS-P 0452" that "the parties may conduct."

The position advanced here by the Government was also advanced by the Government, and rejected, in *Rice v. United States, supra.* There, the Government argued that "subpoenas issued pursuant to Fed.R.Civ.P. 45 do not constitute discovery within the meaning of Fed.R.Civ.P. 26 and the Court's Case Management Order." 164 F.R.D. at 557. The Court rejected that position:

> After careful consideration, the Court finds that the Rule 45 subpoenas duces tecum in this case constitute discovery. Rule 26 sets out the general provisions governing the scope and limits of discovery. Rule 26(a)(5) addresses methods of discovery and provides:
>
> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission. [emphasis supplied]
>
> ***
>
> Fed.R.Civ.P. 34(c) addresses production of documents from non-parties, as follows: "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." The inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery, although Defendant cited cases in which courts have seemingly held to the contrary [they are distinguishable].

> ***
>
> Thus the better reasoned view is that the Rule 45 subpoenas duces tecum at issue before the Court are a form of discovery and, therefore, are subject to the Court's discovery deadline.

164 F.R.D. at 557-58. *Accord, e.g., Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) ("Most courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines") (citing cases).

Respectfully submitted,

s/ Steven J. Rosenbaum
E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for All Plaintiffs in Nos. 02-30C and 04-1822C and for Arguello, Inc.

June 1, 2006