IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF REGARDING EFFECT OF *OLD STONE CORPORATION V. UNITED STATES* UPON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the United States, respectfully requests leave of the Court to file the attached supplemental brief regarding the potentially direct and important effect of the recent authority of the United States Court of Appeals for the Federal Circuit upon plaintiffs' pending motion for

partial summary judgment. *See Old Stone Corp. v. United States*, ___ F.3d ___, 2006 WL 1420817 (Fed. Cir. May 25, 2006). In *Old Stone*, the Federal Circuit considered, for the first time, "the effect of the election doctrine on damages arising from the enactment of [the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA")]." *Id.*, 2006 WL 1420817 at *8. The court held that the plaintiff bank was not entitled to restitution due to application of the election doctrine.

As demonstrated in the attached proposed supplemental brief, applying the new authority of *Old Stone* to this case, plaintiffs would not be entitled to recover their out-of-pocket expenses as restitution, even if the Court were to agree with the arguments that plaintiffs advance in their motion for partial summary judgment. This is because, as demonstrated in the proposed supplemental brief, the relevant facts of *Old Stone* are not materially distinguishable from those presented here.

Although the Court previously rejected our demonstration that plaintiffs waived any material breach of contract, *see Amber Resources Co. v. United States*, 68 Fed. Cl. 535, 558-59 (2006), the Federal Circuit expressly distinguished the doctrine of election and the "related doctrine of waiver[.]" *Old Stone*, 2006 WL 1420817 at *8 n.6. For these reasons, *Old Stone* may have a potentially dispositive effect upon plaintiffs' pending motion for partial summary judgment.

We regret the timing of this motion for leave, particularly on the eve of the July 4th holiday. However, we raise the application of *Old Stone* to plaintiffs' motion for partial summary judgment now only because the Court has scheduled oral argument upon the pending cross-motions for summary judgment on July 10, 2006, and we wish to immediately apprise the

Court of the potentially dispositive effect of *Old Stone* upon the relief sought by plaintiffs in their pending motion. Indeed, in our view, *Old Stone* requires reconsideration of the Court's November 2005 award of restitution in its entirety. However, we do not formally seek reconsideration of that decision at this time because the mandate has not yet issued in *Old Stone*, and, accordingly, the Federal Circuit's decision in *Old Stone* is not final.

## CONCLUSION

For these reasons, we respectfully request that the Court grant leave for filing of the attached supplemental brief regarding the effect of the recent *Old Stone* decision upon plaintiffs' pending motion for partial summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

July 3, 2006

Attorneys for Defendant