IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Bruggink)

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR STAY OF BRIEFING OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT UPON PLAINTIFFS' CLAIM FOR COSTS RELATED TO PLATFORM JULIUS**

Defendant, the United States, respectfully requests that the Court deny plaintiffs' motion to stay briefing on the pending motion for partial summary judgment upon plaintiffs' Platform Julius costs (the "Platform Julius motion"). As demonstrated below, there is no basis to stay briefing and unnecessarily delay the timely resolution of this action where: (1) the Platform Julius motion has no facts or legal issues in common with those in plaintiffs' motion for partial

summary judgment; (2) plaintiffs fail to justify their request to delay resolution of our duly-filed motion, or otherwise explain how resolution of their pending motion for partial summary judgment could possibly narrow the issues in dispute or guide further briefing; and (3) a prompt decision on the Platform Julius motion is important to narrowing the cost issues remaining for trial. In short, a prompt decision upon our motion will be impossible if plaintiffs succeed in delaying, without explanation or justification, the filing of their response brief.

Plaintiffs argue in their motion for stay that the Platform Julius motion presents "similar legal issues" to those in plaintiffs' motion for partial summary judgment upon their claim for certain sunk costs. However, they fail to identify these "similar legal issues;" in any event, the assertion is untrue. Plaintiffs' motion for partial summary judgment relates to: (1) whether a restitution award should reflect certain benefits received under the leases; (2) whether plaintiffs' claims for exploratory costs – such as well drilling and seismic surveys – are recoverable in restitution or as a matter of reliance damages; and (3) whether the Government's remaining affirmative defenses should be dismissed. In contrast, the legal issues presented by the Platform Julius motion are whether the $234 million in project costs claimed by plaintiffs – which are not costs of exploration – were caused by the alleged breach and foreseeable at time of lease inception.

Neither the facts nor the legal issues presented in plaintiffs' pending motion have anything to do with the facts or legal issues subsumed in the Platform Julius motion. Platform Julius was a full-blown production platform funded by plaintiffs' predecessors, built in Korea, and intended for later installation on Lease OCS-P 0409. The Platform Julius costs extended far beyond mere exploration: the intent of plaintiffs' predecessors was to move Lease OCS-P 0409 into production via the 72-slot platform that would have been one of the largest in the Pacific off-shore had it been installed. As we demonstrate in our motion, and plaintiffs likely will not

dispute, the demise of Platform Julius was the result of business decisions by plaintiffs' predecessors after San Luis Obispo County barred the on-shore transport of oil and gas from the platform. After San Luis Obispo County voters in 1988 disapproved three initiatives to permit the on-shore phase of the Platform Julius project, plaintiffs' predecessors abandoned the project altogether and sold the platform for a massive loss.

Given the facts leading up to the business decisions to abandon the project and sell the platform, plaintiffs cannot establish that Platform Julius or its sale was required by the lease, mandated by a statute or regulation, or part of some undefined concept of "due diligence." The failure of the Platform Julius project, and the resultant $234 million loss claimed in this lawsuit, occurred independently of any obligation under the lease or pursuant to statute.

Indeed, until the filing of their stay motion, plaintiffs had never suggested, much less demonstrated, a connection between their pending motion for partial summary judgment and our Platform Julius motion. The costs of Platform Julius were quintessentially voluntary costs. Plaintiffs have never contended that the leases "forced" them to incur the costs of Platform Julius. Plaintiffs do not seriously contend that the asserted "due diligence" requirements of Lease OCS-P 0409 placed upon them an obligation to obtain local permitting for Platform Julius, and that plaintiffs' subsequent failure to obtain this permitting placed them in breach of the lease's alleged due diligence requirements, allowing the Minerals Management Service ("MMS") to cancel Lease OCS-P 0409 for default. We have never read plaintiffs' motion for partial summary judgment to contain such a contention, because there is none. And it is far too late now – after oral argument upon their motion – for plaintiffs to make such a contention for the first time. Simply put, plaintiffs' pending motion has nothing to do with Platform Julius.

We demonstrate in the Platform Julius motion that plaintiffs cannot recover the costs of the project because those costs were neither caused by the alleged breach nor foreseeable at time

of lease inception. Although the granting of our cross-motion for summary judgment would obviate the need for the Court to reach the Platform Julius motion, there is no overlap between the issues raised in the Platform Julius motion and any issue presented by plaintiffs' motion for partial summary judgment. Accordingly, plaintiffs have failed to offer any basis to conclude that the Court's resolution of plaintiffs' pending motion for partial summary judgment will resolve any issues presented by the Platform Julius motion or affect further briefing of the motion.

Finally, although plaintiffs have repeatedly asked to expedite trial, their current stay motion only serves to delay trial. Summary judgment motions are effective tools to narrow the issues remaining in dispute. By delaying, without explanation or justification, the resolution of our motion, plaintiffs undermine the very goal they ostensibly espouse: the timely resolution of their claim for hundreds of millions of dollars in sunk costs.

Given that plaintiffs have failed to articulate any justification for their unwillingness to timely respond to our motion in accordance with the Rules of the Court, we respectfully request that the Court deny plaintiffs' motion to stay.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 353-2345

July 19, 2006

Attorneys for Respondent