# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| **************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| **************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| **************************************** | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF BRIEFING OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT UPON PLAINTIFFS' CLAIM FOR COSTS RELATED TO PLATFORM JULIUS**

Contrary to the Government's assertion, there is a clear overlap in the legal issues raised by the parties' cross motions for summary judgment and the Government's motion regarding Platform Julius. A stay of briefing on the Platform Julius motion would therefore facilitate the resolution of that motion, by allowing the parties to address the legal and factual issues presented with the guidance of the Court's disposition of similar legal issues in the context of the pending cross motions.

**A. There is Substantial Overlap in the Legal Issues Presented by the Parties' Cross Motions for Summary Judgment and the Platform Julius Motion**

Although there are some issues unique to the Platform Julius motion, the Government's motion raises at least two legal issues that are squarely addressed in the parties' cross motions for summary judgment. The first issue concerns the proper understanding and application of the legal standard for reliance damages. The Government devotes the bulk of its Platform Julius motion to advancing a restrictive interpretation of causation and foreseeability in the context of reliance damages. (*See* Gov. Br. in Support of Platform Julius Motion ("Gov. Br.") at 10-16.) The Lessees presented a differing interpretation and analysis of the same issues -- causation and foreseeability -- in their Reply Memorandum in support of their cross motion for summary judgment. (*See* Plaintiffs' Reply Br. at 22-24.) The Court's resolution of the pending cross motions for summary judgment may therefore provide important guidance to the parties and enable them to address in a narrower and more focused manner reliance damages in the context of Platform Julius.

The second common legal issue presented by the Government's Platform Julius motion involves the legal standard for restitution damages. The Government asserts that the Lessees may not recover restitution damages for costs associated with Platform Julius, arguing that the expenditures were not undertaken in fulfillment of the lease agreements and that the

expenditures did not confer a benefit on the Government. (*See* Gov Br. at 7-10.) The legal standard for the restitution theory of damages is one of the central issues in the Parties' cross motions. Indeed, the cross motions involve the issue of determining the proper understanding of costs incurred in the Lessees' performance of their lease obligations. (*See* Plaintiffs' Reply Br. 11-18.) Likewise, the cross motions also involve the issue of whether restitution damages require a benefit to the breaching party. (*See id.*) Thus, the issue of whether the Lessees should be allowed to pursue restitution damages for costs related to Platform Julius would best be addressed and resolved in light of the Court's ruling on the restitution issues presented in the cross motions.[1]

### B. An Order Staying Briefing Would Facilitate the Prompt Resolution of the Platform Julius Motion

The Lessees' motion to stay briefing would facilitate, not delay, the expeditious resolution of the Platform Julius motion, by allowing the Parties to address the legal issues presented by the motion with the guidance of the Court's resolution of overlapping legal issues raised by the pending cross motions for summary judgment. It would be inefficient to divert the Court's and the Parties' time and resources to briefing and reviewing the Platform Julius motion now, only for the Parties to have to submit, and the Court to have to review, supplemental briefs that address the issues again, after the ruling on the cross motions. A stay would, therefore, enable the Parties to brief the Platform Julius issue more effectively, in the context of the Court's decision on the cross motions, without hindering the prompt resolution of the motion. As a stay of briefing would not impede a timely resolution of the Platform Julius motion, there is no basis

---

[1] Although the Government conclusorily states that the Lessees may not recover restitution damages for costs related to Platform Julius, that issue has not yet been addressed, much less resolved. Contrary to the Government's intimation, the Lessees cannot be deemed to have "waived" the issue of restitution damages in this context, since parties are not under any legal obligation to file a motion for summary judgment of any kind.

for the Defendant's insinuation that a stay would prevent a narrowing of the cost issues remaining for trial. With expert discovery yet to begin and months remaining before the beginning of a January 2007 trial as the Lessees propose, the Court will have more than adequate time to rule on the Government's motion prior to trial.

Further, as noted in Plaintiffs' Memorandum in support of their motion for a stay of briefing, and not disputed by the Government, a stay would not affect the Parties' completion of discovery on schedule. Discovery on the quantification of the Lessees' sunk costs claim, including Platform Julius, is proceeding apace, with an August 31, 2006 discovery cutoff.[2]

* * *

For the foregoing reasons, Plaintiffs request that the Court enter the proposed order granting a stay of briefing on the Government's Platform Julius motion.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for All Plaintiffs in Nos. 02-30C and 04-1822C

July 21, 2006

[2] The Lessees acknowledge the Government's motion to extend the discovery cutoff date, to which the Lesseees will respond separately.