# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,*<br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ******************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ******************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ******************************************** | |

**DECLARATION OF THOMAS J. COSGROVE**

Thomas J. Cosgrove declares and states as follows:

1. I am an attorney at the law firm Covington & Burling LLP and am a member in good standing of the Bar of the Court of Federal Claims. I provide this declaration in support of Plaintiffs' Opposition to the Government's Motion to Modify the Discovery Scheduling Order.

2. Attached hereto as Exhibit 1 is a true and correct copy of the June 23, 2006 letter from Mr. Schwind to Mr. Rosenbaum regarding the Government's plans for taking Lessee depositions.

3. Attached hereto as Exhibit 2 is a true and correct copy of the July 6, 2006 email from me to Mr. Schwind proposing a schedule for the Government's depositions.

4. Attached hereto as Exhibit 3 is a true and correct copy of the July 7, 2006 letter from Mr. Schwind to Mr. Rosenbaum rejecting the Lessees' proposed schedule and proposing an alternate schedule.

5. Attached hereto as Exhibit 4 is a true and correct copy of the July 11, 2006 letter from me to Mr. Schwind proposing a new deposition schedule and requesting that the Government explain its bases for attempting to depose Mr. Heck twice.

6. Attached hereto as Exhibit 5 is a true and correct copy of the July 11, 2006 Notice of Rule 30(b)(6) Deposition served by the Government on Aera Energy.

7. Attached hereto as Exhibit 6 is a true and correct copy of the July 17, 1987 letter from MMS Regional Direct William E. Grant regarding the Proposed Gato Canyon Unit, conditioning approval of the Gato Canyon Unit upon received of receipt of fully executed copies of, *inter alia*, the unit operating agreement.

8. Attached hereto as Exhibit 7 is a true and correct copy of the June 11, 1986 letter from MMS Regional Direct William E. Grant regarding the approval of the Santa Maria Unit, noting prior submission of the unit operating agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 7, 2006

Thomas J. Cosgrove

# EXHIBIT 1

**U.S. Department of Justice**

Civil Division

*Post Office Box 14524*
*Washington, D.C. 20044-4524*

*Telephone: (202) 353-2345*
*Telecopier: (202) 514-8624*

June 23, 2006

**VIA E-MAIL AND FIRST CLASS MAIL**

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Re: Amber Resources Co., et al. v. United States
Nos. 02-30C, 04-1822C, and 05-249C

Dear Mr. Rosenbaum:

The purpose of this letter is twofold. First, we want to confirm, as tentatively represented by Tom Cosgrove during a telephone conversation last week, that plaintiffs intend to prove their sunk cost case with only expert witnesses at this time. That is, plaintiffs do not intend to call any fact witnesses to prove any aspect of their sunk cost case.

Second, at this time, contingent upon your confirmation of the above paragraph, the United States intends to depose the following employees or agents of plaintiffs pursuant to the court's discovery orders to date:

1. Roger Parker, Delta Petroleum Company

2. Kent Lina, Delta Petroleum Company

3. Burdette Ogle, Ogle Petroleum Company

4. Flint Ogle, OLAC Resources LLC

5. Ron Heck, Samedan Oil Corporation

6. Terry Enders, Aera Energy LLC

7. Arthur Boehm, Nuevo Energy Company

8. Deposition of Noble Energy under Fed. R. Civ. P. 30(b)(6) on cost matters related to the operatorship of the Sword and Gato Canyon Units.

9. Deposition of Aera Energy under Fed. R. Civ. P. 30(b)(6) on cost matters related to the operatorship of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit, and Lease OCS-P 0409.

10. Deposition of Plains Exploration & Production under Fed. R. Civ. P. 30(b)(6) on cost matters related to the operatorship of the Bonito and Rocky Point Units.

Our goal is to conduct these depositions in the month of July and the first week of August. We ask that you propose dates and places for the depositions, at which time we will prepare subpoenas, as needed, and notices for the witnesses.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch

# EXHIBIT 2

## Cosgrove, Thomas

**From:** Cosgrove, Thomas
**Sent:** Thursday, July 06, 2006 9:37 PM
**To:** 'Gregg.Schwind@usdoj.gov'
**Cc:** Patricia.McCarthy@usdoj.gov; Allison.Kidd-Miller@usdoj.gov; Rosenbaum, Steven; jantonson@jw.com; Paik, Gina
**Subject:** Amber v. US - Proposed Deposition Schedule

Gregg,

With reference to your June 23, 2006 letter, below is a deposition schedule that takes into account the availability of the proposed witnesses and groups the depositions by geographic region whenever possible. As discussed in my June 27 letter, because Mr. Heck will testify as both an expert and fact witness, we will offer him during the time period designated for expert discovery. Likewise, we have not scheduled Dr. Burdette Ogle and will be in touch separately about the Government's desire to take his deposition.

Next, we expect these dates to supersede those contained in the deposition notices that you circulated today given that they fall within the time period suggested in your June 23, 2006 letter.

7/25 T. Enders (Bakersfield, CA)
Noble 30(b)(6) (Houston, TX)

7/27 A. Boehm (Bakersfield)
Plains 30(b)(6) (Houston, TX)

8/2 - R. Parker (Denver, CO)

8/3 - K. Lina (Denver, CO)
Aera 30(b)(6) (Bakersfield)

8/4 - F. Ogle (Grand Junction, CO)

Thomas J. Cosgrove
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, DC 20004
tel. (202) 662-5328
fax (202) 778-5328
tcosgrove@cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

# EXHIBIT 3

**U.S. Department of Justice**

Civil Division

*Post Office Box 14524*
*Washington, D.C. 20044-4524*

*Telephone: (202) 353-2345*
*Telecopier: (202) 514-8624*

July 7, 2006

**VIA E-MAIL AND REGULAR MAIL**

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Re: Amber Resources Co., et al. v. United States
Nos. 02-30C, 04-1822C, and 05-249C

Dear Mr. Rosenbaum:

We received an electronic mail late last night from Mr. Cosgrove in response to my June 23 letter offering plaintiffs the opportunity to propose a schedule for the depositions of their witnesses. I will send you notices later today and early next week for these witnesses based on another schedule as explained below. I assume from your previous correspondence that plaintiffs' counsel will accept service of subpoenas for the depositions of Messrs. Boehm and Enders, the only witnesses who appear to be employees of a third party. Please let me know immediately if I am mistaken and I will arrange to have these gentlemen served.

Mr. Cosgrove's electronic mail explained that plaintiffs apparently refuse to propose deposition dates for Ron Heck and Burdette Ogle; Mr. Cosgrove then set forth the following schedule for deposing the remaining eight plaintiffs' witnesses sought by the United States.

| | |
|---|---|
| July 25 | T. Enders (Bakersfield, CA) and Noble 30(b)(6) (Houston, TX) |
| July 27 | A. Boehm (Bakersfield, CA) and Plains 30(b)(6) (Houston, TX) |
| August 2 | R. Parker (Denver, CO) |
| August 3 | K. Lina (Denver, CO) and Aera 30(b)(6) (Bakersfield, CA) |
| August 4 | F. Ogle (Grand Junction, CO) |

This schedule is unworkable. To be frank, it appears that you have used our offer allowing plaintiffs to propose a schedule as a tactic to hinder the taking of testimony and obstruct discovery. After *two weeks* time to contact plaintiffs' employees and put forward a schedule, you have proposed simultaneous depositions in Texas and California, then simultaneous depositions again later in Denver and California. This predictably results in the unnecessary situation where defendant's counsel are unable to adequately prepare for and attend certain of the depositions. The simultaneous scheduling in different regions of the country is as impractical as it is unexpected, given counsel's prior agreement that it made sense to schedule the depositions in blocks by location.

The notices that I will send later today and early next week will schedule the depositions as follows:

| | |
|---|---|
| July 19-20 | Mr. Parker and Mr. Lina in Denver as previously noticed |
| Week of July 24 | Mr. Enders, Mr. Boehm, Burdette Ogle, and Aera 30(b)(6) in California |
| Week of July 31 | Noble 30(b)(6) and Plains 30(b)(6) in Houston |
| Week of August 28 | Mr. Heck in Santa Barbara and Flint Ogle in Grand Junction |

We will gladly consider your suggestions as to dates within those weeks; however, at this point the notices will issue. As recited above, the depositions of Messrs. Parker and Lina in Denver will stay as previously noticed for July 19 and 20, with the caveat that the United States is flexible within that week. As you know, a portion of the testimony of these latter two witnesses relates to the motion for partial reconsideration; plaintiffs' schedule seeks to put them off into August, beyond the July 31 deposition cutoff in the scheduling order, perhaps in an attempt to preclude us from examining the witnesses on the Lease OCS-P 0452 drainage issue. Whether that was plaintiffs' intent or not, we are not willing to lose the week of July 17 given the compressed discovery schedule.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch

# EXHIBIT 4

COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

THOMAS J. COSGROVE
TEL 202.662.5328
FAX 202.778.5328
TCOSGROVE@COV.COM

July 11, 2006

BY EMAIL AND FIRST CLASS MAIL

Gregg M. Schwind, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530

Re: *Amber Resources Co., et al. v. The United States,*
Nos . 02-30C & 04-1822C

Dear Mr. Schwind:

I write in response to your July 7, 2006 letter regarding deposition scheduling. After waiting over six months to notice any depositions on sunk costs issues, by letter dated June 23, 2006, you proposed ten separate depositions to be taken by the end of the first week in August. I responded by letter dated June 27, stating that we would be happy to propose a schedule, but also asking whether you in fact wished to take the depositions of two individuals who are no longer employed by the Lessees. Not hearing from you on that issue, we arrived at dates for the remaining deponents (with Mr. Heck and Dr. Ogle discussed further below). Only after finally hearing from you on July 5 did we learn that you did in fact want to depose the two former employees. I was able to confirm dates for the former employees and propose a full schedule to you on July 7th (but not before you had already begun unilaterally scheduling depositions by serving notices for Messrs. Parker and Lina).

Under these circumstances, your accusations of bad faith on our part are not well taken. I might also remind you that we have accommodated Dr. Strickland's vacation schedule by postponing his deposition, and are also attempting to accommodate to the extent possible an apparent effort by the Government to preserve the middle of August for their vacations.

Nevertheless, based on your letter, we have made further inquiries of our clients, and are able to propose a modified schedule. Plains' 30(b)(6) witness, who was not originally available the week of July 31, can now be scheduled for that week. Thus, Noble and Plains' 30(b)(6)

depositions can go forward that week in Houston as you propose. Likewise, with this change, Aera's 30(b)(6) can be scheduled during the week of July 24th.

However, Mr. Parker of Delta is out of the country until July 24th and is thus not available on the date of your notice. With respect to Mr. Parker, please keep in mind the courtesies we extended when the Government declared that Dr. Strickland was unavailable for three of the four weeks set aside in the Scheduling Order for his deposition. We did not seek to compel Dr. Strickland's appearance on dates inconvenient to him -- we deserve and expect the same professional courtesy.

Given these changes and in light of your letter, we can now propose the following schedule:

- July 25 - Terry Enders (Bakersfield, CA)
- July 27 - Art Boehm (Bakersfield, CA)
- July 28 - Aera 30(b)(6) (Bakersfield, CA)
- August 1 - Plains 30(b)(6) (Houston, TX)
- August 2 - Noble 30(b)(6) (Houston, TX)
- August 3 - R. Parker (Denver, CO)
- August 4 - K. Lina (Denver, CO)
- Week of August 28 - Flint Ogle (Grand Junction, CO)

We will not object to any questions being posed to Messrs. Lina and Parker on the ground that their depositions are taking place in August rather than July.

In addition, in order to complete the depositions you propose by the date you propose, it will be necessary to reschedule Dr. Strickland's deposition to July 31, 2006, rather than August 1.

We continue, however, to object to your proposed notices of Mr. Heck and Dr. Ogle. With respect to Mr. Heck, you have failed to address why the Government should be permitted to take his deposition twice (once now and again later during expert discovery) or why Mr. Heck should be subjected to such a burden. We intend to offer an expert report from Mr. Heck and then make him available for deposition, at which time the Government can question him on both fact and opinion-related issues. But without a clear articulation of why the Government needs or is entitled to take his deposition twice, we cannot agree to make him available at this point.

With respect to Dr. Ogle, we have confirmed that due to his advanced age and complications relating to surgery for cancer, he cannot sit for a deposition. We will address this subject in further correspondence.

Given that our witnesses are holding these proposed dates open, we hope that you will be able to confirm them as soon as possible.

Sincerely,

Thomas J. Cosgrove

# EXHIBIT 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al., Plaintiffs, THE UNITED STATES, Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | Nos. 02-30C 04-1822C 05-249C (Consolidated) (Senior Judge Eric G. Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | |

**NOTICE OF RULE 30(b)(6) DEPOSITION**

Please take notice that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, the United States will take the oral deposition of plaintiff Aera Energy LLP, which must designate a person or persons who shall testify to matters known to it with respect to the following topics:

1. The origin of all documents produced by Aera in this case.

2. The circumstances under which Aera became operator of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

3. The exact dollar amount of sunk costs claimed by Aera in this lawsuit.

4. The names and locations of all persons who participated in the calculation of sunk costs identified in (3) above.

5. Costs incurred by Aera and claimed in this lawsuit related to its operatorship of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

6. Costs claimed by Aera in this lawsuit but incurred by others, including predecessors in interest.

7. All costs described by plaintiffs on the page marked "Aera" of Exhibit II to Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents.

8. The contents and terms of all unit agreements and understandings related to the operatorship of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

9. The contents and terms of all agreements and understandings among two or more owners of lease interests in the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

The deposition will take place on July 28, 2006, beginning at 9:00 a.m. PST in the offices of Esquire Deposition Services, 1430 Truxton Avenue, Suite 777, Bakersfield, California 93301,

or such other location as may be agreed by the parties, and will continue from day to day until concluded.

Please take further notice that the deponent or deponents designated by Aera shall bring to the deposition, for purposes of inspection and copying, those documents referred to by the deponent or deponents in preparation for testifying.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

July 11, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of July 2006, I caused to be electronically mailed and placed in the United States mail (first-class mail, postage prepaid) copies of the foregoing "NOTICE OF RULE 30(b)(6) DEPOSITION" addressed as follows:

srosenbaum@cov.com

and

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

# EXHIBIT 6

c: Celeron ✓
Amber ✓
Ogle ✓
Arco/Idemitsu ✓
DD ✓
MA ✓
CH ✓

United States Department of the Interior

MINERALS MANAGEMENT SERVICE
PACIFIC OCS REGION
1340 WEST SIXTH STREET
LOS ANGELES, CALIFORNIA 90017

In Reply Refer To:
MMS - Mail Stop
150

rec'd 7/20/87

July 17, 1987

file

Samedan Oil Corporation
Attention: Mr. William E. Bancroft, Jr.
350 Glenborough, Suite 240
Houston, Texas 77067-3299

Re: Proposed Gato Canyon Unit
Channel Islands Area
Offshore California

Dear Sir or Madam:

Reference is made to your July 9, 1987 letter wherein you requested us to review and approve the proposed Gato Canyon Unit Area as lands subject to unitization. The geological extent of the proposed unit area was discussed in a meeting held in our offices on July 7, 1987.

We have completed our review of the proposed unit area and hereby designate as logically subject to unitized operations pursuant to the unit plan regulations in 30 CFR 250.50 the submerged lands covered by Leases OCS-P 0460, 0462 and 0464. This unit area is to be submitted as your Exhibit "A" to the proposed unit agreement.

Furthermore, on July 15, 1987 you hand delivered to us draft copies of the proposed Gato Canyon Unit Agreement, dated July 13, 1987, initial Plan of Operation and schedule of events. You will find our comments on the enclosed copies of the proposed documents.

Upon receipt of three acceptable and fully executed retention copies of the proposed unit agreement, unit operating agreement, acceptable initial Plan of Operation and schedule of events leading to the commencement of production, plus any additional copies you wish, the unit agreement will be duly approved. Your request for a Suspension of Production for the Gato Canyon Unit, Leases OCS-P 0460, 0462 and 0464 should accompany your request for unitization approval.

If there are any questions, please contact Mr. Steven Wolfson at (213) 894-5094.

Sincerely,

William E. Grant

William E. Grant
Regional Director

Enclosures

# EXHIBIT 7

# United States Department of the Interior

MINERALS MANAGEMENT SERVICE
PACIFIC OCS REGION
1340 WEST SIXTH STREET
LOS ANGELES, CALIFORNIA 90017


In Reply Refer To:
MMS - Mail Stop
150

June 11, 1986

ARCO Oil and Gas Company
Attention: Mr. Douglas L. Logan
P. O. Box 147
Bakersfield, CA 93302

Re: Santa Maria Unit Agreement
Leases OCS-P 0420, 0424, 0425,
0429, 0430, 0431, 0433 and 0434
Santa Maria Basin
Offshore California

Gentlemen:

On June 9, 1986, you hand delivered to us four executed copies of the Santa Maria Unit Agreement covering OCS lands in the Santa Maria Basin, offshore California. Also provided were copies of the Santa Maria Unit Operating Agreement in accordance with Article VII of the unit agreement.

Pursuant to Article IX of the unit agreement you also delivered the initial Plan of Operation, Santa Maria Unit, covering the period June 2, 1986 until the abandonment of OCS-P 0434 Well No. 1. As discussed in our offices on May 28, 1986, the MMS hereby grants an extension for the submittal of a subsequent Plan of Operation on the unit area pursuant to Article 9.3 of the Santa Maria Unit Agreement. This extension will alleviate ARCO from the requirement of submitting a subsequent plan 60 days before the expiration of the initial plan. MMS requires the submission of an acceptable subsequent Plan of Operation for the Santa Maria Unit within 60 days after the abandonment of OCS-P 0434 Well No. 1.

We have approved the Santa Maria Unit Agreement to be effective June 11, 1986 and have assigned contract No. 14-08-0001-18486 to the document. One approved copy is enclosed. Concurrent approval is given to the initial Plan of Operation which provides for the drilling and testing of a well on the unit area.

Pursuant to Articles 9 and 17 of the Santa Maria Unit Agreement, those leases in the unit area that are beyond their primary lease term after June 30, 1986 will be maintained by the continuous drilling operation on the unit area. This is contingent on the spudding of the contemplated well prior to June 30, 1986.

Sincerely,

William E. Grant
Regional Director

Enclosure

cc: Minerals Management Service
Royalty Management Program
Lease Administration Section
P. O. Box 25165
Denver, CO 80225