IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Bruggink)

**DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' COMPLIANCE WITH RULE 30(B)(6) NOTICES OF DEPOSITION**

Pursuant to Rule 37(a)(2)(B) of the Rules of the Court, defendant, the United States, respectfully requests that the Court enter an order compelling plaintiffs to comply with the requirements of Rule 30(b)(6). As we demonstrate below, plaintiffs have neither objected to our Rule 30(b)(6) deposition notices nor sought a protective order. Yet they have failed to designate

witnesses, as required by Rule 30(b)(6), to testify to several critical subject matters.[1] Indeed, plaintiffs have sought to postpone critical fact discovery by purporting to designate alleged "expert" witnesses to testify at an unknown date in the future as to elemental factual issues that lie at the core of plaintiffs' claims. If plaintiffs truly cannot designate any fact witnesses to testify as to whether plaintiffs and their predecessors, in fact, incurred the claimed costs (and plaintiffs have never certified their interrogatory responses pursuant to Rule 33), then they should withdraw their claims for sunk costs. Otherwise, the Court should order plaintiffs to comply with our Rule 30(b)(6) notices of deposition.

## BACKGROUND

Plaintiffs seek reimbursement of hundreds of millions of dollars in so-called "sunk costs," purportedly incurred by them and, to a far greater extent, by predecessor lessees. To date, plaintiffs have not certified, as required by Rule 33, interrogatory responses specifying the amounts for which they seek reimbursement. Rather, plaintiffs have relied exclusively upon a non-party, Ernst & Young, to prepare and present plaintiffs' reimbursement claims. Although ostensibly an "expert," Ernst & Young has not, to our knowledge, conducted a formal audit of plaintiffs' claims for reimbursement; nor has the accounting firm provided any other service that could not be accomplished by plaintiffs themselves. Rather, the primary tasks of Ernst & Young appear to be: (1) to tabulate numbers on mostly unauthenticated documents produced by

[1] Plaintiffs have also failed to adequately prepare the few witnesses whom they have designated with respect to the very limited topics as to which they have acceded to fact discovery. Should this practice continue, we intend to raise this issue in a separate motion at the conclusion of the Rule 30(b)(6) depositions. Additionally, plaintiffs have parsed many of the Rule 30(b)(6) topics and designated multiple witnesses to provide testimony on each of the parsed topics, resulting in a significant delay in the scheduling of depositions. We intend to raise this issue in support of the United States' motion to extend the Court's discovery scheduling order.

plaintiffs in this case; and (2) to allow plaintiffs to avoid certifying or verifying their own reimbursement claims.

On June 23, 2006, we sent plaintiffs a letter identifying 10 fact depositions that we wished to take prior to August 31, 2006, the current deadline for fact discovery. Ex. A (6/23/06 Letter from Schwind to Rosenbaum). Three of the 10 depositions were of plaintiffs Aera Energy, Noble Energy, and Plains Exploration & Production, pursuant to Rule 30(b)(6).[2] We asked plaintiffs to propose dates in July and the first week of August for the conduct of these depositions. Id. On July 11, 2006, we served the Rule 30(b)(6) notice of deposition for Aera Energy upon plaintiffs. Ex. B.

On July 17, 2006, plaintiffs' counsel sent us a letter contending that the scope of the Rule 30(b)(6) notice of deposition of plaintiff Aera was broader than indicated in our June 23 letter. Ex. C (7/17/06 Letter from Cosgrove to Schwind). Counsel stated that plaintiffs would be designating multiple witnesses to address the listed Rule 30(b)(6) topics. Id. Critically, however, plaintiffs stated for the first time that they did not intend to designate any fact witness or witnesses to testify as to the heart of Aera's reimbursement claims:

> subjects no. 3 (the exact dollar amount of sunk costs); no. 4 (the names and locations of all persons who participated in the calculation of sunk costs); no. 5 (costs "relat[ing] to its operatorship" of any unit or Lease OCS-P 0409); no. 6 (costs incurred by others, including predecessors in interest); and no. 7 (costs described by plaintiffs on the page marked "Aera" of Exhibit II to Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories and First Request for the Production of Documents).

Ex. C at 2. Plaintiffs further stated that they would refuse to designate any fact witnesses from Plains and Noble to testify as to these same critical Rule 30(b)(6) topics as well. Id. Rather,

[2] Aera, Noble, and Plains are the current operators of eight of the nine units whose 38 leases are at issue in this lawsuit. The ninth unit (Cavern Unit, consisting of two leases) is operated by non-plaintiff Venoco.

plaintiffs proposed to substitute "expert" testimony from Ernst & Young for fact testimony in support of their reimbursement claims, and to do so at some undefined date after the August 31, 2006 fact discovery deadline. Id.

On July 20, we wrote to plaintiffs that we did not agree with any of their proposals in their July 17 letter. Ex. D (7/20/06 Letter from Schwind to Cosgrove). On July 31, we reiterated in more detail our objection to plaintiffs' refusal to designate any fact witnesses to testify as to the core subjects of the three Rule 30(b)(6) notices of deposition, and stated that we would seek relief pursuant to Rule 37 if they did not comply with the requirements of Rule 30(b)(6). Ex. E (7/31/06 Letter from Schwind to Rosenbaum). After plaintiffs responded by email on August 3 to our July 31 letter, we requested clarification that plaintiffs, in fact, would not designate fact witnesses for the remaining Rule 30(b)(6) topics prior to the August 31, 2006 fact discovery deadline. Ex. F (8/3/06 e-mail from McCarthy to Rosenbaum). Plaintiffs have not responded in substance to this email, and have not designated any fact witnesses for the remaining cost topics. Plaintiffs have not objected to the subjects in any of the Rule(30(b)(6) notices,[3] nor have plaintiffs sought a protective order with respect to any of the notices. See Exs. B, G, and H (Rule 30(b)(6) Deposition Notices for Aera, Plains, and Noble Energy).

**ARGUMENT**

Rule 30(b)(6) is an efficient tool that streamlines the discovery process by placing upon the corporation the burden of identifying responsive witnesses for a corporation. Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196, 197 (5th Cir. 1993). When a corporation or association designates a person to testify upon its behalf, the corporation appears vicariously

[3] Plaintiffs did initially object to one of the nine topics listed in the Aera Rule 30(b)(6) notice; however, the objection was quickly withdrawn after the United States agreed to the addition of one qualifying phrase to the topic description.

through that agent. Black Horse Lane Assoc., L.P. v. Dow Chem. Corp., 228 F.3d 275, 303 (3rd Cir. 2000). A 30(b)(6) deposition notice designates the particular subject areas for questioning. Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000). A 30(b)(6) witness testifies as to the knowledge of the corporation, not as to the individual's personal knowledge. United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

Because the Rule 30(b)(6) notice seeks the knowledge of the party, a party served with a Rule 30(b)(6) is not necessarily required to designate a witness to testify as to all topics contained in the notice of deposition, particularly if the party has no knowledge as to all topics. However, if a party chooses not to designate a witness for a certain topic or sub-topic, then it must accept the consequences of that decision. Those consequences include an inference that the party has no knowledge as to the topic and sub-topic and, therefore, it will be unable to present at trial a claim or defense as to which the specific topic or sub-topic pertains absent a showing of good cause. As the district court explained in Taylor:

> UCC may choose not to designate a deponent to testify at its Rule 30(b)(6) deposition on one or more particular areas of inquiry in Attachment A. However, for each area of inquiry or sub-area of inquiry in Attachment A as to which UCC does not designate a deponent to testify and thereby takes the position that it has no corporate knowledge and position on that area, UCC will not, without extremely good cause shown, be allowed to introduce evidence consisting of documents prepared, sent or received by UCC, or of testimony of current or former UCC employees to affirmatively support or oppose a designated claim or defense with respect to the area of inquiry, and in addition, it may be prohibited from introducing any evidence as to such area of inquiry, pursuant to Fed. R. Civ. P. 37(b)(2)(B). All claims of newly discovered evidence to support an exception to this portion of the Order will be strictly scrutinized.

Taylor, 166 F.R.D. at 365.

However, if a party does not wish to be deemed without knowledge as to a certain topic or sub-topic, then it must not refuse to designate a witness to testify as to a Rule 30(b)(6) topic without first obtaining a protective order from a court. See Marker v. Union Fidelity Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.1989). Self-help in the form of refusing to comply with a Rule 30(b)(6) notice is not an option. As the district court explained in Marker, "[n]othing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice . . . ." Id. If a party wishes to limit a Rule 30(b)(6) notice, then if "must first obtain a protective order pursuant to Rule 26(c), . . . ." Id.

Here, plaintiffs have refused to designate fact witnesses to testify as to the core of their claims for reimbursement of sunk costs; at the same time, plaintiffs have not objected to the Rule 30(b)(6) notices or moved for a protective order. From their continuing refusal to designate fact witnesses to testify as to the amount of their sunk costs, the Court should infer that plaintiffs Aera, Noble, and Plains lack any corporate knowledge as to the amount of their sunk costs, and that they take no position that they are entitled to recovery of the claimed costs. See Taylor, 166 F.R.D. at 365 ("[F]or each area of inquiry or sub-area of inquiry in Attachment A as to which UCC does not designate a deponent to testify[, it] thereby takes the position that it has no corporate knowledge and position on that area.").

However, because Aera, Plains, and Noble have filed a complaint in this action seeking recovery of sunk costs, among other things, and their counsel continues to represent that these three plaintiffs maintain that they are entitled to reimbursement of sunk costs, Aera, Noble, and Plains are impermissibly attempting to have it both ways. They may not claim to lack any corporate knowledge as to the amount of their reimbursement claims in response to a Rule 30(b)(6) notice of deposition, and refuse to take a position as to the amount of those claims,

while simultaneously seeking recovery of these costs as to which they ostensibly have no corporate knowledge or position. Id.

Further, plaintiffs may not designate witnesses from Ernst & Young to testify, under oath, as to the corporate knowledge of Aera, Plains, and Noble. To our knowledge, Ernst & Young is not owned by or affiliated with any of the plaintiffs, and, accordingly, it cannot testify as to the corporate knowledge of these three plaintiffs. A hired outside firm such as Ernst & Young cannot manufacture the corporate knowledge that plaintiffs themselves reportedly lack. By purporting to designate Ernst & Young witnesses to testify after the close of discovery, plaintiffs are simply refusing to comply with the requirements of Rule 30(b)(6).

Accordingly, if the Court permits Aera, Plains, and Noble and the other plaintiffs to continue to pursue their claims for reimbursement of hundreds of millions of dollars in sunk costs, we respectfully request that the Court enter an order compelling Aera, Plains, and Noble to designate fact witnesses to testify to each of the topics set forth in the Rule 30(b)(6) notices of deposition. See Exs. B, G, and H (Rule 30(b)(6) Deposition Notices). Rule 37(a)(2)(B) provides in pertinent part as follows:

> If . . . a corporation or other entity fails to make a designation under RCFC 30(b)(6) . . . , the discovering party may move for an order compelling . . . a designation[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

RCFC 37(a)(2)(B).

Accordingly, by its express terms, the Rule authorizes the Court to compel plaintiffs to designate fact witnesses pursuant to Rule 30(b)(6). We have conferred in good faith with

plaintiffs, and they have refused to comply with our notices of deposition. Accordingly, an order compelling this discovery should be entered, and the Government should be granted adequate time within which to conduct the ordered discovery.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion to compel and issue an order compelling plaintiffs Aera, Noble, and Plains to designate fact witnesses to testify as to topics 3 through 7 in their respective notices of deposition pursuant to Rule 30(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-2345

Attorneys for Respondent

August 8, 2006

# EXHIBIT A

**U.S. Department of Justice**

Civil Division

*Post Office Box 14524*
*Washington, D.C. 20044-4524*

*Telephone: (202) 353-2345*
*Telecopier: (202) 514-8624*

June 23, 2006

**VIA E-MAIL AND FIRST CLASS MAIL**

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Re: Amber Resources Co., et al. v. United States
Nos. 02-30C, 04-1822C, and 05-249C

Dear Mr. Rosenbaum:

The purpose of this letter is twofold. First, we want to confirm, as tentatively represented by Tom Cosgrove during a telephone conversation last week, that plaintiffs intend to prove their sunk cost case with only expert witnesses at this time. That is, plaintiffs do not intend to call any fact witnesses to prove any aspect of their sunk cost case.

Second, at this time, contingent upon your confirmation of the above paragraph, the United States intends to depose the following employees or agents of plaintiffs pursuant to the court's discovery orders to date:

1. Roger Parker, Delta Petroleum Company
2. Kent Lina, Delta Petroleum Company
3. Burdette Ogle, Ogle Petroleum Company
4. Flint Ogle, OLAC Resources LLC
5. Ron Heck, Samedan Oil Corporation
6. Terry Enders, Aera Energy LLC
7. Arthur Boehm, Nuevo Energy Company

8. Deposition of Noble Energy under Fed. R. Civ. P. 30(b)(6) on cost matters related to the operatorship of the Sword and Gato Canyon Units.

9. Deposition of Aera Energy under Fed. R. Civ. P. 30(b)(6) on cost matters related to the operatorship of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit, and Lease OCS-P 0409.

10. Deposition of Plains Exploration & Production under Fed. R. Civ. P. 30(b)(6) on cost matters related to the operatorship of the Bonito and Rocky Point Units.

Our goal is to conduct these depositions in the month of July and the first week of August. We ask that you propose dates and places for the depositions, at which time we will prepare subpoenas, as needed, and notices for the witnesses.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al.,<br><br>Plaintiffs,<br><br>THE UNITED STATES,<br><br>Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Eric G. Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | |

**NOTICE OF RULE 30(b)(6) DEPOSITION**

Please take notice that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, the United States will take the oral deposition of plaintiff Aera Energy LLP, which must designate a person or persons who shall testify to matters known to it with respect to the following topics:

1. The origin of all documents produced by Aera in this case.

2. The circumstances under which Aera became operator of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

3. The exact dollar amount of sunk costs claimed by Aera in this lawsuit.

4. The names and locations of all persons who participated in the calculation of sunk costs identified in (3) above.

5. Costs incurred by Aera and claimed in this lawsuit related to its operatorship of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

6. Costs claimed by Aera in this lawsuit but incurred by others, including predecessors in interest.

7. All costs described by plaintiffs on the page marked "Aera" of Exhibit II to Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents.

8. The contents and terms of all unit agreements and understandings related to the operatorship of the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

9. The contents and terms of all agreements and understandings among two or more owners of lease interests in the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit and Lease OCS-P 0409.

The deposition will take place on July 28, 2006, beginning at 9:00 a.m. PST in the offices of Esquire Deposition Services, 1430 Truxton Avenue, Suite 777, Bakersfield, California 93301,

or such other location as may be agreed by the parties, and will continue from day to day until concluded.

Please take further notice that the deponent or deponents designated by Aera shall bring to the deposition, for purposes of inspection and copying, those documents referred to by the deponent or deponents in preparation for testifying.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

July 11, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 11th day of July 2006, I caused to be electronically mailed and placed in the United States mail (first-class mail, postage prepaid) copies of the foregoing "NOTICE OF RULE 30(b)(6) DEPOSITION" addressed as follows:

srosenbaum@cov.com

and

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

# EXHIBIT C

COVINGTON & BURLING LLP

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON
NEW YORK
SAN FRANCISCO
LONDON
BRUSSELS

THOMAS J. COSGROVE
TEL 202.662.5328
FAX 202.778.5328
TCOSGROVE@COV.COM

July 17, 2006

BY EMAIL AND FIRST CLASS MAIL

Gregg M. Schwind, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530

Re: *Amber Resources Co., et al. v. The United States,*
Nos . 02-30C & 04-1822C

Dear Mr. Schwind:

I write regarding the Government's Notice of Rule 30(b)(6) Deposition for Aera Energy, which was emailed to us on July 11, 2006, as well as other scheduling issues.

The Government in its June 23, 2006 letter requested that we schedule ten depositions that the Government wants to take. Three of these depositions were to be 30(b)(6) depositions, of plaintiffs Aera, Plains and Noble. In all three cases, your letter stated that the 30(b)(6) depositions would cover "cost matters related to the operatorship" of the units and leases for which these three companies are operators. We accordingly endeavored to identify the appropriate 30(b)(6) witnesses, and schedule depositions, based on your representation as to the scope of the 30(b)(6) depositions. We have, in fact, proposed dates for all ten depositions, except for Messrs. Heck and Bud Ogle, which are the subject of separate correspondence.

However, the Aera 30(b)(6) notice is not consistent with the representations made in your June 23 letter. Rather than addressing "cost matters related to the operatorship" of the units and leases for which Aera is operator, that notice lists nine subjects for the deposition, several of which have multiple subparts. The noticed subjects include, for instance, "the origin of all documents" produced by Aera, "the circumstances under which Aera became the operator" of various units and Lease OCS-P 0409, the "contents and terms of all unit agreements and understandings related to the operatorship" of the units and Lease OCS-P 0409, and the "contents and terms of all agreements and understandings among two or more owners of lease

interests" of the units and Lease OCS-P 0409. These subjects go far beyond the scope identified in your June 23 letter.

While we do not object (except as described below) to the 30(b)(6) notice, given its expansive scope, no single Aera witness is in a position to address each subject. Accordingly, on July 28, 2006, the date previously proposed for the Aera 30(b)(6) deposition, Aera will produce a witness prepared to testify on: subject no. 1 (origin of documents produced by Aera in the case) to the extent those documents at issue are accounting-related documents; and no. 7 (costs described by plaintiffs on the page marked "Aera" of Exhibit II to Plaintiffs' Second Supplemental Responses to Defendants' First Set of Interrogatories and First Request for the Production of Documents) to the extent the questions pertain to the source of the documents upon which the cost calculations were derived.

In addition, Mr. Terry Enders, who until recently was an employee of Aera, and who the Government will be deposing on July 25, is the person most knowledgeable of: subject no. 1, (origin of documents produced by Aera) to the extent the documents at issue are non-accounting records; no. 2 (circumstances under which Aera became operator); and no. 8 (the content and terms of all unit agreements and understandings among lease owners).

Several noticed subjects pertain to the calculation of Aera's damages claims in the case. As you are aware, the calculation of all of the plaintiffs' damages claims has been conducted by Ernst & Young, a representative of which will appear as an expert witness at trial, and who will be available for deposition during the expert phase of discovery. That individual will be available to testify regarding subjects no. 3 (the exact dollar amount of sunk costs); no. 4 (the names and locations of all persons who participated in calculation of sunk costs); no. 5 (costs "relat[ing] to its operatorship" of any unit or Lease OCS-P 0409); no. 6 (costs incurred by others, including predecessors in interest); and no. 7 (costs described by plaintiffs on the page marked "Aera" of Exhibit II to Plaintiffs' Second Supplemental Responses to Defendants' First Set of Interrogatories and First Request for the Production of Documents). However, to the extent that these calculations are predicated on Aera accounting or other records, you will be able to inquire about those documents during the depositions of Aera's 30(b)(6) deposition or the deposition of Mr. Enders.

Finally, with respect to subject no. 9 (contents and terms of "all agreements and understandings") Aera objects to this noticed subject on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence with respect to any of the issues still pending in this litigation. To the extent any agreements between the Lessees could possibly be relevant in this litigation (and we question that), they are covered by subject no. 8 (content and terms of all unit agreements and understandings).

To the extent that your 30(b)(6) notices for Plains and Noble will be identical to that which you served on Aera, both of these plaintiffs will need to designate more than one witness in response. First, both Plains and Noble will produce a witness who will address the same

categories of topics that will be addressed by the Aera witness on July 28 (discussed above). In the interest of moving forward, we again propose that these witnesses be deposed on August 1 and 2 in Houston, Texas.

For Plains, with respect to the Bonito Unit, Mr. Art Boehm, who until recently was an employee of Nuevo and who the Government will be deposing on July 27, is the person most knowledgeable of the same categories of subjects discussed above in relation to Mr. Terry Enders. For the same categories of subjects with respect to the Rocky Point Unit, Plains will designate another witness, who is available to be deposed during the month of August.

For Noble, for the non-accounting subjects about both the Sword and Gato Canyon Units, an additional witness will need to be scheduled, who will again be available for deposition during August.

Finally, this will confirm the three depositions scheduled for next week in Bakersfield: Enders, on July 25; Boehm, on July 27; and Aera 30(b)(6), on July 28.

Sincerely,

Thomas J. Cosgrove

# EXHIBIT D

**U.S. Department of Justice**

Civil Division

*Post Office Box 14524*
*Washington, D.C. 20044-4524*

*Telephone: (202) 353-2345*
*Telecopier: (202) 514-8624*

July 20, 2006

**VIA E-MAIL AND REGULAR MAIL**

Thomas J. Cosgrove, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Re: Amber Resources Co., et al. v. United States
Nos. 02-30C, 04-1822C, and 05-249C

Dear Mr. Cosgrove:

This letter is in response to your letter dated July 17. My June 23 letter stated that we intended to depose plaintiff Aera under Rule 30(b)(6) with regard to the broad subject of "cost matters related to the operatorship" of the four units and one non-unitized lease for which Aera serves as operator. Our July 11 notice described more specifically the cost-related subjects upon which we intend to question the Aera witness or witness plaintiffs designate. There is no inconsistency between my June 23 letter and the July 11 notice.

Second, while not agreeing to any of your proposals, we understand your letter to state plaintiffs' intent to prepare one or more Aera witnesses for all Rule 30(b)(6) topics (none of which has "multiple subparts" as you contend), with the exception of topic no. 9. You state that plaintiffs object to topic no. 9 as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Upon further consideration, we agree to qualify topic no. 9 to read:

> The contents and terms of all agreements and understandings among two or more owners of lease interests in the Lion Rock Unit, Point Sal Unit, Santa Maria Unit, Purisima Point Unit, and Lease OCS-P 0409, to the extent such agreements relate to costs incurred in the operation of the units or leases.

We assume that plaintiffs will withdraw their objection given this qualification; please inform me immediately if plaintiffs persist in objecting to this subject matter.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch

# EXHIBIT E

**U.S. Department of Justice**

Civil Division

*Post Office Box 14524*
*Washington, D.C. 20044-4524*

*Telephone: (202) 353-2345*
*Telecopier: (202) 514-8624*

July 31, 2006

**VIA E-MAIL AND REGULAR MAIL**

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401

Re: Amber Resources Co., et al. v. United States
Nos. 02-30C, 04-1822C, and 05-249C

Dear Mr. Rosenbaum:

The purpose of this letter is to provide a partial update on the status of deposition discovery following the Rule 30(b)(6) depositions of Aera and Plains witnesses in Bakersfield on July 25, 27, and 28.

As of today, plaintiffs have not designated an Aera or Plains witness to provide testimony on five topics listed in the Government's Rule 30(b)(6) notices. While plaintiffs made two Rule 30(b)(6) Aera witnesses available on July 25 and 28, neither was prepared to testify to topics 3 through 7 in the Government's notice. Similarly, while plaintiffs made one Plains witness available on July 27 and will make another witness available on August 1, plaintiffs have failed to prepare either witness to testify as to the same five topics. And while plaintiffs purported to provide a witness for topic 7, plaintiffs severely curtailed the testimony to the mere source of documents used to calculate costs. To make matters even worse, plaintiffs have divided the individual topics so that no one witness is able to testify to even a single topic. For example, the Plains witness on July 27 was wholly unprepared to testify regarding even the very few topics for which he was designated to the extent that those topics concerned the Rocky Point Unit or accounting documents. Plaintiffs' confused tactics only serve to prolong the time required for fact discovery.

We expect that plaintiffs will attempt this same strategy with respect to the planned Rule 30(b)(6) deposition of Noble Energy. These five topics (topics 3-7) are at the heart of plaintiffs' claim for sunk costs. Importantly, plaintiffs did not object to any of the five topics listed in either notice or move for a protective order. To reiterate my July 20, 2006 letter, we do not agree that

you may designate an Ernst & Young expert witness as a fact witness on plaintiffs' costs during the expert phase of discovery. Our Rule 30(b)(6) notices seek a fact witness designated by each plaintiff to testify now to the listed costs matters related to each plaintiff. If plaintiffs lack fact witnesses to support their cost claims, then they should so advise the court as soon as possible. In any event, plaintiffs' proposal would – without permission from the court – necessarily push the parties' fact discovery far beyond the cutoff date in the January 2006 scheduling order.

Please be advised that, pursuant to Rule 37, unless plaintiffs timely comply with the Rule 30(b)(6) notices, we may file a motion to compel plaintiffs' compliance with the Rule 30(b)(6) notices, and that our costs resulting from plaintiffs' noncompliance to date are not insignificant. One possible sanction is to strike plaintiffs claim for sunk costs entirely or to pay the United States costs to conduct further Rule 30(b)(6) depositions. Because we hope to avoid having to resort to Rule 37, we must insist that plaintiffs comply with the rules and designate a fact witness to testify to all matters described in the respective Rule 30(b)(6) notices, not merely the topics convenient to plaintiffs.

Second, given plaintiffs' practice of designating multiple witnesses to provide testimony, we are entitled to more than seven hours of testimony per Rule 30(b)(6) deposition. Please let us know immediately if plaintiffs disagree, in order that we can bring the issue to the attention of the judge for resolution.

Third, we are still awaiting proposed dates from plaintiffs for the Noble Rule 30(b)(6) witness or witnesses. Due to your delay in proposing dates, few dates remain in August for deposition. As you have known for weeks, we are unavailable during the weeks of August 7 and 14 because of planned vacations. Moreover, the depositions of Flint Ogle, Bud Ogle, and Ron Heck are already scheduled for August 24 and 25, and the week of August 28. While Mr. Cosgrove has been promising dates for Noble witnesses for the past three weeks, we ask that you take steps to confirm possible dates with your witnesses as soon as possible.

Sincerely,

GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch

# EXHIBIT F

**Schwind, Gregg (CIV)**

**From:** McCarthy, Patricia (CIV)
**Sent:** Thursday, August 03, 2006 12:33 AM
**To:** 'tcosgrove@cov.com'; Schwind, Gregg (CIV)
**Cc:** Kidd-Miller, Allison (CIV); 'srosenbaum@cov.com'; 'jantonson@jw.com'; 'gpaik@cov.com'
**Subject:** Re: Amber Resources

Dear Mr. Rosenbaum:

Please forward to us a draft motion for an extension of the remaining deadlines set forth in the separate scheduling order regarding our motion for partial reconsideration of the court's rescission of Lease OCS-P 452, and we shall advise you as to whether we consent.

As to the numerous outstanding Rule 30(b)(6) deposition topics for which plaintiffs failed to timely produce witnesses on the noticed dates, and have yet either to designate witnesses or to propose future dates, we infer from Mr. Cosgrove's email below that plaintiffs have no intention of designating witnesses for the remaining topics prior to the August 31, 2006 fact discovery deadline. If we are mistaken, please so advise us immediately. However, I must caution you, as has Mr. Schwind on prior occasions, that we (especially Mr. Schwind and I) are substantially unavailable during the remainder of August for depositions due to long-planned family vacations. Indeed, for this very reason, we will require a seven-day extension of the deadline for the Government's responses to plaintiffs' most recent interrogatories, requests for admission, and requests for production of documents, because the current deadline for our responses will occur while Mr. Schwind, Ms. Kidd-Miller, Mr. Tosini, and I are all on vacation.

We look forward to receipt of the draft extension motion.

Sincerely, Patricia McCarthy

--------------------------

Sent from my BlackBerry Wireless Handheld

# EXHIBIT G

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**NOTICE OF RULE 30(b)(6) DEPOSITION**

Please take notice that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, the United States will take the oral deposition of plaintiff Plains Exploration and Production Company (Plains), which must designate a person or persons who shall testify to matters known to it with respect to the following topics:

1. The origin of all documents produced by Plains in this case.

2. The circumstances under which Plains (or a subsidiary) became operator of the Rocky Point Unit and the Bonito Unit.

3. The exact dollar amount of sunk costs claimed by Plains in this lawsuit.

4. The names and locations of all persons who participated in the calculation of sunk costs identified in (3) above.

5. Costs incurred by Plains or any subsidiary and claimed in this lawsuit related to its operatorship of the Rocky Point Unit and the Bonito Unit.

6. Costs claimed by Plains in this lawsuit but incurred by others, including predecessors in interest.

7. All costs described by plaintiffs on the page marked "Nuevo" of Exhibit II to Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents.

8. The contents and terms of all unit agreements and understandings related to the operatorship of, exploration of, and production from the Rocky Point Unit (as configured both currently and historically) and the Bonito Unit.

9. The contents and terms of all agreements and understandings among two or more owners of lease interests in the Rocky Point Unit (as configured both currently or historically) and the Bonito Unit, to the extent such agreements relate to costs incurred in the operation of the units or unit leases.

The deposition will take place on August 1, 2006, beginning at 9:00 a.m. CST at the Office of the United States Attorney, 919 Milam St., Houston, Texas, or such other location as may be agreed by the parties, and will continue from day to day until concluded.

Please take further notice that the deponent or deponents designated by Plains shall bring to the deposition, for purposes of inspection and copying, those documents referred to by the deponent or deponents in preparation for testifying.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

July 20, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of July 2006, I caused to be electronically mailed and placed in the United States mail (first-class mail, postage prepaid) copies of the foregoing "NOTICE OF RULE 30(b)(6) DEPOSITION" addressed as follows:

srosenbaum@cov.com

and

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

# EXHIBIT H

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al., Plaintiffs, THE UNITED STATES, Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Eric G. Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | |

**NOTICE OF RULE 30(b)(6) DEPOSITION**

Please take notice that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, the United States will take the oral deposition of plaintiff Noble Energy, Inc., which must designate a person or persons who shall testify to matters known to it with respect to the following topics:

1. The origin of all documents produced by Noble Energy and/or Samedan Oil Corporation in this case.

2. The circumstances under which Noble Energy and/or Samedan became operator of the Sword Unit and the Gato Canyon Unit.

3. The exact dollar amount of sunk costs claimed by Noble Energy and/or Samedan in this lawsuit.

4. The names and locations of all persons who participated in the calculation of sunk costs identified in (3) above.

5. Costs incurred by Noble Energy and/or Samedan and claimed in this lawsuit related to its operatorship of the Sword Unit and the Gato Canyon Unit.

6. Costs claimed by Noble Energy and/or Samedan in this lawsuit but incurred by others, including predecessors in interest.

7. All costs described by plaintiffs on the page marked "Samedan" (Exhibit IX) to Plaintiffs' Second Supplemental Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents.

8. The contents and terms of all unit agreements and understandings related to the operatorship of the Sword Unit and the Gato Canyon Unit.

9. The contents and terms of all agreements and understandings among two or more owners of lease interests in the Sword Unit or the Gato Canyon Unit, to the extent the agreements or understandings relate to costs incurred.

The deposition will take place on August 31 and September 1, 2006, beginning at 9:00 a.m. CST at the Office of the United States Attorney, 919 Milam St., Houston, Texas, or such

Please take further notice that the deponent or deponents designated by Noble Energy shall bring to the deposition, for purposes of inspection and copying, those documents referred to by the deponent or deponents in preparation for testifying.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

August 7, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 7th day of August 2006, I caused to be electronically mailed and placed in the United States mail (first-class mail, postage prepaid) copies of the foregoing "NOTICE OF RULE 30(b)(6) DEPOSITION" addressed as follows:

srosenbaum@cov.com

and

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004