IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFFS' COMPLIANCE WITH RULE 30(B)(6) NOTICES OF DEPOSITION**

Defendant, the United States, respectfully submits this reply to the August 24, 2006 opposition filed by plaintiffs in Nos. 02-30C and 04-1822C to defendant's August 8, 2006 motion to compel compliance with the requirements of Rule 30(b)(6) of the Court's rules.

In our motion, we demonstrated that plaintiffs in Nos. 02-30C and 04-1822C (for purposes of this reply, "plaintiffs") have failed to designate witnesses, as required by Rule 30(b)(6), to testify as to elemental factual issues that lie at the core of plaintiffs' claims for reimbursement of their so-called "sunk costs." They have never sought a protective order, and thus are barred from raising excuses for their undisputed failure to designate Rule 30(b)(6) witnesses for all topics on the noticed dates. Rather than complying with Rule 30(b)(6), plaintiffs Aera, Plains, and Noble unilaterally decided, without ever asking the Court's permission, to designate their outside "experts" at Ernst & Young to testify as to these factual matters, and to delay completion of the Rule 30(b)(6) depositions until a time well after the close of fact discovery. None of these plaintiffs has ever offered any legitimate excuse for its noncompliance with Rule 30(b)(6) and correspondingly substantial efforts to delay and disrupt pre-trial proceedings.

In their opposition, plaintiffs contend that we "fail[ed] to cite any legal authority to support [our] position, and established case law in fact makes it clear that a company may properly designate non-employees, including experts, to act as Rule 30(b)(6) witnesses in response to a Rule 30(b)(6) notice." Pl. Opp. at 1. They deny any violations of Rule 30(b)(6).

As we demonstrate below, plaintiffs have it exactly backwards: Our motion cites ample authority in support of our position, see Def. Mot. at 4-7 (numerous citations omitted), and the "established case law" to which plaintiffs refer is non-existent. Further, even taking everything plaintiffs say as true, they nonetheless concede, by omission, that they lacked any basis whatsoever to unilaterally postpone completion of our Rule 30(b)(6) depositions to a date well past the current discovery deadline, and to substantially delay the overall completion of pre-trial

proceedings. We respectfully request that the Court grant our motion and order plaintiffs to comply immediately with Rule 30(b)(6).

## ARGUMENT

### I. Plaintiffs Claim To Lack Corporate Knowledge As To Their Own Claims

Although plaintiffs do not claim to be affiliated, or that they jointly own all 36 leases at issue, they nonetheless assert the right to disavow personal knowledge of their individual claims, and to present instead

> a single, unified sunk costs **damages** calculation, based substantially on each lessee's fractional share of expenditures made with respect to jointly owned leases. Achieving efficiency in the quantification of **damages**, as well as streamlining the ultimate trial presentation, militated strongly in favor of the lessees' joint retention of a single expert to present their quantification of **damages**.

Pl. Opp. at 2 (emphasis supplied).

Plaintiffs' assertions misapprehend the content of our Rule 30(b)(6) notices of deposition. Our Rule 30(b)(6) notices of deposition do not ask "plaintiffs" to quantify their "damages."[1]

---

[1] Plaintiffs' repeated use of the term "damages" in their opposition to our motion flatly contradicts their new litigation position adopted for the first time in March 2006. The Court's January 2006 discovery order expressly prohibits any damages discovery regarding causation and profitability, the latter of which would support our losing contract defense. Plaintiffs' pending motion for partial summary judgment presumes that plaintiffs may recover exploration costs as restitution, without having to establish entitlement to reliance damages at all. Plaintiffs contend that they need not establish causation, and that we are not entitled to wage a losing contract defense to their recovery of exploration costs. We strongly disagree with plaintiffs and contend that they are indeed required to demonstrate all of the elements of a damages claims as a prerequisite to any recovery of exploration costs. However, plaintiffs may not have it both ways: they may not disavow any obligation to establish damages and simultaneously excuse their non-compliance with Rule 30(b)(6) based upon assertions that Ernst & Young has prepared a complicated damages analysis. Moreover, because plaintiffs are not seeking damages, and because they are not presenting a complicated damages analysis, their contention that they need not establish their own **historical** incurred costs by a preponderance of the evidence, see Pl. Opp. at 8 n.6 (citations omitted), is erroneous, as is their unexplained assumption that Rule 1006 of the Rules of Evidence would not require them to furnish

Rather, the notices require Aera, Plains, and Noble – individually – to designate a witness or witnesses to testify as to the quantum of each company's historical incurred costs regarding the lease or leases in which each has an interest and which are the subject of this litigation. This is a quintessentially factual issue, one that is well within the ability of each company to ascertain. Contrary to plaintiffs' unexplained assumption, a simple tabulation of all plaintiffs' aggregate incurred costs is not the proper subject of expert testimony. Cf. Jorgensen v. Beach 'n' Bay Realty, Inc., 125 Cal. App. 3d 155, 163, 177 Cal. Rptr. 882, 887 (1981) ("The correct rule on the necessity of expert testimony has been summarized by Bob Dylan: 'You don't need a weatherman to know which way the wind blows.'") (quoting Bob Dylan, Subterranean Homesick Blues (Columbia Records 1965))). In any event, the evident unwillingness or inability of Aera, Plains, and Noble to testify as to the quantum of each company's historical incurred costs does not excuse each company's unwillingness to timely designate a witness to testify prior to the fact discovery deadline.

Indeed, plaintiffs readily concede that "a current lessee is frequently unaware of the exact calculation of its sunk costs claim." Pl. Opp. at 2; see also id. at 7-8 ("It would be utterly pointless and absurdly time-consuming for each lessee to try to 'educate' an employee from scratch as to how Ernst & Young has gone about performing its sunk cost . . . calculations, so that the employee could simply regurgitate that information to the Government (which will no doubt question Ernst & Young regarding the same topics during expert discovery)."). We have never asked Ernst & Young to "educate" plaintiffs; we asked each plaintiff to designate a witness to explain the factual basis for its claimed costs. Assuming the truth of plaintiffs'

---

authenticated evidence in support of their "single, unified sunk costs . . . calculation." See id. at 2, 8, n.6.

admissions that at least some of the plaintiffs lack corporate knowledge as to the quantum of their own incurred costs (essentially they need to be "educated" as to their own alleged costs), every plaintiff to which these admissions apply should immediately withdraw its claims for recovery of sunk costs. Cf. United States v. Taylor, 166 F.R.D. 356, 365 (M.D.N.C. 1996) (Rule 30(b)(6) deponent lacking corporate knowledge should not be permitted to introduce evidence to support claim or defense without good cause shown.).

## II. Aera, Plains, And Noble Fail To Justify Their Respective Failures To Timely Designate Witnesses To Testify As To All Rule 30(b)(6) Topics

Plaintiffs contend that Aera, Plains, and Noble have complied with the Rule 30(b)(6) notices because "it is well-established that a party may designate non-employees, including experts, as Rule 30(b)(6) witnesses." Pl. Opp. at 5. They then proceed to cite authority for the unremarkable proposition that Rule 30(b)(6) designees may include persons other than the company's officers, directors, and managing agents. See id. at 6. However, their contention that "a party is clearly entitled to designate an expert as its Rule 30(b)(6) witness" does not follow. See id.

### A. Neither Aera, Plains, Nor Noble May Unilaterally Decide That Future Expert Discovery Is An Adequate Substitute For Timely Compliance With Their Rule 30(b)(6) Notices

None of the precedent cited by plaintiffs holds that a party is "clearly entitled" to designate an expert as its Rule 30(b)(6) witness, as none of the courts in the cases cited by plaintiffs purported to decide, or even frame, the issue. Further, and in any event, none of the cases cited by plaintiffs stands for plaintiffs' novel assumption that the Court's rules authorize a party to evade a Rule 30(b)(6) notice of deposition, and a Court scheduling order, by unilaterally determining that subsequent expert discovery would be a valid substitute for timely compliance with the Rule 30(b)(6) notice seeking fact discovery. Simply put, neither our Rule 30(b)(6)

notices of deposition, nor the Court's discovery orders, are subject to such easy evasion by the parties served.

Moreover, none of the precedent cited by plaintiffs holds that an expert witness may testify as to the factual corporate knowledge of a party in litigation in a Rule 30(b)(6) deposition. Rather, in each case, the court merely noted in passing that a party had contemplated designating an expert witness to testify as to one or more Rule 30(b)(6) topics.

Accordingly, plaintiffs's description of the unpublished decision in National Fire Protection Association, Inc. v. International Code Council, Inc., No. Civ.A.03-10848 DPW, 2006 WL 839501, at *27 (D. Mass. Mar. 26, 2006), is overstated. According to plaintiffs, the district court "accept[ed] plaintiffs' assertion that it could designate an expert to testify to 30(b)(6) issues involving calculation of damages." Pl. Opp. at 6. In reality, the court never addressed whether and under what circumstances an expert may testify as to Rule 30(b)(6) topics. Instead, in that case, the plaintiff told the defendant that it would be designating an expert to testify as to damages allegedly sustained to plaintiffs' goodwill and reputation. Nat'l Fire Protection, 2006 WL 839501, at *27. Rather than "accepting" plaintiffs' designation, the district court merely noted that the plaintiff had actually failed to designate an expert to testify, and, thus, had failed to prove actual harm to its goodwill and reputation. Id. Unlike the plaintiff in National Fire Protection, Aera, Plains, and Noble are seeking reimbursement of historical sunk costs – not complicated damages involving goodwill and reputation.

Morever, plaintiffs flatly misstate the holding of Omegaflex, Inc. v. Parker Hannifin Corporation, 425 F. Supp. 2d 171 (D. Mass. 2006). See Pl. Opp. at 6-7. As in National Fire Protection, the court in Omegaflex never addressed whether a party may respond to a Rule 30(b)(6) deposition notice by designating an expert witness. See id., 425 F. Supp. 2d at 175,

185. Rather, the plaintiff in Omegaflex sought a Rule 30(b)(6) deposition regarding defendant's patent invalidity contentions which involved complex legal issues. The court observed, **in passing**, that the defendant had declined to present a witness, contending that such issues involving the application of law to fact should be explored through interrogatories or an expert witness. Id. at 175. At no point did the court analyze, rule, or opine upon the propriety of the defendant's failure to provide a Rule 30(b)(6) witness. See, e.g., id. at 185.

Finally, the other unpublished decisions cited by plaintiffs, Cummings v. General Motors Corporation, No. Civ. 00-1562-W, 2002 WL 32713320, at *2 (W.D. Okla. Jun. 18, 2002) (General Motors designated former employee as Rule 30(b)(6) deponent), and Baxter International, Inc. v. McGaw, Inc., No. 95 C 2723, 1998 WL 102668, at *8 (N.D. Ill. Mar. 3, 1998) (without deciding propriety of designating expert for Rule 30(b)(6) deposition in complex and technical patent case, court noted that Baxter had designated expert "as knowledgeable about additional material prior-art devices, the Nutri-Lock and Automix"), see Pl. Opp. at 7, likewise do not support plaintiffs' contention that they may designate an unaffiliated third party "expert" to testify as to plaintiffs' and their predecessors' corporate knowledge of their own alleged costs. None of these cases holds that an outside expert may manufacture corporate factual knowledge that the party itself reportedly lacks. Nor do those cases hold that a party may unilaterally determine that future expert discovery is an adequate substitute for timely compliance with a Rule 30(b)(6) notice of deposition.

**B. Aera, Plains, And Noble Are Required To Designate A Witness Or Witnesses To Testify As To All Rule 30(b)(6) Topics**

Plaintiffs further contend that Aera, Plains, and Noble "could have refused to designate any witnesses with respect to Topics 3 to 7, on the ground that a Rule 30(b)(6) deposition is not the appropriate vehicle for discovery on Topics 3 to 7." Pl. Opp. at 7, n.5 (citing SmithKline Beecham Corp. v. Apotex Corp., No. 99-CV-4304, et al., 2004 WL 739959, at *1-*3 (E.D. Pa. Mar. 23, 2004); Exxon Research & Eng'g Co. v. United States, 44 Fed. Cl. 597, 602 (1999)). Again, plaintiffs fundamentally misapprehend the content of our Rule 30(b)(6) notices of deposition. Our notices do not solicit plaintiffs' legal positions, or hypothetical expert opinions that may be rendered by Ernst & Young at some point in the future, but, rather, the basis of each noticed company's historical incurred costs. We seek discovery of purely factual matters, and Ernst & Young, as an outside retained expert, could not possibly possess personal knowledge of these factual matters. Again, if there truly are no witnesses who possess personal or corporate knowledge of plaintiffs' claimed historical costs, as plaintiffs appear to concede, then plaintiffs should withdraw those claims as unsupportable and unsubstantiated.

In fact, plaintiffs' reliance upon SmithKline is misplaced because the court in that case **rejected** the same argument that plaintiffs advance here. In SmithKline, the district court held that a Rule 30(b)(6) deposition may not be used to discover a party's legal positions and that the party in question, Alphapharm, should use interrogatories to obtain SmithKline's legal positions.[2] 2004 WL 739959, at *3. However, the court rejected SmithKline's attempt to

[2] Plaintiffs' reliance upon Exxon is similarly misplaced. See Pl. Opp. at 7, n.5. In that case, the defendant noticed a Rule 30(b)(6) deposition regarding issues related to claim construction. Exxon, 44 Fed. Cl. at 598. Plaintiff Exxon contended that it would have to designate an attorney because claim construction is a legal issue. Id. The Court treated the issue as one of first impression. Id. at 599. As in SmithKline, this Court in Exxon explained that a fact-specific analysis is necessary to determine whether a Rule 30(b)(6) deposition or contention

withhold a Rule 30(b)(6) witness regarding the factual issue of whether a certain chemical converts to a different form in the human body. Id. at *4. Like Aera, Plains, and Noble, SmithKline contended that these Rule 30(b)(6) topics required expert testimony and were premature. Id. The court disagreed, holding that SmithKline must have had some basis for its belief that its patents were infringed, and that Alphapharm was entitled to discover that information without having to wait for expert discovery. Id. (citing AMP Inc. v. Melox Inc., 227 U.S.P.Q. 172, 172 (N.D. Ill. 1985) ("the court doubts that no non-expert representative could testify [about the basis for plaintiff's infringement claims], since plaintiff's agency and representatives made the decision to file this lawsuit.")).

Similarly, Aera, Plains, and Noble decided to file this lawsuit, not Ernst & Young. Presumably, each company had some basis for believing that it had incurred costs regarding each of the leases in which it possesses an interest. Each plaintiff is required to testify as to the factual support for its incurred cost claims.

## CONCLUSION

For these reasons, and the reasons set forth in our August 7, 2006 motion to compel compliance with Rule 30(b)(6), we respectfully request that the Court grant our motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

---

interrogatories are appropriate. See id. at 601 (citing Taylor, 166 F.R.D. at 362, n.7). Describing the decision as a "close call," the Court held that contention interrogatories were a more appropriate method for defendant to obtain answers to its questions regarding claim construction. Id. Here, in contrast, the Rule 30(b)(6) topics at issue do not concern legal issues or questions of technical complexity.

s/David M. Cohen
DAVID M. COHEN
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

ALLISON KIDD-MILLER
GREGG M. SCHWIND
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

September 1, 2006

Attorneys for Defendant