# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,* v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,* v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |

## DECLARATION OF THOMAS J. COSGROVE

Thomas J. Cosgrove declares and states as follows:

1. I am an attorney at the law firm Covington & Burling LLP and am a member in good standing of the Bar of the Court of Federal Claims. I provide this declaration in support of Plaintiffs' Motion to Quash Subpoena of Douglas Tymkiw and/or for a Protective Order.

2. Attached hereto as Exhibit A is a true and correct copy of the Government's October 3, 2006 Subpoena and Notice to Take Deposition of Douglas Tymkiw.

3. Attached hereto as Exhibit B is a true and correct copy of an October 6, 2006 email from Patricia McCarthy to Steven Rosenbaum.

4. Attached hereto as Exhibit C is a true and correct copy of an October 13, 2006 letter from Steven Rosenbaum to Patricia McCarthy.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 17, 2006

Thomas J. Cosgrove

# Exhibit A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**NOTICE TO TAKE DEPOSITION OF DOUGLAS TYMKIW**

Please take notice that pursuant to Rule 30 of the Rules of the United States Court of Federal Claims, the United States will take the deposition of Douglas Tymkiw upon oral examination before an officer authorized by law to administer oaths. The deposition will take place on October 24, 2006 at the United States Attorney's Office for the Eastern District of

Louisiana, located in the Hale Boggs Federal Building, 500 Poydras Street, Suite 210, New Orleans, Louisiana 70130 or such other location as may be agreed by the parties. The deposition will begin at 9:00 a.m. (CST), unless other arrangements are made.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-2345
Fax (202) 514-8624

October 3, 2006

Attorneys for Defendant

# *UNITED STATES COURT OF FEDERAL CLAIMS*

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**SUBPOENA**

Nos. 02-30C
04-1822C &
05-249C (Consolidated)
(Senior Judge Bruggink)

To:

Douglas Tymkiw
c/o Steven J. Rosenbaum
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of the United States Attorney<br>500 Poydras Street, Suite 210<br>New Orleans, LA 70130 | October 24, 2006<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): All materials (in any form) reviewed by you and/or Ernst & Young employees/agents in conjunction with the leases at issue in Amber Resources et al v. United States, to the extent such materials have not previously been produced to the United States in the subject litigation.

| PLACE | DATE AND TIME |
|---|---|
| Same as above. | Same as above. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the dated and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| Attorney for Defendant | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gregg M. Schwind, U.S. Department of Justice, Civil Division, 1100 L. Street, N.W., Room 12032, Washington, DC 20530 (202) 353-2345

**NOTE: If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.**

## PROOF OF SERVICE

SERVED Date: 04 October 06 Place: Washington, D.C.

SERVED ON (Print Name): Steven J. Rosenbaum

MANNER OF SERVICE: Electronic mail

SERVED BY (Print Name): Gregg M. Schwind

TITLE: Trial Attorney

☐ Fees tendered for one day's attendance and mileage allowed by law.

(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 04 Oct 06
Date

[signature]
Signature of Server

USDOJ, 1100 L Street, N.W.
Address of Server
Washington, D.C. 20530

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit B

**Cosgrove, Thomas**

**From:** Patricia.McCarthy@usdoj.gov
**Sent:** Friday, October 06, 2006 5:59 PM
**To:** Gregg.Schwind@usdoj.gov; Rosenbaum, Steven; Cosgrove, Thomas; Paik, Gina
**Cc:** Allison.Kidd-Miller@usdoj.gov
**Subject:** Re: Amber v. US; Tymkiw Notice and Subpoena

To be clear, we seek to depose Mr Ty.kiw soley in his capacity as a fact witness who has certified interrogatory response. We of course will depose him in his expert capacity later on.

----- Original Message -----
From: srosenbaum@cov.com <srosenbaum@cov.com>
To: Schwind, Gregg (CIV); tcosgrove@cov.com <tcosgrove@cov.com>; gpaik@cov.com <gpaik@cov.com>
Cc: McCarthy, Patricia (CIV); Kidd-Miller, Allison (CIV)
Sent: Fri Oct 06 17:44:31 2006
Subject: Re: Amber v. US; Tymkiw Notice and Subpoena

While I am prepared to accept the subpoena on Mr. Tymkiw's behalf, I do not agree that your effort is consistent with the scheduling order or Judge Bruggink's recent resolution of the parties' discovery disputes. I will call next week to see whether this matter can be resolved between us, failing which we will need to take this to the judge for resolution.

Steven J. Rosenbaum
Covington & Burling LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-5568
(202) 778-5568 fax
srosenbaum@cov.com
www.cov.com
This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

-----Original Message-----
From: Gregg.Schwind@usdoj.gov <Gregg.Schwind@usdoj.gov>
To: Cosgrove, Thomas; Rosenbaum, Steven; Paik, Gina
CC: Patricia.McCarthy@usdoj.gov <Patricia.McCarthy@usdoj.gov>; Allison.Kidd-Miller@usdoj.gov <Allison.Kidd-Miller@usdoj.gov>
Sent: Wed Oct 04 15:04:17 2006
Subject: Amber v. US; Tymkiw Notice and Subpoena

Counsel:

Based on the prior practice of the parties and his role in this case, we assume that you will accept service of the attached notice and subpoena for Douglas Tymkiw. If for any reason you elect not to accept service on behalf of Mr. Tymkiw, please let us know immediately and we will take the necessary steps to have him served in New Orleans. Thank you.

Sincerely,

Gregg M. Schwind

Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
(202) 353-2345
(202) 514-8624 (fax)

# Exhibit C

**U.S. Department of Justice**

Civil Division

Tel.: (202) 307-0164

**PDK:DMC:PMM**
**D.J. No. 154-02-30**

*Washington, D.C. 20530*

October 13, 2006

**VIA ELECTRONIC & REGULAR MAIL**

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20044

**Re:** ***Amber Resources Co., et al. v. United States,***
**Nos. 02-30C, 04-1822C & 05-249C (Fed. Cl.)**

Dear Mr. Rosenbaum:

We write with regard to your emailed requests of October 6 and October 12, 2006 that we withdraw our notice and subpoena duces tecum of the fact deposition of Mr. Tymkiw. Although initially engaged as an expert witness, subsequently Mr. Tymkiw, in his capacity as plaintiffs' agent, certified, under oath, numerous responses to interrogatories we propounded upon plaintiffs.

As we clarified on October 6, 2006, at this time, we do not seek to depose Mr. Tymkiw regarding the substance of his purported expert testimony, nor do we intend to question him regarding the quantification of plaintiffs' claims. Rather, we seek to depose Mr. Tymkiw regarding his personal knowledge as to the costs allegedly incurred by plaintiffs' predecessors, to which he has now attested under oath. To date, none of the plaintiffs whom we have deposed pursuant to Rule 30(b)(6) has personal knowledge of the claimed costs allegedly incurred by their predecessors-in-interest, and throughout fact discovery, which is about to close at the end of this month, plaintiffs have never identified any individual, other than Mr. Tymkiw, who is willing to testify under oath as to the factual support for plaintiffs' claims, in excess of $500 million, based upon the costs allegedly incurred by their predecessors-in-interest.

Although plaintiffs have produced documents that purportedly support plaintiffs' claims based upon the costs allegedly incurred by their predecessors-in-interest, in our view, none of those documents is admissible. Plaintiffs have failed to identify any witness, other than potentially Mr. Tymkiw, who could authenticate any of these documents. For this reason alone, therefore, we must depose Mr. Tymkiw prior to the fact discovery deadline to ascertain his true ability to authenticate these disparate documents.

Given the circumstances of Mr. Tymkiw's apparent relationship with plaintiffs (as an expert witness retained through Ernst and Young), we are highly skeptical of Mr. Tymkiw's ability to authenticate the supposed factual support for plaintiffs' claimed costs incurred by their predecessors-in-interest. Nonetheless, given that Mr. Tymkiw certified plaintiffs' interrogatories responses under oath, we take his certification at face value.

However, your email of October 12 suggests that Mr. Tymkiw's oath was somehow qualified. If, as you suggest, "Mr. Tymkiw's certification does not convert expert testimony into something else," then perhaps we may be able to withdraw our notice and subpoena of Mr. Tymkiw provided that plaintiffs confirm, in writing, that none of the claimed costs incurred by their predecessors-in-interest is supported by any admissible evidence.

We request explicit clarification in writing because your October 12 email, by referring to documents produced by plaintiffs, contains the troubling implication that plaintiffs may attempt to introduce evidence of costs allegedly incurred by their predecessors-in-interest through expert testimony by Mr. Tymkiw and perhaps others. Worse, we are concerned that plaintiffs' expert may simply testify as to "quantification" without plaintiffs having provided any evidentiary foundation for that "quantification" through fact witnesses.

As you know, however, plaintiffs may do no such thing. It is settled that "an expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case." Virgin Atl. Airways Ltd. v. British Airways PLC, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999), aff'd, 257 F.2d 256 (2d Cir. 2001); accord Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1057 (8th Cir. 2000); In re Citric Acid Litigation, 191 F.3d 1090, 1102 (9th Cir. 1999)); ADVO, Inc. v. Philadelphia Newspapers, Inc., 51 F.3d 1191, 1198-90 (3d Cir. 1995). Given this, any report by Ernst & Young could not "be used to prove the existence of facts set forth therein." In re Citric Acid, 191 F.3d at 1102; accord Sullivan v. National Football League, 34 F.3d 1091, 105 (1st Cir. 1994).

Previously plaintiffs have contended that Federal Rule of Evidence 703 permits an expert to rely upon facts or data that are otherwise inadmissible to form an opinion, if the facts or data are the type that an expert would reasonably rely upon in forming an opinion. However, this rule does not permit the admission into evidence of data or facts merely because the expert relies upon them. United States v. 0.59 Acres of Land, 109 F.3d 1493 (9th Cir. 1993); Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 728 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matter they contain if the materials are otherwise inadmissible.").

For example, in Brace v. United States, 72 Fed. Cl. 337 (2006), the Court recently held that the opinion of plaintiff's damages expert was "virtually devoid of factual moorings," which therefore "depriv[ed] it of virtually any evidentiary value." Id. at 353. In reaching its conclusion, the Court explained:

> [The plaintiff's expert] relied heavily on representations made by parties that did not testify at trial. Certainly, under Rule 703 of the Federal Rules of Evidence, a testifying expert may rely upon "facts or data" made known to the expert before the hearing and even may rely upon opinions, if reasonably relied upon by experts in the particular field. See Advisory Committee Note to Rule 703. However, the ipse dixit of that reliance does not make those facts, data or opinions true, particularly where, as here, they are derived largely from hearsay. See Fed. R. Evid. 802. **Rule 703 "was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinions."** Leeffel Steel Prods., Inc. v. Delta Brands, Inc., 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005). **In short, [plaintiff's expert's] report did not "automatically become proof of the facts underlying [his] expert[] opinion,"** Logan v. City of Pullman, 392 F. Supp. 2d 1246, 1254 (E.D. Wash. 2005), requiring plaintiff to otherwise demonstrate that the critical factual assertions upon which he proceeded were preponderantly true . . . . See Ambrosini v. Labarraque, 101 F.3d 129, 135-36 (D.C. Cir. 1996); Mis-State Fertilizer Co. v. Exchange Nat. Bank of Chicago, 877 F.2d 1333, 1338 (7th Cir. 1989); Fox v. Taylor Diving & Salvage Co., 694 F.2d 1349, 1356 (5th Cir. 1983). While this is not to suggest that plaintiff was obliged to corroborate every single fact upon which his expert relies, it remains that, in presenting [his] case, plaintiff largely skipped over this vital verification step.

Id. at 352 (emphasis added, brackets within quotes in original). The Court continued:

> In short, the record reveals that plaintiff provided little, if any, corroboration of the key assertions upon which [his expert] relied. . . . The situation thus confronted by the court was very similar to the one faced by the Seventh Circuit in Matter of James Wilson Assocs., 965 F.2d 160 (7th Cir. 1992). There, the Seventh Circuit observed –
>
> > The issue was the state of the building, and the expert who had evaluated that state – the consulting engineer – was the one who should have testified. The architect could use what the engineer told him to offer an opinion within the architect's domain of expertise, but he could not testify for the purpose of vouching for the truth of what the engineer told him – of becoming in short the engineer's

> > spokesman . . . [I]t is improper to use an expert witness as a screen against cross-examination.
>
> Id. at 173. In the case sub judice, Mr. Hofius played the role of consulting engineer, i.e., "the one who should have testified." Id.; see also TK-7 Corp., 993 F.2d at 732 ("[t]he fact that [the expert] relied upon the report in performing his calculation of lost profits does not relieve the plaintiffs from their burden of proving the underlying assumptions contained in the report"). As in these cases, [the plaintiff's expert] did not really determine the feasibility of using the property as [described in plaintiff's damages model], but merely valued the property based on the assumption that such a use was feasible. In terms of weight, then, [the expert's] ultimate opinion of value is virtually devoid of factual moorings, depriving it of virtually any evidentiary value. See Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1331 (5th Cir. 1996) ("Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all.").

Id. at 352-53.

Based upon Mr. Tymkiw's certification of plaintiffs' interrogatory responses, we inferred that he is prepared to testify under oath as to the factual support for plaintiffs' claims for costs allegedly incurred by their predecessors-in-interest. Your email of October 12 advises us that our inference is mistaken. Accordingly, if plaintiffs agree with the correctness of Brace, and confirm in writing that none of their claims for costs allegedly incurred by their predecessors-in-interest is supported by any admissible evidence, then we shall withdraw our notice and subpoena regarding Mr. Tymkiw as a fact witness. Otherwise, the minimal requirements of due diligence require us to depose Mr. Tymkiw.

Very truly yours,

PATRICIA M. McCARTHY
Assistant Director
Commercial Litigation Branch

cc: Jeffrey D. Antonson, Esq.