IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS TO QUASH SUBPOENA OF DOUGLAS TYMKIW AND FOR PROTECTIVE ORDER**

Defendant, the United States, respectfully opposes the "Motion to Quash Subpoena of Douglas Tymkiw and/or for a Protective Order," filed October 17, 2006, by plaintiffs in Nos. 02-

30C and 04-1822C (for purposes of this opposition, "plaintiffs"). As we demonstrate below, plaintiffs' motion is unnecessary as it effectively confirms the terms by which we explicitly agreed to withdraw our notice and subpoena for the fact deposition of Mr. Tymkiw. Rather than accepting our offer, plaintiffs instead have chosen to involve the Court needlessly in a discovery dispute.

## BACKGROUND

Plaintiffs are seeking reimbursement of hundreds of millions of dollars in so-called "sunk costs," supposedly incurred by them and, to a far greater extent, by their predecessors-in-interest. Until 8:00 p.m. on August 29, 2006 – fewer than 48 hours before the prior close of fact discovery on August 31 – plaintiffs had not certified, as required by Rule 33, their consolidated interrogatory responses specifying the exact quantum of "sunk costs" for which they seek reimbursement. On August 29, plaintiffs finally provided certifications for their consolidated interrogatory responses, some of which were for responses originally served more than three years ago.

However, rather than providing certifications by their officers or agents, see RCFC 33(a), with one exception (Ronald G. Heck), plaintiffs instead furnished certifications by non-party outside "experts:" Robert W. Mannon, Douglas Tymkiw of Ernst & Young, and Demetrius "Jim" Chaconas. None of these witnesses was disclosed to us in plaintiffs' initial disclosures.

On September 6, 2006, the Court denied our motion to compel plaintiffs' compliance with Rule 33 as moot. However, at no time prior to October 17, 2006 did plaintiffs ever make any assertion that would foreclose the possibility that, at trial, they would attempt to have Mr. Tymkiw authenticate documents regarding costs allegedly incurred by their predecessors-in-

interest (the "predecessor documents"). As we have explained to plaintiffs, see Ex. C to Cosgrove Decl. (Oct. 17, 2006), at 1, throughout fact discovery, they have never identified any individual, other than Mr. Tymkiw, who could possibly authenticate the predecessor documents. As we further explained to plaintiffs, as a matter of due diligence, we were required to depose Mr. Tymkiw to ascertain his true ability to authenticate the predecessor documents.

However, to avoid needless waste of the parties' time and expense, we explicitly offered to withdraw our notice and subpoena of Mr. Tymkiw's deposition "provided that plaintiffs confirm, in writing, that none of the claimed costs incurred by their predecessors-in-interest is supported by any admissible evidence." Id. at 2; see also id. at 4 ("Accordingly, if plaintiffs agree with the correctness of Brace [v. United States, 72 Fed. Cl. 337 (2006)], and confirm in writing that none of their claims for costs allegedly incurred by their predecessors-in-interest is supported by any admissible evidence, then we shall withdraw our notice and subpoena regarding Mr. Tymkiw as a fact witness."). Rather than provide the requested written confirmation in a letter to us, plaintiffs provided it instead in their current motion to the Court.

## ARGUMENT

### I. Plaintiffs' Unnecessary Motion Is Moot

Plaintiffs' motion is moot. It effectively concedes that Mr. Tymkiw cannot authenticate the predecessor documents. Pl. Mot. at 4-5 (claiming accounting expert's unique right to rely upon unauthenticated documents supposedly associated with non-party strangers so long as they are labeled "accounting records" by alleged accounting expert). If true, then we withdraw our notice and subpoena for the fact deposition of Mr. Tymkiw.

At no point in their motion to quash do plaintiffs represent that Mr. Tymkiw can authenticate the predecessor documents. Rather, plaintiffs provide more than two pages of legal argument contending that their experts may rely upon the unauthenticated predecessor documents at trial in formulating expert opinions as to costs allegedly incurred by third-party strangers whom plaintiffs have failed to identify as witnesses in this litigation. See Pl. Mot. at 4-6 (citations omitted). As we demonstrate below, none of the cases cited by plaintiffs supports that remarkable proposition; in fact, South Central Petroleum, Inc. v. Long Brothers Oil Company, 974 F.2d 1015 (8th Cir. 1992), see Pl. Mot. at 5, flatly contradicts it. In any event, plaintiffs' motion is more noteworthy for what it omits – any representation that any witness whom they have identified can authenticate the predecessor documents.

Because plaintiffs' motion effectively concedes, in part by omission and in part by argument, that the vast majority of plaintiffs' "sunk cost" claims, which are for costs incurred by their predecessors-in-interest, are unsupported by admissible evidence, and that none of the predecessor documents can be authenticated, we have no reason to depose Mr. Tymkiw as a fact witness at this time. Accordingly, in reliance upon the content of plaintiffs' motion to quash, which provides the written confirmation we requested from plaintiffs, we withdraw our notice and subpoena for Mr. Tymkiw's deposition.[1]

---

[1] To the extent, if any, that our reading of plaintiffs' motion is incorrect, and plaintiffs do intend to have Mr. Tymkiw authenticate the predecessor documents at trial, then we reserve the right to depose Mr. Tymkiw regarding his ability to authenticate the predecessor documents, concurrently with trial, if necessary.

## II. If Plaintiffs' Motion Is Not Moot, Then It Should Be Denied

To the extent, if any, that plaintiffs' motion is not moot, then we note that the factual and legal assertions that plaintiffs make in it are wrong.

Plaintiffs spend the first part of their motion conflating their claims based upon their own alleged costs with those based upon costs allegedly incurred by their predecessors-in-interest, and contending that we are seeking premature expert discovery. See Pl. Mot. at 1-4. As plaintiffs know, however, we explicitly disavowed any intention to depose Mr. Tymkiw regarding his expert views, the quantification of plaintiffs' claims, or even the factual support for plaintiffs' claims based upon their own alleged costs. Rather, we twice made it abundantly clear to plaintiffs that our sole and exclusive purpose for deposing Mr. Tymkiw concerned the factual support for plaintiffs' claims for costs incurred by their predecessors-in-interest. See Exs. B, C to Cosgrove Decl. (Oct. 17, 2006).

Indeed, in our October 13, 2006 letter to plaintiffs, we repeatedly and explicitly explained that our concern focused upon Mr. Tymkiw's ability to authenticate the predecessor documents, in light of plaintiffs' protracted failure to identify any other witness who might possibly authenticate those documents:

> Given the circumstances of Mr. Tymkiw's apparent relationship with plaintiffs (as an expert witness retained through Ernst and Young), we are highly skeptical of Mr. Tymkiw's ability to authenticate the supposed factual support for plaintiffs' claimed costs incurred by their predecessors-in-interest. Nonetheless, given that Mr. Tymkiw certified plaintiffs' interrogatories responses under oath, we take his certification at face value.

Ex. C to Cosgrove Decl. (Oct. 17, 2006) at 2; see also id. at 1.

Thus, there is no support for plaintiffs' contention that our subpoena is "an improper collateral attack on this Court's instructions." Pl. Mot. at 1. This Court never "instruct[ed]" us not to depose the fact witnesses, if any, who will authenticate plaintiffs' exhibits at trial. That is all we sought to do with our notice and subpoena of Mr. Tymkiw. Based upon our new understanding that Mr. Tymkiw will not be authenticating plaintiffs' exhibits at trial, we have no reason to depose him at this time.

In our October 13, 2006 letter, we further expressed to plaintiffs our concern that, by referring in their October 12, 2006 email to documents they have produced, plaintiffs were suggesting that they might attempt to introduce evidence of costs allegedly incurred by their predecessors-in-interest through expert testimony by Mr. Tymkiw and perhaps others. Ex. C to Cosgrove Decl. (Oct. 17, 2006) at 2. We reminded plaintiffs that it is settled that "an expert's opinion is not a substitute for a plaintiff's obligation to provide evidence of facts that support the applicability of the expert's opinion to the case." Virgin Atl. Airways Ltd. v. British Airways PLC, 69 F. Supp. 2d 571, 579 (S.D.N.Y. 1999), aff'd, 257 F.2d 256 (2d Cir. 2001); accord Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1057 (8th Cir. 2000); In re Citric Acid Litigation, 191 F.3d 1090, 1102 (9th Cir. 1999)); ADVO, Inc. v. Philadelphia Newspapers, Inc., 51 F.3d 1191, 1198-90 (3d Cir. 1995). Given this, any report by Ernst & Young could not "be used to prove the existence of facts set forth therein." In re Citric Acid, 191 F.3d at 1102; accord Sullivan v. National Football League, 34 F.3d 1091, 105 (1st Cir. 1994). See Ex. C to Cosgrove Decl. (Oct. 17, 2006) at 2.

In their motion to quash, plaintiffs dismiss the authority we cited to them as limited to "antitrust cases" or cases involving "speculative assumptions wholly outside the area of their

expertise." Pl. Mot. at 6. They contend, instead, that there is a special rule that permits accounting experts to rely upon unauthenticated third-party hearsay to establish, in the first instance, the facts supporting the expert opinion, so long as unauthenticated third-party hearsay is labeled as an "accounting record." See Pl. Mot. at 5. None of the authority cited by plaintiffs supports this novel proposition. In fact, it undermines plaintiffs' theory.

As an initial matter, none of the authority cited by plaintiffs addresses the fact pattern presented here: an accounting expert opining as to unauthenticated documents ostensibly created by third-party strangers to the litigation. Accordingly, plaintiffs' heavy reliance upon Yankee Atomic Electric Company v. United States, 2006 WL 2848615, at *76 (Fed. Cl. Oct. 4, 2006), is unavailing because Dr. Wise's expert report concerned costs incurred by Yankee Atomic Electric Company, the named plaintiff in that case. There, Dr. Wise relied upon "company business records." Id. (emphasis supplied). Similarly, In re Colonial Realty Company, 209 B.R. 819 (Bankr. D. Conn. 1997), concerned the debtor's own "federal tax returns, financial statements, net worth statements, material prepared by [the debtor's] employees and outside professionals for distribution to potential investors, cancelled checks, responses to subpoenas, and offering memoranda." Id. at 822. In Mac Sales v. E.I. du Pont de Nemours and Co., 1992 WL 396864 (E.D. La. 1992), the challenged expert, Henry Silvia, relied upon "[c]ompany records and statements by company personnel" provided to him by the president of the named plaintiff. Id. at *5. Finally, in Bauman v. Centex Corp., 611 F.2d 1115 (5th Cir. 1980), the expert's testimony "was based primarily on his review of [the plaintiff's company's] files and Centex's financial statements. He also relied in part on research about Centex done at the University of Houston library. [He] testified that he read 'all available information in that

library.'" Id. at 1120. The expert in Bauman v. Centex did not rely upon unauthenticated documents provided by third-party strangers to the litigation for the truth of the matters asserted in those unauthenticated documents.

Here, we do not envision substantial challenges as to the authenticity of documents regarding the alleged costs actually incurred by the named plaintiffs. In this respect, plaintiffs' own costs are analogous those claimed in the cases cited by plaintiffs, in that there were witnesses in those cases who could be cross-examined regarding the factual bases for the experts' testimony. Accordingly, none of the authority cited by plaintiffs has any bearing upon this issue. In contrast, however, we shall vigorously challenge the authenticity of all documents that originated with third parties, including predecessors to the named plaintiffs.

Indeed, to the extent, if any, that the authority cited by plaintiffs has any bearing upon plaintiffs' motion, it affirmatively undermines plaintiffs' position. In South Central Petroleum, Inc. v. Long Brothers Oil Company, 974 F.2d 1015 (8th Cir. 1992), the court rejected the defendant's objection to the district court's alleged reliance upon hearsay evidence when admitting expert testimony. The court explicitly limited the effect of the admission: "When the district court admitted the exhibit, however, it limited the admission to the expert's opinion, and not to the underlying figures, as required by Federal Rule of Evidence 703." Id. at 1019 (emphasis supplied).

Thus, as the court reiterated in South Central Petroleum, an expert may not establish the underlying facts, and a court may not rely upon inadmissible hearsay in crediting the expert's opinion. Indeed, to emphasize this principle, the court quoted the United States Supreme Court: "'In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore

when making decisions.'" Id. at 1019 (quoting Harris v. Rivera, 454 U.S. 339, 346 (1981)). Applying Harris v. Rivera to this case, all "inadmissible evidence" as to the costs allegedly incurred by plaintiffs' predecessors-in-interest presumably will be ignored because all of it will comprise unauthenticated hearsay.

**CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiffs' motion as moot.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/David M. Cohen
DAVID M. COHEN
Director

/s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

ALLISON KIDD-MILLER
GREGG M. SCHWIND
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

October 19, 2006

Attorneys for Defendant