# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al., Plaintiffs, THE UNITED STATES, Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Eric G. Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | |

**DEFENDANT'S THIRD CONSOLIDATED SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, United States, hereby requests that plaintiffs answer the following interrogatories under oath and produce to defendant the documents requested below in

accordance with Rules 33 and 34 of the Rules of the United States Court of Federal Claims, respectively.

These interrogatories and production requests shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information or discovers additional documents after service of its original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

## DEFINITIONS AND INSTRUCTIONS

A. The terms "plaintiffs," "you," "yourself," and "your" refer to plaintiffs and their present or former officers, employees, agents, attorneys or representatives and every person connected with plaintiffs in connection with the matter at issue in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law and its employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or

production request was, but no longer is, in your possession, custody, or control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian. "Documents" does not include any materials previously provided to counsel for the United States in this litigation.

D. "Complaint" refers to the First Amended Complaint filed by order of the Court in No. 02-30 dated June 14, 2002, the Complaint filed in No. 04-1822 dated December 27, 2004, and the Original Complaint filed in No. 05-249 dated February 24, 2004.

E. "Identify" or "identity" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to its answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

F. "Describe in detail" or "state in detail" as used herein, means the following:

(1) Describe fully by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of each such event;

(d) the address and location of each such event; and

(e) the identity of each person present during each such event.

G. "Leases" means the 40 undeveloped outer continental shelf leases to which paragraph 3 of the First Amended Complaint filed in No. 02-30 refers.

H. "Prior Owner" means a prior owner of a Lease, or a lessee, who is not a plaintiff.

I. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

J. The word "substantiate" means to identify each document and/or communication, including each and every provision of the contract, upon which you rely in making the reference, contention or response, and to state any other facts relating to the reference, contention or response.

K. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

L. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe in detail those documents, in the manner described in paragraph F above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

M. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## INTERROGATORIES

Interrogatory No. 15: Please identify each person who provided any information used in answering any of these interrogatories, or who located and/or provided documents to be produced. For each person identified, state for which answers/requests that person provided information and/or documents.

Interrogatory No. 16: Identify and describe in detail any court, administrative, or other proceeding for which one or more plaintiffs seek reimbursement of any costs in this lawsuit. By way of example only, the United States is aware that plaintiffs may have incurred costs with respect to proceedings before the California federal district court (California v. Norton) and the Interior Board of Land Appeals (IBLA, challenging the termination of four offshore leases) with respect to leases at issue in this litigation.

**REQUESTS FOR PRODUCTION**

1. All documents reflecting or related to Samedan's acquisition of Conoco's interests in the Sword Unit leases, to the extent not previously produced to the United States in this litigation. This request includes, but is not limited to, all documents listed at Exhibit A-1 to the May 30, 2000 "Purchase and Sale Agreement" at NOBLE-08411 et seq.

2. All documents reflecting or related to the "Samedan-Ogle Joint Venture" referenced in NOBLE-06522 and NOBLE-03330. This request includes, but is not limited to, documents related to the (1) formation of the Joint Venture; (2) costs, revenues, and expenditures of the Joint Venture; and (3) termination of the Joint Venture.

3. All documents related to or reflecting any agreement between Ogle Petroleum and Samedan Oil Corporation with respect to any interest in one or more California off-shore leases. This request includes, but is not limited to, the 1982 agreement and subsequent assignments as described in E&Y 2000280.

4. All documents related to or reflecting any agreement or transaction between Ogle Petroleum, Samedan Oil Corporation, and/or New England Energy, Inc. (NEEI), with respect to any interest in one or more of the leases at issue in this lawsuit. This request includes, but is not limited to, any documents related to the transaction or transactions by which NEEI acquired any interest or right in one or more of the leases at issue in this lawsuit.

5. All documents related to the acquisition, ownership, any extension, any use, and any assignment of the "Lease Purchase Option" from Conoco, as referenced in NOBLE-08623 and NOBLE-08497 et seq. This request includes, but is not limited to, the complete "Lease Purchase Option Agreement," with all amendments/modifications, described in NOBLE-08623.

6. All documents related to any analysis or investigation (whether internal or external) of costs billed to owners of working interests in one or more leases at issue in this litigation. This request includes, but is not limited to, all documents related to the analysis of Nuevo's 2001 and 2002 billings as described in E&Y 2001437 - 2001438.

7. All documents reflecting or related to any consultancy, management, or similar agreement between any unit operator or lease working interest owner, and any of the following persons or firms: Ronald Heck; any firm in which Mr. Heck has ever had an ownership interest, including, but not limited to R.G. Heck & Associates; Burdette A. Ogle; Flint B. Ogle; or any firm in which either (or both) Dr. Ogle and Mr. Ogle has ever had a direct or indirect interest, including, but not limited to, Ogle Enterprises, Ogle Petroleum, PetroGreen, OLAC, Ogle Resources, Marine Oil, Poseidon Petroleum, and Ogle Properties. This request includes, but is not limited to, the consultancy/management agreement(s) between Mr. Heck (or R.G. Heck & Associates) and Samedan (and later Noble) described by Mr. Heck at his August 25 deposition in this case. This request also includes, but is not limited to, the arrangement between Ogle Enterprises (to include Burdette Ogle, Ron Heck, and Flint Ogle) and Samedan (and later Noble) as described by Flint B. Ogle at his August 29, 2006 deposition in this case.

8. The complete, unredacted accounting records of Poseidon Petroleum relating in any way to any lease at issue in this lawsuit. This request includes, but is not limited to, clean, unredacted copies the documents marked POSEIDON-00284 - 00307.

9. Any letters of understanding or other similar written arrangement between Ogle Petroleum, Samedan, and/or Celeron Oil and Gas Company. This request includes, but is not limited to, any documents related to the transaction or transactions by which Celeron acquired any interest or right in one or more of the leases at issue in this lawsuit.

10. All documents reflecting and/or related to the acquisition, possession, sale, assignment, transfer, or termination of any overriding royalty interest or similar property interest held by any person or entity at any time with respect to any of the leases at issue in this lawsuit. This request includes, but is not limited to, documents related to the overriding royalty interest described on pages E&Y 2001578 - 2001587. This request also includes, but is not limited to, documents related to the "override" referenced by Terry Enders during his July 25, 2006 deposition in this case. (See Tr. at 85-86.) This request also includes, but is not limited to, the overriding royalty interest or interests described by Ron Heck and Flint Ogle at their August 25 and August 29 depositions, respectively, in production from the Point Pedernales Unit and/or the Lompoc field. Finally, this request also includes, but is not limited to, the overriding royalty interest described in paragraph (6) in E&Y 2001578 - 2001579.

11. All documents reflecting and/or related to the acquisition, possession, sale,

assignment, transfer, or termination of any net profits interest or similar property interest held by any person or entity at any time with respect to any of the 40 leases at issue in this lawsuit. This request includes, but is not limited to, documents related to the net profits interest referenced in E&Y 2000260 and the net profits interest described by Flint B. Ogle during his August 29, 2006 deposition. This request also includes, but is not limited to, documents related to the "net profits" arrangement referenced by Terry Enders during his July 25, 2006 deposition in this case. (See Tr. at 90.)

12. All documents reflecting and/or related to the acquisition, possession, sale, assignment, transfer, or termination of any farmout agreement or similar agreement by any person(s) or entity(ies) at any time with respect to any of the 40 leases at issue in this lawsuit. This request includes, but is not limited to, the farmout agreements referenced at E&Y 2000228.

13. All documents related to meetings and presentations with respect to the exploration and development of the eastern half of Lease OCS-P 0451. This request includes, but is not limited to, the meeting and PowerPoint presentation referenced by Kent Lina during his August 4, 2006 deposition in this case. (See Tr. at 22-23.)

14. All Authorizations for Expenditures (AFEs) related to the drilling of wells on the eastern half of Lease OCS-P 0451, along with all documents relating to whether any plaintiff or subsidiary would/did approve or disapprove the AFE. This request includes, but is not limited

to, any notes or recommendations on any of the wells prepared by Kent Lina as referenced during his August 4, 2006 deposition in this case.

15. A complete copy of the Amber Resources Company Form 10-K partially produced at E&Y 2000256 - 2000278.

16. All documents reflecting and/or relating to the "agreements" and transactions referenced in the Amber Resources Company 1988 and 1989 Forms 10-K at page E&Y 2000274 and E&Y 2000228, to the extent those "agreements" and transactions relate to any of the leases at issue in this lawsuit. This request includes, <u>but is not limited to</u>, the farmout agreements with Heafitz Energy Management, Inc. (HEMI) referenced in E&Y 2000228.

17. All agendas and meeting minutes for meetings of unit owners and/or working interest owners for all nine units at issue in this lawsuit, that occurred at any time in the past. This request includes, <u>but is not limited to</u>, agendas and meeting minutes as described by Roger Parker during his August 3, 2006 deposition in this case.

18. All agendas and meeting minutes for meetings of lease owners and/or working interest owners for 40 leases at issue in this lawsuit, that occurred at any time in the past prior to unitization of the particular lease in question. This request includes, <u>but is not limited to</u>, agendas and meeting minutes with respect to Lease OCS-P 0409.

19. All documents reflecting or related to any contracts, agreements, or understandings between Poseidon Petroleum and Chevron related to Chevron's operatorship of the Cavern Point Unit.

20. All documents reflecting or related to any contracts, agreements, or understandings between Poseidon Petroleum and Venoco related to Venoco's operatorship of the Cavern Point Unit. This request includes, but is not limited to, the letter agreement between Poseidon Petroleum and Venoco described by Flint B. Ogle during his August 29, 2006 deposition in this case.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530

Tel. (202) 307-0164
Fax (202) 514-8640

August 31, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 31, 2006, I caused to be sent by e-mail and by first class mail, postage prepaid, copies of Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents addressed as follows:

Steven J. Rosenbaum, Esq.
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
srosenbaum@cov.com

Jeffrey D. Antonson, Esq.
Jackson Waller LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
jantonson@jw.com

# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Eric G. Bruggink)

**PLAINTIFFS' RESPONSE TO DEFENDANT'S THIRD CONSOLIDATED SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33 and 34 of the Rules of the United States Court of Federal Claims, Plaintiffs respond and object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents ("Third Consolidated Set") as follows:

## GENERAL OBJECTIONS

The following general objections are applicable to each interrogatory and/or each document request, notwithstanding the fact that they are not repeated in full in response to each individual interrogatory or request. Neither the failure to assert any general objection or portion thereof in response to an individual interrogatory or request, nor the statement of portions of the general objections, or of similar objections, or additional objections, in response to specific requests, waives any of Plaintiffs' general objections to each request.

1. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents to the extent that they seek information that is protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine, and nothing in Plaintiffs' response is intended as, constitutes, or may be deemed as a waiver of any applicable privilege or doctrine. Accordingly, Plaintiffs do not provide privileged or otherwise protected information in its responses.

2. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents to the extent that they seek information that is not in the possession, custody or control of Plaintiffs, or which is at least as readily available to Defendant as it is to Plaintiffs. Requiring Plaintiffs to provide such information would be unnecessary and overly burdensome, and would not advance the objectives of legitimate

discovery. Subject to and without waiving the foregoing objection, Plaintiffs state that copies of some of the documents that Plaintiffs will produce may also be in the possession or control of Defendant.

3. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents to the extent that they seek information or documents not already prepared by Plaintiffs or in Plaintiffs' possession, custody or control.

4. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents, including the definitions and instructions, to the extent that they are vague, ambiguous, overbroad and unduly burdensome.

5. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents, including the definitions and instructions, to the extent that they seek to impose requirements or obligations on Plaintiffs in addition to or different from those imposed by the Rules of the United States Court of Federal Claims. In its responses, Plaintiffs will provide information as appropriate under those Rules.

6. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents to the extent that they seek information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiffs object to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents to the extent that they seek disclosure of confidential information and communications protected by Rule 408 of the Federal Rules of Evidence.

8. Plaintiffs' agreement to produce or objection to producing any particular information or document(s) is not a representation that such information or document(s) in fact exists.

9. Plaintiffs object to Defendant's definition of the terms "plaintiffs," "you," "yourself," and "your" to the extent that they may call for information beyond the possession, knowledge or control of Plaintiffs.

10. Plaintiffs object to Defendant's definition of the terms "identify," "documents," "describe in detail," and "state in detail" on the grounds that they are overbroad and unduly burdensome.

Without waiving or restricting any of its general objections set forth above, and expressly reserving and incorporating each such general response and objection, Plaintiffs respond as follows to Defendant's Third Consolidated Set of Interrogatories and Request for Production of Documents:

**INTERROGATORIES**

Interrogatory No. 15: Please identify each person who provided any information used in answering any of these interrogatories, or who located and/or provided documents to be produced. For each person identified, state for which answers/requests that person provided information and/or documents.

Response: Subject to the foregoing General Objections, and to the specific objection against the identification of participation by attorneys on grounds of the attorney client and work product privileges, Plaintiffs respond that the following persons assisted in locating and/or providing documents to be produced (names of companies on behalf of which the searches were

performed are identified in parentheses): Pat Williams (Plains); Tom Batsche (Plains); Jim Rumsey (Plains); Flint Ogle (OLAC, Ogle Petroleum, and Poseidon); Ron Heck (OLAC, Ogle Petroleum, and Poseidon); Stanley F. Freedman (Delta Petroleum and Amber Resources); Kevin K. Nanke (Amber Resources); Kent B. Lina (Delta Petroleum and Amber Resources); Jill M. Woodeshick (Delta Petroleum and Amber Resources); Sherry Abplanalp (Total), Ursula Cooper (Total); Marvinette Ponder (Devon); George Dowdy (Devon); Perry McAlister (Devon); Susan Starns (Devon); Steven K. Dodds (Anadarko); R.C. Barton (Aera); J.C. Boyd (Aera); Joseph Anderson (Aera); Jerry Williams (Noble); Alicia Caldwell (Noble); and Mike Brown (Noble).

Interrogatory No. 16: Identify and describe in detail any court, administrative, or other proceeding for which one or more plaintiffs seek reimbursement of any costs in this lawsuit. By way of example only, the United States is aware that plaintiffs may have incurred costs with respect to proceedings before the California federal district court (California v. Norton) and the Interior Board of Land Appeals (IBLA, challenging the termination of four offshore leases) with respect to leases at issue in this litigation.

Response: Reimbursement is not being sought in this lawsuit for the costs of any other court, administrative, or other proceeding.

**REQUESTS FOR PRODUCTION**

1. All documents reflecting or related to Samedan's acquisition of Conoco's interests in the Sword Unit leases, to the extent not previously produced to the United States in this litigation. This request includes, but is not limited to, all documents listed at Exhibit A-1 to the May 30, 2000 "Purchase and Sale Agreement" at NOBLE-08411 et seq.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this

request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): copies of the documents listed in Exhibit A-1 to the May 30, 2000 "Purchase and Sale Agreement" at NOBLE-08411 et seq.; any other agreements between Samedan and Conoco relating to Samedan's acquisition of Conoco's interests in the Sword Unit leases; and any documents by which the May 30, 2000 "Purchase and Sale Agreement," or any other agreements between Samedan and Conoco relating to Samedan's acquisition of Conoco's interests in the Sword Unit leases, were modified, amended, or terminated.

2. All documents reflecting or related to the "Samedan-Ogle Joint Venture" referenced in NOBLE-06522 and NOBLE-03330. This request includes, <u>but is not limited to</u>, documents related to the (1) formation of the Joint Venture; (2) costs, revenues, and expenditures of the Joint Venture; and (3) termination of the Joint Venture.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): copies of agreements or other documents through which the "Samedan-Ogle Joint Venture" was formed, modified, amended, or terminated; and any documents relating to the "Samedan-Ogle Joint Venture" that set forth expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs).

3. All documents related to or reflecting any agreement between Ogle Petroleum and Samedan Oil Corporation with respect to any interest in one or more California off-shore leases. This request includes, <u>but is not limited to</u>, the 1982 agreement and subsequent assignments as described in E&Y 2000280.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these

specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): a copy of the September 24, 1982 agreement; copies of subsequent assignments from Ogle to Samedan; copies of any other agreements between Ogle and Samedan relating to the lawsuit leases or the wells drilled on those leases; and copies of documents or agreements by which the 1982 Agreement, or any other agreements between Ogle and Samedan relating in whole or in part to any of the lawsuit leases, were modified, amended, or terminated.

4. All documents related to or reflecting any agreement or transaction between Ogle Petroleum, Samedan Oil Corporation, and/or New England Energy, Inc. (NEEI), with respect to any interest in one or more of the leases at issue in this lawsuit. This request includes, <u>but is not limited to</u>, any documents related to the transaction or transactions by which NEEI acquired any interest or right in one or more of the leases at issue in this lawsuit.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): all agreements between Ogle Petroleum,

Samedan Oil Corp. and/or NEEI that relate in whole or in part to any of the lawsuit leases; all agreements or documents modifying, amending, or terminating any such agreements between Ogle Petroleum, Samedan Oil Corp. and/or NEEI; and all assignments of any interests in the lawsuit leases among Ogle Petroleum, Samedan Oil Corp. and/or NEEI.

5. All documents related to the acquisition, ownership, any extension, any use, and any assignment of the "Lease Purchase Option" from Conoco, as referenced in NOBLE-08623 and NOBLE-08497 et seq. This request includes, <u>but is not limited to</u>, the complete "Lease Purchase Option Agreement," with all amendments/modifications, described in NOBLE-08623.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, all responsive documents have previously been produced.

6. All documents related to any analysis or investigation (whether internal or external) of costs billed to owners of working interests in one or more leases at issue in this litigation. This request includes, <u>but is not limited to</u>, all documents related to the analysis of Nuevo's 2001 and 2002 billings as described in E&Y 2001437 - 2001438.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this

request on the grounds that, through use of the term "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): documents related to any analysis or investigation (whether internal or external) of costs billed to owners of working interests in one or more leases at issue in this litigation.

7. All documents reflecting or related to any consultancy, management, or similar agreement between any unit operator or lease working interest owner, and any of the following persons or firms: Ronald Heck; any firm in which Mr. Heck has ever had an ownership interest, including, but not limited to R.G. Heck & Associates; Burdette A. Ogle; Flint B. Ogle; or any firm in which either (or both) Dr. Ogle and Mr. Ogle has ever had a direct or indirect interest, including, but not limited to, Ogle Enterprises, Ogle Petroleum, PetroGreen, OLAC, Ogle Resources, Marine Oil, Poseidon Petroleum, and Ogle Properties. This request includes, but is not limited to, the consultancy/management agreement(s) between Mr. Heck (or R.G. Heck & Associates) and Samedan (and later Noble) described by Mr. Heck at his August 25 deposition in this case. This request also includes, but is not limited to, the arrangement between Ogle Enterprises (to include Burdette Ogle, Ron Heck, and Flint Ogle) and Samedan (and later Noble) as described by Flint B. Ogle at his August 29, 2006 deposition in this case.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in

whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): consultancy, management, or similar agreement between any unit operator or lease working interest owner, and any of the following persons or firms: Ronald Heck; any firm in which Mr. Heck has ever had an ownership interest, including, but not limited to R.G. Heck & Associates; Burdette A. Ogle; Flint B. Ogle; or any firm in which either (or both) Dr. Ogle and Mr. Ogle has ever had a direct or indirect interest, including, but not limited to, Ogle Enterprises, Ogle Petroleum, PetroGreen, OLAC, Ogle Resources, Marine Oil, Poseidon Petroleum, and Ogle Properties.

8. The complete, unredacted accounting records of Poseidon Petroleum relating in any way to any lease at issue in this lawsuit. This request includes, <u>but is not limited to</u>, clean, unredacted copies the documents marked POSEIDON-00284 - 00307.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the ground that, because none of the redacted information pertains to expenditures on the 40 lawsuit leases or expenditures being claimed in this lawsuit, it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

9. Any letters of understanding or other similar written arrangement between Ogle Petroleum, Samedan, and/or Celeron Oil and Gas Company. This request includes, <u>but is not limited to</u>, any documents related to the transaction or transactions by which Celeron acquired

any interest or right in one or more of the leases at issue in this lawsuit.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): copies of any agreements between Ogle Petroleum, Samedan Oil Corp and/or Celeron Oil and Gas Company that relate in whole or in part to the lawsuit leases.

10. All documents reflecting and/or related to the acquisition, possession, sale, assignment, transfer, or termination of any overriding royalty interest or similar property interest held by any person or entity at any time with respect to any of the leases at issue in this lawsuit. This request includes, <u>but is not limited to</u>, documents related to the overriding royalty interest described on pages E&Y 2001578 - 2001587. This request also includes, <u>but is not limited to</u>, documents related to the "override" referenced by Terry Enders during his July 25, 2006 deposition in this case. (<u>See</u> Tr. at 85-86.) This request also includes, <u>but is not limited to</u>, the overriding royalty interest or interests described by Ron Heck and Flint Ogle at their August 25 and August 29 depositions, respectively, in production from the Point Pedernales Unit and/or the

Lompoc field. Finally, this request also includes, but is not limited to, the overriding royalty interest described in paragraph (6) in E&Y 2001578 - 2001579.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): documents through which overriding royalty interests in the lawsuit leases were acquired, purchased, sold, assigned, transferred, or terminated in connection with any agreement or understanding regarding the payment of any expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs).

11. All documents reflecting and/or related to the acquisition, possession, sale, assignment, transfer, or termination of any net profits interest or similar property interest held by any person or entity at any time with respect to any of the 40 leases at issue in this lawsuit. This request includes, but is not limited to, documents related to the net profits interest referenced in E&Y 2000260 and the net profits interest described by Flint B. Ogle during his August 29, 2006 deposition. This request also includes, but is not limited to, documents related to the "net

profits" arrangement referenced by Terry Enders during his July 25, 2006 deposition in this case. (See Tr. at 90.)

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): documents through which net profits interests in the lawsuit leases were acquired, purchased, sold, assigned, transferred, or terminated in connection with any agreement or understanding regarding the payment of any expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs).

12. All documents reflecting and/or related to the acquisition, possession, sale, assignment, transfer, or termination of any farmout agreement or similar agreement by any person(s) or entity(ies) at any time with respect to any of the 40 leases at issue in this lawsuit. This request includes, <u>but is not limited to</u>, the farmout agreements referenced at E&Y 2000228.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is

overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): farmout agreements entered into in connection with any agreement or understanding regarding to the payment of any expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), and any documents through which such farmout agreement were acquired, purchased, sold, assigned, transferred, or terminated.

13. All documents related to meetings and presentations with respect to the exploration and development of the eastern half of Lease OCS-P 0451. This request includes, but is not limited to, the meeting and PowerPoint presentation referenced by Kent Lina during his August 4, 2006 deposition in this case. (See Tr. at 22-23.)

Response: The appropriate scope of discovery relating to these issues was set forth in the Court's April 20, 2006 Scheduling Order regarding this issue, as modified on August 17, 2006, the terms of which were negotiated among and agreed to by the parties and submitted to the Court in the form of an unopposed motion. Plaintiffs provided discovery responses regarding these issues in conformity with that Order. Subject to the foregoing General Objections, to the extent this request goes beyond that Order, Plaintiffs also object to this request on the ground

that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence with respect to any of the issues still pending in this litigation, and inconsistent with the Court's Order.

14. All Authorizations for Expenditures (AFEs) related to the drilling of wells on the eastern half of Lease OCS-P 0451, along with all documents relating to whether any plaintiff or subsidiary would/did approve or disapprove the AFE. This request includes, but is not limited to, any notes or recommendations on any of the wells prepared by Kent Lina as referenced during his August 4, 2006 deposition in this case.

Response: The appropriate scope of discovery relating to these issues was set forth in the Court's April 20, 2006 Scheduling Order regarding this issue, as modified on August 17, 2006, the terms of which were negotiated among and agreed to by the parties and submitted to the Court in the form of an unopposed motion. Plaintiffs provided discovery responses regarding these issues in conformity with that Order. Subject to the foregoing General Objections, to the extent this request goes beyond that Order, Plaintiffs also object to this request on the ground that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence with respect to any of the issues still pending in this litigation, and inconsistent with the Court's Order.

15. A complete copy of the Amber Resources Company Form 10-K partially produced at E&Y 2000256 - 2000278.

Response: Plaintiffs have searched for and are producing the requested document.

16. All documents reflecting and/or relating to the "agreements" and transactions referenced in the Amber Resources Company 1988 and 1989 Forms 10-K at page E&Y 2000274

and E&Y 2000228, to the extent those "agreements" and transactions relate to any of the leases at issue in this lawsuit. This request includes, <u>but is not limited to</u>, the farmout agreements with Heafitz Energy Management, Inc. (HEMI) referenced in E&Y 2000228.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): the agreements referenced at page E&Y 2000274 and E&Y 2000228, insofar as they relate to any of the lawsuit leases.

17. All agendas and meeting minutes for meetings of unit owners and/or working interest owners for all nine units at issue in this lawsuit, that occurred at any time in the past. This request includes, <u>but is not limited to</u>, agendas and meeting minutes as described by Roger Parker during his August 3, 2006 deposition in this case.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that it is overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

18. All agendas and meeting minutes for meetings of lease owners and/or working

interest owners for 40 leases at issue in this lawsuit, that occurred at any time in the past prior to unitization of the particular lease in question. This request includes, but is not limited to, agendas and meeting minutes with respect to Lease OCS-P 0409.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that it is overbroad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

19. All documents reflecting or related to any contracts, agreements, or understandings between Poseidon Petroleum and Chevron related to Chevron's operatorship of the Cavern Point Unit.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): any contracts or agreements between Poseidon Petroleum and Chevron related to Chevron's operatorship of the Cavern Point Unit.

20. All documents reflecting or related to any contracts, agreements, or understandings between Poseidon Petroleum and Venoco related to Venoco's operatorship of the

Cavern Point Unit. This request includes, but is not limited to, the letter agreement between Poseidon Petroleum and Venoco described by Flint B. Ogle during his August 29, 2006 deposition in this case.

Response: Subject to the foregoing General Objections, Plaintiffs also object to this request on the grounds that: (a) through use of the terms "reflecting" and "related to," it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and (b) to the extent it seeks documents other than those that relate in whole or in part to expenditures relating to the lawsuit leases and/or units (excluding those relating solely to lease acquisition costs), it seeks discovery that is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and beyond that which has been permitted by the Court. Subject to the General Objections and these specific objections, Plaintiffs have searched for and are producing if found (and if not already produced to the Government in this litigation): any contracts or agreements between Poseidon Petroleum and Venoco related to Venoco's operatorship of the Cavern Point Unit.

E. Edward Bruce
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568

October 3, 2006

Attorneys for All Plaintiffs in Nos. 02-30C and 04-1822C

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 3, 2006, I caused to be sent by email, and by first class mail, postage prepaid on the following day, copies of:

**PLAINTIFFS' RESPONSE TO DEFENDANT'S THIRD CONSOLIDATED SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

addressed as follows:

Patricia M. McCarthy
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

Jeffrey D. Antonson
Jackson Walker, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202

Thomas J. Cosgrove