IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMBER RESOURCES COMPANY., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | |
| ANADARKO E&P COMPANY, L.P., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Eric G. Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO THE MOTION OF PLAINTIFFS IN NOS. 02-30C AND 04-1822C FOR FINAL JUDGMENT UNDER RCFC 54(b)**

Pursuant to this Court's order dated November 29, 2006, defendant, the United States, respectfully responds to "Plaintiffs' Motion for Final Judgment under RCFC 54(b)," filed by plaintiffs in Nos. 02-30C and 04-1822C (for purposes of this response, "plaintiffs") on

November 29, 2006, and as supplemented on December 15, 2006. With the reservations noted below, we do not oppose plaintiffs' motion on the terms provided in the revised proposed order.

In November 2005, the Court issued a published decision denying the Government's dispositive motions and granting plaintiffs' motion for summary judgment as to liability and partial summary judgment as to damages. Amber Resources Co. v. United States, 68 Fed. Cl. 535 (2005). On October 31, 2006, the Court issued a second published decision disposing of cross-motions regarding various remaining legal issues. Amber Resources Co. v. United States, ___ Fed. Cl. ___, 2006 WL 3143618 (Oct. 31, 2006). We do not concur with plaintiffs' characterization of those opinions, which are the best evidence of their contents, and, with all respect, do not agree with either opinion.

In their current motion, plaintiffs elect as their remedy restitution of the bonus payments originally received by the Government from the original lessees of the 36 leases that were the subject of the Court's November 2005 decision. Pl. Mot. at 2 n.4. Plaintiffs' motion does not include Leases OCS-P 0420, 0424, 0429, and 0462 because those leases expired by their terms and currently are the subject of an appeal by certain plaintiffs to the Interior Board of Land Appeals. See id. at 1 n.1. Of the 36 leases that are the subject of their motion, plaintiffs seek to make a "conditional" election with regard to Lease OCS-P 0452, which is the subject of our pending motion for partial reconsideration. See id. at 2 n.3.

Finally, plaintiffs' motion is not joined by the plaintiff in No. 05-249C, Nycal Offshore Development Corporation ("Nycal"). See id. at 2 n.5. Nycal possesses a 4.25 percent interest in the three Gato Canyon leases, which are Leases OCS-P 0460, 0462, and 0464. One of those leases, Lease OCS-P 0462, is already omitted from plaintiffs' motion because it is one of the

four leases that remain subject to the administrative proceedings pending before the Interior Board of Land Appeals. Plaintiffs seek to obtain final judgment with regard to Leases OCS-P 0460 and 0464, notwithstanding the uncertain status of Nycal's claims in this Court.

Without agreeing as to either the breadth or the scope of "any appellate rights" that plaintiffs might possess, see id. at 2, and while expressly reserving any and all rights of appeal that the United States possesses, we agree with plaintiffs that, as a general matter, the requirements of Rule 54(b) are satisfied with regard to the 35 leases that are identified in footnote four of plaintiffs' current motion.[1] See id. at 2 n.4. This is not to say that we agree with the assertions in plaintiffs' motion. For example, we specifically disagree that the requirements of Rule 54(b) are satisfied simply because plaintiffs are not entitled to interest in this case. See id. at 6. Further, without agreeing with plaintiffs' assertions in footnote 6 of the motion, see id. at 5 n.6, we would not object to any severance of Nycal's claims by the Court if the Court wishes to take that action.

Finally, as alluded to in plaintiffs' supplement to their Rule 54(b) motion filed on December 15, 2006, the parties' Joint Status Report filed on December 20, 2005 reflected an error with regard to the bonus payment pertaining to Lease OCS-P 0323A. The original lease, Lease OCS-P 0323, was issued on September 1, 1979 for a bonus payment of $5,025,000. In 1983, the lease was effectively divided into two parts: a northwest section and a southeast

[1] Plaintiffs contend that, if they are successful in their challenge to the expiration of Leases OCS-P 0420, 0424, 0429, and 0462 in their administrative appeal, then "they would be immediately eligible for an award of restitution for the full amount of the bonus monies paid for the four leases." Pl. Mot. at 4. Although not germane to the resolution of plaintiffs' current motion, we disagree with plaintiffs' statement as to the effect of a successful administrative appeal upon this litigation.

section. In 1991, the owners of the southeast section, which constituted 68.75 percent of the original lease, voluntarily relinquished the lease area to the United States. Accordingly, Lease OCS-P 0323A consists of only 31.25 percent of the original lease.

The parties' December 20, 2005 status report included 100 percent of the bonus payment for Lease OCS-P 0323. Plaintiffs agree with us that the relevant portion of the bonus payment should be $1,570,312.50, which is 31.25 percent of $5,025,000. Accordingly, on December 15, plaintiffs filed a supplement to their Rule 54(b) motion and a revised proposed order to reflect this modification.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

/s/David M. Cohen
DAVID M. COHEN
Director

/s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

ALLISON KIDD-MILLER
GREGG M. SCHWIND
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 307-0164
Fax (202) 514-7969

December 18, 2006

Attorneys for Defendant