# In the United States Court of Federal Claims

Nos. 02-30C, 04-1822C, & 05-249C (consolidated)
(Filed: January 11, 2007)

* * * * * * * * * * * * * * * * * * * * * *
AMBER RESOURCES CO.,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * *
ANADARKO E&P CO. LP,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *

NYCAL OFFSHORE DEVELOPMENT CORP.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *

ORDER FOR RULE 54(b) JUDGMENT

Pending in these consolidated cases is a Motion for Final Judgment Under RCFC 54(b) brought by plaintiffs in Nos. 02-30C and 04-1822C, filed on November 29, 2006. The plaintiff in No. 05-249C, NYCAL, has not joined the motion for judgment under rule 54(b). Pursuant to 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"), "the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon the express direction for the entry of judgment."

The court previously granted plaintiffs' motion for summary judgment with respect to plaintiffs' claims for rescission and restitution. The court held that plaintiffs were entitled to the return of up-front bonus payments that the original lessees paid in order to obtain the leases from the government. Amber Resources Co. v. United States, 68 Fed. Cl. 535, 560 (2005). Excluded from that motion and opinion were leases OCS-P 420, 424, 429, and 462, which were subject to an administrative appeal and have been forwarded to the Interior Board of Land Appeals ("IBLA") for review. The parties agreed that the bonus payments for all of the leases subject to the motion totaled $1,104,227,348. Subsequently, defendant moved for reconsideration of the court's opinion in regard to lease OCS-P 452. That motion is still pending while the parties conduct discovery.

In Amber Resources Co. v. United States, 73 Fed. Cl. 738 (2006), the court denied plaintiffs' motion for summary judgment to establish their entitlement to the recovery of "sunk costs" under a restitution theory of recovery. The court held that plaintiffs had to elect their remedies and choose either rescission and the return of the bonus payments, or pursue a reliance theory of recovery and possibly forfeit their entitlement to the bonus payments. Id. at 757-58. Plaintiffs (other than NYCAL) then notified the court that they would pursue an award in restitution and the return of the bonus payments in 35 of the leases involved, without conceding the correctness of the court's previous opinion regarding the plaintiffs' entitlement to rescission and sunk costs. Plaintiffs (other than NYCAL) now propose that the court enter a judgment under rule 54(b), based, *inter alia,* on the fact that their recovery could be delayed while separate claims relating to the remaining leases are resolved. Defendant does not object in form, but does not waive any rights of appeal.

Having determined that there is no just reason for delay, the court hereby directs the entry of final judgment, pursuant to the opinion of November 15, 2005, 68 Fed. Cl. 535, with respect to the claims asserted by the plaintiffs' (other than NYCAL) relating to leases OCS-P 210, 319, 320, 322, 323, 396, 397, 402, 403, 408, 409, 414, 415, 416, 421, 422, 425, 426, 427, 430, 431, 432, 433, 434, 435, 443, 445, 446, 449, 453, 460, 464, 499, 500, and 527.[1]

The Clerk is directed to enter judgment in the total amount of one billion, eight million, forty-two thousand, one hundred thirty-nine dollars and sixty-three cents ($1,008,042,139.63) with the following amounts apportioned to the individual parties as follows:

1. Aera Energy LLC in the amount of six hundred eighty-nine million, thirty-eight thousand, eight hundred fifty-one dollars and eighty-one cents ($689,038,851.81);

2. Amber Resources Company in the amount of one million, four hundred ninety-six thousand, two hundred thirty-four dollars and eighty-six cents ($1,496,234.86);

3. Anadarko E&P Company LP in the amount of twenty-two million, five hundred fifty-six thousand, two hundred seventeen dollars and thirty-seven cents ($22,556,217.37);

4. Delta Petroleum Corporation in the amount of fifty-eight million, five hundred twenty-seven thousand, two hundred seventy-six dollars and sixty-one cents ($58,527,276.61);

5. Devon Energy Production Company, LP in the amount of seven million, nine hundred ninety thousand, seven hundred forty dollars ($7,990,740.00);

6. Noble Energy, Inc. in the amount of eighteen million, three hundred fifty-three thousand, eight hundred nineteen dollars and seventy-seven cents ($18,353,819.77);

[1] For clarification, we note that the following remains pending: all claims by NYCAL; claims with respect to lease OCS-P 452; and claims with respect to leases OCS-P 420, 424, 429, and 462, which remain subject to review by the IBLA.

7. Ogle Petroleum, Inc. in the amount of three million, six hundred sixty-two thousand, four hundred sixteen dollars and fifty-one cents ($3,662,416.51);

8. OLAC Resources, LLC in the amount of fourteen million, nine hundred ninety-one thousand, two hundred forty-two dollars and fifteen cents ($14,991,242.15);

9. Plains Exploration & Production Co. in the amount of eighty-three million, eighty-five thousand, two hundred seventy dollars and eighty-six cents ($83,085,270.86);

10. Poseidon Petroleum LLC in the amount of thirty-three million, six hundred nineteen thousand, sixty-five dollars and sixty cents ($33,619, 065.60);

11. Total E&P USA, Inc. in the amount of seventy-four million, seven hundred twenty-one thousand, four dollars and nine cents ($74,721,004.09).

No costs.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge