IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al., Plaintiffs, v. THE UNITED STATES, Defendant. | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | |

**JOINT STATUS REPORT AND MOTION FOR ENTRY OF SCHEDULING ORDER**

As directed by the Court in its September 12, 2007 opinion, Plaintiff Delta Petroleum Corporation and Defendant United States have conferred in anticipation of a trial on the issues identified by the Court for resolution. Because the parties are unable to agree on the terms of a proposed schedule, their respective positions are presented below.

## I. Position of the United States

Before moving to a proposed schedule, the Court should consider a stay of proceedings. The United States Court of Appeals for the Federal Circuit has scheduled oral argument in the appeal of Amber Resources v. United States for November 9, 2007. Based upon the past practice of the court, we anticipate a published opinion in the spring of 2008. A decision by the court of appeals either reversing or vacating the Court's judgment on liability would make a trial on Lease OCS-P 0452 unnecessary. Even an appellate decision vacating the Court's restitution judgment (entitlement to predecessors' bonus payments) could very well render a trial on Lease OCS-P 0452 unnecessary. In any event, preparation for trial in this Court will be affected to some extent by plaintiffs' and defendant's counsel's need to prepare for oral argument before the court of appeals.

Consistent with this Court's prior decision with respect to plaintiff Nycal's request to stay discovery and trial on its election to seek reliance and expectancy damages, we respectfully suggest that the Court consider staying the trial of Lease OCS-P 0452 until after a decision by the court of appeals. At this time, the parties expect that a significant amount of time and expense will be required to fully try the Lease OCS-P 0452 dispute. The parties will call at least six expert witnesses from across the country, in addition to an unknown number of fact witnesses from California and Colorado. Finally, given the complexity of the issues identified by the Court, the volume of evidence expected to be presented by the parties, and the time required for post-trial submissions, it is very likely that the court of appeals will publish its opinion before this Court renders its decision. For all of these reasons, we suggest that a stay of the trial may be in the best interest of the parties and the Court.

Delta's response to the request for stay is that (1) it is "losing approximately $9 million per year in the resolution of its claim"; and (2) the stay may be far longer than the period required by the Federal Circuit to issue its decision, if the United States seeks en banc review or files a petition for writ of certiorari. First, the alleged financial "loss" to Delta might be significant had Delta made the bonus payment itself. In reality, Delta is not an original lessee, having obtained Lease OCS-P 0452 in 1999 for under $800,000. Second, Delta has no basis upon which to speculate as to the prerogatives of the Solicitor General in seeking review of an appellate decision. In any case, because the final judgment on appeal is pursuant to Rule 54(b), the proposed stay would terminate immediately upon issuance of the non-final panel decision, as opposed to the mandate or disposition of any later review of the appeal or cross-appeal.

Should the Court not stay trial pending resolution of the appeal, the United States requests a trial commencing no earlier than January 14, 2008 in Washington, D.C. We propose the following schedule to govern further proceedings.

**UNITED STATES' PROPOSED SCHEDULE**

A. October 19, 2007 – Deadline for plaintiffs to comply with the pending (September 10, 2007) request for documents.

B. November 9, 2007 – Deadline for conducting one additional deposition of Robert Huguenard (former project manager for plaintiff Plains/Arguello) if Mr. Huguenard refuses to voluntarily appear for trial. The United States understands that plaintiffs' counsel continues to represent Mr. Huguenard and agrees not to contact him directly; therefore, plaintiffs' counsel will immediately contact Mr. Huguenard and advise counsel for the United States whether Mr. Huguenard will voluntarily appear for trial.

C. November 9, 2007 – Deadline for the parties to exchange by hand a list of names and addresses of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, other than those witnesses to be used exclusively for impeaching the credibility of a witness under the Federal Rules of Evidence. Any witness whose identity has not been previously disclosed as a witness shall be subject to discovery.

D. November 9, 2007 – Deadline for the parties to exchange by hand a list of exhibits (including summaries) and copies of exhibits expected to be offered at trial for case-in-chief or rebuttal purposes (including summaries to be offered pursuant to Fed. R. Evid. 1006), other than those exhibits to be used exclusively for impeaching the credibility of a witness under the Federal Rules of Evidence. Each exhibit listed shall be identified by an exhibit number and brief description. Any exhibit not previously disclosed shall be subject to discovery.

E. November 16, 2007 – Deadline for the parties to designate deposition transcripts for introduction at trial.

F. November 21, 2007 – Deadline for the parties to serve objections to witnesses, exhibits, and deposition transcript designations identified for use at trial.

G. November 30, 2007 – Deadline for the parties to confer on the matters set forth in RCFC Appendix A, paragraphs 13(c)(2), (4), and (6).

H. December 7, 2007 – Deadline for counsel to file a Joint Certification verifying that they met and accomplished the matters required by RCFC Appendix A, paragraphs 13(c)(2), (4), and (6).

I. December 10, 2007 – Deadline for parties to file, and serve by hand on opposing counsel, a response to any objections to witnesses, exhibits, and transcript designations.

J. Mid/Late December 2007 – Hearing and decision by the Court on any remaining objections.

K. January 7, 2007 – Final pre-trial conference.

L. January 14, 2007 – Trial commences, with Delta proceeding first.

M. The parties shall file post-trial Proposed Findings of Fact and Conclusions of Law in lieu of pre-trial Memoranda of Contentions of Fact and Law, in accordance with a schedule to be set upon the completion of the trial.

## II. <u>Position of Delta Petroleum Corporation</u>

Since the Court, more than a month ago at the August 7, 2007 hearing, suggested trial dates of either November 5, 2007 or December 3, 2007, counsel for Delta has been diligently preparing and will be ready to begin presentation of its case-in-chief on December 3, 2007. The Government has instead (a) served extensive new discovery requests (which are the subject of Delta's pending motion to quash); and (b) resisted efforts to proceed with trial on either of the

two dates suggested by the Court, notwithstanding our understanding that Government counsel and its witnesses are available for a trial commencing December 3.

The Government's request for a stay, presented to the Court 51 days after the last hearing, should be denied.

The Government ignores the real-world consequences of staying Delta's $92 million restitution claim with respect to Lease 452. This claim does not accrue interest. Given the time value of money, every month that passes represents a diminution in the value of that claim. Using a 10% interest rate, Delta is losing approximately $9 million per year of delay in the resolution of its claim. That cost far outstrips any of the purported savings identified by the United States from the grant of a stay.

The Government understates the time it may take to resolve the pending *Amber Resources* appeal. Even if, as the Government predicts, the Federal Circuit issues a decision in the Spring of 2008, the Government with some regularity seeks rehearing or rehearing *en banc* in cases of this magnitude. Even if denied, the filing of such a request would add months to the process, after which the Government would then have 90 days to decide whether to petition for a *writ of certiorari*.

The Government essentially asks this Court to conclude that that there is a reasonable likelihood that its rulings in *Amber Resources* as to liability and restitution of the lease bonuses were in error and will be reversed. To the contrary, the Court's decisions were sound and there is no reasonable basis to expect the Federal Circuit to reverse.

Nycal's request for a stay with respect to its own claim, which the Government cites in support of its request for a stay here, is irrelevant. Nycal's claim is small by comparison and, regardless, Delta has not acquiesced to any stay (as did Nycal).

Finally, counsel for Delta is capable of preparing for both oral argument on the *Amber Resources* appeal in early November and for trial during December. The Government surely can do the same. Delta's proposed schedule is as follows:

**DELTA'S PROPOSED SCHEDULE**

A. November 5, 2007 -- Deadline for the parties to exchange by hand, and file with the Court, a list of names and addresses of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment. Deadline for Delta to disclose whether Mr. Robert Huguenard will agree voluntarily to appear at trial.

B. November 5, 2007 -- Deadline for each party to exchange by hand, and file with the Court, a list of exhibits it expects to offer at trial for case-in-chief or rebuttal purposes (including summaries to be offered pursuant to Fed. R. Evid. 1006), other than those to be used exclusively for impeachment. Each exhibit listed shall be identified by an exhibit number and brief description. The parties shall also exchange by hand a copy of all exhibits contained on said lists. The parties shall also exchange by hand a copy of all exhibits contained on said lists. Expert reports shall be marked as exhibits and received into evidence. The direct or cross examination of experts shall not be limited as a result, but the parties need not elicit oral testimony regarding matters set forth in expert reports.

C. November 5, 2007 -- Deadline for the parties to file a motion for leave to file a transcript of deposition testimony for introduction at trial, which shall specify the specific testimony that the party seeks to introduce.

D. November 7, 2007 -- Deadline for the parties to confer on the matters set forth in RCFC Appendix A para. 13(c)(2), (4), and (6).

E. November 9, 2007 -- Deadline for the parties to file, and serve by hand on opposing counsel, any objections to a witness or exhibit of the opposing party, including any objections to an opposing party's motion to present substantive evidence by way of deposition testimony.

F. November 14, 2007 -- Deadline for a party to file, and serve by hand on opposing counsel, a response to any objections filed on November 9, 2007.

G. November 14, 2007 -- Deadline for counsel to file a Joint Certification verifying that they met and accomplished the matters required by RCFC Appendix A para. 13(c)(2), (4), and (6).

H. November 19, 2007 -- Deadline for counsel to take depositions with respect to: any witness identified on the witness lists filed pursuant to Paragraph A who has not been deposed already in connection with the Government's motion for reconsideration; and exhibits identified on the exhibit lists to be filed pursuant to

Paragraph B, but only to the extent any such exhibits identified by the opposing party do not fall into one of the following categories: (a) those prepared by expert witnesses and used to explicate the conclusions set forth in their reports or declarations; (b) those constituting documents produced in discovery in this case; (c) those constituting documents submitted as an exhibit to a pleading in this case; (d) those constituting documents prepared by the opposing party; and (e) those constituting documents previously provided to the opposing party.

I. November 19, 2007 -- Deadline for counsel to take the deposition of Mr. Robert Huguenard if Mr. Huguenard does not agree voluntarily to appear at trial by the deadline contained in Paragraph A, *supra*.

J. November 21, 2007 -- Deadline for rulings on objections filed on November 9, 2007.

K. November 27, 2007 -- Final pre-trial conference.

L. December 3, 2007 -- Trial commences, with Delta proceeding first. The trial shall resolve disputes of fact with respect to the issues identified in the Court's September 12, 2007 Opinion: (1) whether Delta can return Lease OCS-P 0452 in substantially the same condition as at the time of leasing and, if not, whether that fact can be appropriately accommodated through some adjustment; and (2) whether the requirements of the election of remedies defense are established.[1] Trial on factual issues relating to Delta's alternative claims (*i.e.*, for expectation or reliance damages), which Delta would pursue only if the Court were to determine that the Company is not entitled to restitution of the lease bonus, is deferred.

M. The parties shall file post-trial Proposed Findings of Fact and Conclusions of Law in lieu of pre-trial Memoranda of Contentions of Fact and Law, in accordance with a schedule to be set upon the completion of the trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

[1] This identification of issues tracks that set forth in the Court's September 12, 2007 Opinion, and does not affect the legal positions taken by either party on the issues presented by the Government's motion for reconsideration.

s/ Steven J. Rosenbaum
STEVEN J. ROSENBAUM
*Counsel of Record*
THOMAS J. COSGROVE
GINA L. PAIK
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
Tel. (202) 662-5568

Attorneys for Plaintiffs in
Nos. 02-30C and 04-1822C

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 353-2345

Attorneys for Defendant

September 27, 2007