# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ***************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ***************************************** | |

**PLAINTIFF DELTA PETROLEUM CORPORATION'S MOTION TO ADMIT EXPERT REPORTS INTO EVIDENCE**

Both sides in this case have prepared and exchanged several expert reports on the purported or actual drainage of oil from Lease OCS-P 0452 via the production wells on the eastern half of Lease OCS-P 0451. In the discussions leading up to the parties' September 27,

2007 Joint Status Report and Motion for Entry of Scheduling Order, plaintiff Delta Petroleum Corporation proposed to the Government that the parties agree to enter these expert reports into evidence. Delta's specific proposal was ultimately included in the Joint Status Report at Paragraph B under "Delta's Proposed Schedule," which reads in relevant part: "[e]xpert reports shall be marked as exhibits and received into evidence. The direct or cross examination of experts shall not be limited as a result, but the parties need not elicit oral testimony regarding matters set forth in expert reports."

The Government rejected this proposal in yesterday's joint filing. Accordingly, Delta files this motion to explain why the Court should admit the expert reports into evidence, in order to expedite trial of this case and conserve judicial resources.

By admitting these reports into evidence, the Court would greatly reduce the length and complexity of the trial. If the expert reports are admitted, direct testimony can largely be devoted to highlighting the key points of the experts' testimony and explaining the experts' positions on the key areas of dispute. In contrast, if the reports are not admitted, the trial could easily double in length, since the parties would be required to conduct extended direct examinations of all the technical materials covered in the reports, for the sole purpose of eliciting oral testimony regarding this material, much of which addresses subjects that are not in dispute.

For instance, Plaintiffs' "FMI" expert (Hermann Homann of Fronterra Geosciences) submitted *inter alia* a "Formation Image Interpretation Report" and a "Dipmeter Interpretation Report," in each case discussing the technical background on the devices used to collect the data upon which he relied and the methodologies they employ. Delta would not need to repeat this testimony during Mr. Homann's oral, direct testimony, if his written expert report were admitted into evidence. If it were not admitted, however, Delta may well need to walk Mr.

Homann though the intricacies of how an "FMI" or dipmeter logging device operates (even though such subject is undisputed), in order to build a record upon which Mr. Homann's ultimate conclusions are founded.

This example is merely illustrative of the numerous instances in which testimony that could be introduced efficiently through the expert reports would need to be articulated at length on direct testimony, if the reports are not admitted.

Admission of expert reports into evidence, for the purpose of streamlining trial, is routine. The Court of Federal Claims has frequently admitted expert reports into evidence, including those of Government experts. *See, e.g., Stockton East Water Dist. v. United States*, 75 Fed. Cl. 321, 366- 368 (2007) (citing expert report); *CCA Assocs. v. United States*, 75 Fed. Cl. 170, 179-186, 198-205 (2007) (citing plaintiff's and Government's expert reports); *USA Choice Internet Service, LLC v. United States*, 73 Fed. Cl. 780, 783 (2006) (citing expert report of Government expert); *Osage Tribe of Indians of Oklahoma vs. United States*, 72 Fed. Cl. 629, 664-669 (2006) (citing plaintiff's and Government's expert reports); *Fifth Third Bank v. United States*, 71 Fed. Cl. 56 (2006) (*passim*, citing expert reports); *Arctic King Fisheries, Inc. v. United States*, 59 Fed. Cl. 360, 362 (2004) (citing expert report of plaintiff's expert); *Commercial Federal Bank v. United States*, 59 Fed. Cl. 338, 351 (2004) (citing expert reports); *Southern California Federal Savings & Loan Ass'n v. United States*, 57 Fed. Cl. 598, 636 (2003) (citing expert report of Government's expert); *Home Savings of America v. United States*, 57 Fed. Cl. 694, 711 (2003) (citing exhibit to expert report); *Energy Capital Corp. v. United States*, 47 Fed. Cl. 382, 422 (2000) (citing expert report); *LaSalle Talman Bank v. United States*, 45 Fed. Cl. 64, 104 (1999) (citing expert report submitted by the Government); *Cienega Gardens v. United States*, 38 Fed. Cl. 64, 77 (1997) (relying on expert report of Government witness and citing it as

a trial exhibit); *Youngdale & Sons Constr. v. United States*, 27 Fed. Cl. 516, 551 & n.71, 569-73 (1993) (citing plaintiff's expert report as a trial exhibit and analyzing expert report in detail); *White Mountain Apache Tribe of Arizona v. United States*, 11 Cl. Ct. 614, 672 (1987) (referring to testimony presented "by way of expert witnesses' reports"); *see also Texas Digital Sys. v. Telegenix*, 308 F.3d 1193, 1219 (Fed. Cir. 2002) (district court did not abuse its discretion by admitting expert report).

In the *White Mountain Apache Tribe* case, for example, the Court ordered that "all expert testimony be presented by way of written reports and oral testimony," and noted that "[c]onsequently, the damages report is proffered evidence, to be highlighted at the forthcoming trial." *White Mountain Apache Tribe of Arizona v. United States*, 10 Cl. Ct. 115, 116 (1986). In its post-trial opinion, the Court observed that "the summarization of data and lengthy analyses presented by way of expert witnesses' reports greatly aided the Court's understanding of the issues. . . ." *White Mountain Apache Tribe of Arizona*, 11 Cl. Ct. at 672.

The only contrary decision by this Court that Delta has been able to identify is *Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544 (2003), in which the Government sought to admit expert reports into evidence but the Court upheld the plaintiff's objection, after the Government defended admission of the reports solely on the ground that they were admissible under Fed. R. Evid. 703 ("Bases of Opinion Testimony by Experts"). The Court accepted plaintiff's argument that the expert reports were hearsay.

Whether or not Rule 703 itself supports admission of expert reports, as some courts have held, *see United States v. Great Lakes*, 1999 WL 1293469 (S.D. Fla. 1999) ("Rule 703…permits expert reports containing hearsay, or other inadmissible evidence, upon which the expert properly relies, to be admitted to explain the basis of the expert's opinion"), this Court

clearly enjoys discretion to admit expert reports under Fed. R. Evid. 807's "catch all" exception to the hearsay rule, an argument apparently not advanced by the Government in *Westfed*. Rule 807 provides that statements not covered by the specific hearsay exceptions of Rule 803 but that have "equivalent circumstantial guarantees of trustworthiness" are admissible if the Court determines that "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statements into evidence."

Moreover, in addition to its powers under Rule 807, this Court enjoys wide discretion to admit the expert reports into evidence pursuant to its authority to adopt procedures that will facilitate the orderly and efficient presentation of testimony. Courts have repeatedly recognized that a trial judge may order the submission of written direct testimony as a supplement to, or even in lieu of, oral direct testimony. *See Saverson v. Levitt*, 162 F.R.D. 407, 408, 410 (D.D.C. 1995) (allowing use of written direct testimony, in lieu of oral testimony, citing Fed. R. Evid. 611(a), which allows court to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence" so as to "make the interrogation and presentation effective for the ascertainment of truth" and to "avoid needless consumption of time"); *Zachar v. Lee*, 363 F.3d 73, 77 (1st Cir. 2002) (upholding admission of expert report, along with oral testimony by expert, as evidence in jury trial); *see also McConnell v. FEC*, 540 U.S. 93, 146 (2003) (relying on expert reports submitted as direct testimony to three-judge trial court).

Admission of the expert reports here would assist the Court by incorporating into the record the experts' opinions while concentrating live testimony on an overview of those

opinions with a focus upon the areas of dispute, followed by cross-examination and re-direct as needed. Neither side would be prejudiced by this method of ordering the presentation of testimony. Admitting the reports would instead conserve resources and "avoid the needless consumption of time." Fed. R. Evid. 611(a).

Accordingly, Delta requests that the Court in adopting a scheduling order include a provision admitting the expert reports into evidence.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568

September 28, 2007

Attorneys for Delta Petroleum Corporation