IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBER RESOURCES COMPANY., et al.,<br><br>Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | |
| ANADARKO E&P COMPANY, L.P., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 02-30C<br>04-1822C<br>05-249C (Consolidated)<br>(Senior Judge Bruggink) |
| NYCAL OFFSHORE DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | |

**JOINT MOTION FOR ENTRY OF A SCHEDULING ORDER**

As directed by the Court at the October 3, 2007 Status Hearing and in light of the Court's rulings at that hearing, Plaintiff Delta Petroleum Corporation and Defendant United States have conferred with respect to a proposed Scheduling Order and submit the following joint proposal.

The parties are in agreement as to the schedule except as follows:

a. With respect to Paragraph C, the parties disagree over whether exhibits used by the expert witnesses to demonstrate or explicate the conclusions set forth in their reports or declarations should exchanged on November 5, 2007, together with all other exhibits. The Government's position is that any demonstrative exhibit should be exchanged no later than 48 hours before the exhibit is used with any witness. Plaintiff Delta's position is that all such exhibits should be exchanged on November 5, 2007, and that regardless, the Government's current position is contrary to its agreement at the August 7, 2007 hearing to exchange exhibits simultaneously.

b. The Government notes that Paragraph D is included over its objection.

c. The parties disagree over the deadline for depositions contained in Paragraph J.

**PROPOSED SCHEDULE**

A. October 12, 2007 – Deadline for plaintiffs to produce, pursuant to the United States' Fourth Consolidated Request for Production of Documents, the following: (1) complete copies of all documents previously only partially produced to counsel for the United States in this litigation; and (2) the most current set of geologic maps for Leases OCS-P 0451 to 0452.

B. November 5, 2007 -- Deadline for the parties to exchange by hand, and file with the Court, a list of names and addresses of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment.

C. November 5, 2007 -- Deadline for each party to exchange by hand, and file with the Court, a list of exhibits it expects to offer at trial for case-in-chief or rebuttal purposes (including **[demonstrative exhibits and exhibits used by the expert witnesses to demonstrate or explicate the conclusions set forth in their reports or declarations, regardless of whether a party intends or expects to seek to have a particular exhibit admitted into evidence] and** summaries to be offered pursuant to Fed. R. Evid. 1006), other than those to be used exclusively for impeachment. Each exhibit listed shall be identified by an exhibit number and brief description. The parties shall also exchange by hand a copy of all exhibits contained on said lists. **[Each party shall serve two copies of any demonstrative exhibit that it intends to use no later than 48 hours before the exhibit is used with any witness. This applies to demonstratives used on**

**direct examination, but not to demonstratives used on cross examination or on redirect examination.]**

***Delta's Proposal*: include the language in the first set of brackets in Paragraph C and omit the second set of brackets. *Government's Proposal*: omit the language in the first set of brackets in Paragraph C and include the language in the second set of brackets.**

D. Expert reports shall be marked as exhibits and received into evidence, subject to the witness appearing at trial and the Court's recognition of the witness as an expert with respect to the subjects addressed by his or her report. Each party is entitled to: (a) challenge the qualifications of the opposing parties' experts; (b) challenge the foundation for the opposing experts' testimony; and (c) call their own experts to appear and testify at trial. [The direct or cross examination of an expert shall not be limited as a result of the admission into evidence of his or her report, but the parties need not elicit oral testimony regarding matters set forth in expert reports.][1]

E. November 5, 2007 -- Deadline for the parties to designate deposition testimony for introduction at trial, which designation shall specify the specific testimony that the party seeks to introduce.

F. November 7, 2007 -- Deadline for the parties to confer on the matters set forth in RCFC Appendix A para. 13(c)(2), (4), and (6).

G. November 13, 2007 -- Deadline for the parties to file, and serve by hand on opposing counsel, any objections to a witness, exhibit or transcript designation of the opposing party, and any cross-designations of the deposition testimony of a witness whose deposition testimony the opposing party seeks to have presented as substantive evidence.

H. November 16, 2007 -- Deadline for a party to file, and serve by hand on opposing counsel, a response to any objections or cross-designations filed on November 9, 2007. Absent an objection to deposition testimony pursuant to paragraph G or H, deposition testimony designated pursuant to Paragraphs E or G will be deemed admitted into evidence.

I. November 16, 2007 -- Deadline for counsel to file a Joint Certification verifying that they met and accomplished the matters required by RCFC Appendix A para. 13(c)(2), (4), and (6), and to file any stipulations reached by the parties arising out of such meeting.

---

[1] The Government objects to the inclusion of the bracketed sentence.

J. **[*Delta's proposal: November 19, 2007; the United States' proposal: November 30, 2007*]** -- Deadline for a party to take depositions with respect to: any witness identified on the opposing party's witness list filed pursuant to Paragraph B who has not been deposed already in connection with the Government's motion for reconsideration; and exhibits identified on the exhibit lists to be filed pursuant to Paragraph C, but only to the extent any such exhibits identified by the opposing party do not fall into one of the following categories: (a) exhibits used by the expert witnesses to demonstrate or explicate the conclusions set forth in their reports or declarations; (b) documents produced in discovery in this case; (c) documents submitted as an exhibit to a pleading in this case; (d) documents prepared by the opposing party; or (e) documents previously provided to the opposing party.

K. November 21, 2007 -- Deadline for rulings on objections filed on November 13, 2007.

L. December 3, 2007 -- Trial commences, with Delta proceeding first. After conclusion of the first week of trial, the proceedings shall recommence on January 8, 2008. A chess clock system will be followed, under which Delta and the Government will each be afforded a total of 32 hours of trial time, to be allocated as each deems appropriate among its opening statement, direct and cross examinations, rebuttal, and sur-rebuttal. Any questions or observations by the Court during or in connection with a party's examinations or arguments will not count against that party's time. Each party reserves the right to request that time spent during prolonged oral argument shall not be counted against that party's time. In accordance with Rule 615 of the Federal Rules of Evidence and at the request of the parties, the Court will exclude fact witnesses from the proceedings, provided that an officer or employee of a party designated as its representative by its attorney shall not be excluded. Expert witnesses from each side may remain in the courtroom during the proceedings. Witnesses who are excluded are not to read transcripts of the testimony of earlier witnesses prior to their testifying; are not to be briefed on such testimony prior to their testifying; and are not to discuss their testimony with other persons who may be called to testify after they have been excused. Once a witness has been seated, counsel shall not engage in substantive discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending.

M. The trial shall resolve disputes of fact with respect to the issues identified in the Court's September 12, 2007 Opinion. Trial on factual issues relating to Delta's alternative claims (*i.e.*, for expectation or reliance damages), which Delta would pursue only if the Court were to determine that the Company is not entitled to restitution of the Lease 452 bonus, is deferred.

N. The parties shall file post-trial Proposed Findings of Fact and Conclusions of Law in lieu of pre-trial Memoranda of Contentions of Fact and Law, in accordance with a schedule to be set upon the completion of the trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

PATRICIA M. McCARTHY
Assistant Director

GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 353-2345

Attorneys for Defendant

STEVEN J. ROSENBAUM
*Counsel of Record*
THOMAS J. COSGROVE

COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2401
Tel. (202) 662-5568

Attorneys for Delta Petroleum Corporation

October 8, 2007