# In the United States Court of Federal Claims

Nos. 02-30C, 04-1822C, & 05-249C (consolidated)
(Filed: October 9, 2007)

* * * * * * * * * * * * * * * * * * * * * *
AMBER RESOURCES CO.,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * *
ANADARKO E&P CO. LP,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *

NYCAL OFFSHORE DEVELOPMENT CORP.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *

# PRETRIAL ORDER

Pursuant to the representations made during the pretrial conference held on October 3, 2007, and the parties' Joint Motion for Entry of Scheduling Order filed on October 8, 2007, the following is ordered with respect to the trial on the issues relating to defendant's motion for reconsideration:

1. Plaintiff shall produce, pursuant to defendant's Fourth Consolidated Request for Production of Documents, the following: (1) complete copies of all documents previously only partially produced to counsel for the United States in this litigation; and (2) the most current set of geologic maps for Leases OCS-P 0451 to 0452 on or before October 12, 2007.

2. The parties shall exchange by hand, and file with the court, a list of names and addresses of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment, on or before November 5, 2007.

3. The parties shall exchange by hand and file with the court a list of exhibits they expect to offer at trial for case-in-chief or rebuttal purposes and summaries to be offered pursuant to Fed. R. Evid. 1006, other than those used exclusively for impeachment, on or before November 5, 2007. This applies to demonstratives used on direct examination but not to demonstratives used on cross examination or on redirect examination. Each exhibit listed shall be identified by an exhibit number and brief description. The parties shall also exchange by hand a copy of all exhibits contained on said lists.

4. Expert reports shall be marked as exhibits and received into evidence, subject to the witness appearing at trial and the court's recognition of the witness as an expert with respect to the subjects addressed by his or her report. Each party is entitled to: (a) challenge the qualifications of the opposing party's experts; (b) challenge the foundation for the opposing experts' testimony; and (c) call their own experts to appear and testify at trial. The direct or cross examination of an expert shall not be limited as a result of the admission into evidence of his or her report, but the parties need not elicit oral testimony regarding matters set forth in expert reports.

5. The parties shall designate deposition testimony for introduction at trial on or before November 5, 2007. The designation shall specify the specific testimony that the party seeks to introduce.

6. The parties shall confer on the matters set forth in Appendix A

paragraph 13(c)(2), (4), and (6) to the Rules of the United States Court of Federal Claims ("RCFC") on or before November 7, 2007.

7. The parties shall file and serve by hand on opposing counsel any objections to a witness, exhibit or transcript designation of the opposing party, and any cross-designations of the deposition testimony of a witness whose deposition testimony the opposing party seeks to have presented as substantive evidence on or before November 13, 2007.

8. Any response to objections or cross-designations filed on November 13, 2007, shall be filed and served by hand on opposing counsel on or before November 16, 2007. Absent an objection to deposition testimony pursuant to paragraph 7 or 8, deposition testimony designated pursuant to Paragraphs 5 or 7 will be deemed admitted into evidence.

9. The parties shall file a joint certification verifying that they met and accomplished the matters required by RCFC Appendix A paragraph 13(c)(2), (4), and (6), and file any stipulations reached by the parties arising out of such meeting on or before November 16, 2007.

10. The parties shall take any depositions on or before November 19, 2007, with respect to any witness identified on the opposing party's witness list filed pursuant to paragraph 2 who has not been deposed already in connection with the defendant's motion for reconsideration.

11. The parties shall have available at trial an original set of exhibits, and two additional sets for the court.

12. The court will rule on any objections filed on November 13, 2007, on or before November 21, 2007.

13. Trial shall commence on December 3, 2007, with plaintiff proceeding first. After conclusion of the first week of trial, the proceedings shall recommence on January 8, 2008. A clock system will be followed, under which plaintiff and defendant will each be afforded a total of 32 hours of trial time, to be allocated as each deems appropriate among its opening statement, direct and cross examinations, rebuttal, and sur-rebuttal. Any questions or observations by the court during or in connection with a party's examinations or arguments will not count against that party's time. Each party reserves the right to request that time spent during prolonged oral argument not be counted against that party's time. In accordance with Fed. R. Evid. 615 and at the request of the parties, the court will exclude fact witnesses from the

proceedings, provided that an officer or employee of a party designated as its representative by its attorney shall not be excluded. Expert witnesses from each side may remain in the courtroom during the proceedings. Witnesses who are excluded are ordered not to read transcripts of the testimony of earlier witnesses prior to their testifying; are ordered not to be briefed on such testimony prior to their testifying; and are ordered not to discuss their testimony with other persons who may be called to testify after they have been excused. Once a witness has been seated, counsel shall not engage in substantive discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending.

14. The trial shall resolve disputes of fact with respect to the issues identified in the court's September 12, 2007 Opinion. Trial on factual issues relating to plaintiff's alternative claims (*i.e.*, for expectation or reliance damages), which plaintiff would pursue only if the court were to determine that Delta is not entitled to restitution of the Lease OCS-P 0452 bonus, is deferred.

15. The parties shall file post-trial Proposed Findings of Fact and Conclusions of Law in lieu of pre-trial Memoranda of Contentions of Fact and Law, in accordance with a schedule to be set upon the completion of the trial.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge