# In the United States Court of Federal Claims

Nos. 02-30C, 04-1822C, & 05-249C (consolidated)
(Filed: October 29, 2007)

* * * * * * * * * * * * * * * * * * * * * * *

AMBER RESOURCES CO.,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * *

ANADARKO E&P CO. LP,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

NYCAL OFFSHORE DEVELOPMENT CORP.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

ORDER

Pending is defendant's October 10, 2007 Motion to Compel the Production of Documents Withheld on the Basis of Attorney-Client Privilege. Oral Argument was heard on October 26, 2007. Defendant moved to compel the production of nine documents that were withheld on the basis of the attorney-client privilege. For the reasons stated on the record, the court denied defendant's motion as to documents one, two, three and six, as protected by the privilege because they were to and/or from counsel seeking or giving legal advice.[1] As to the remaining documents, the court ordered production by 9:00 am on October 29, 2007, for *in camera* review.

After *in camera* review of the remaining documents, defendant's motion is denied as to documents four, five, and eight. Those documents are to and/or from counsel and are giving or seeking legal advice. At oral argument, those documents were ordered produced *in camera* because we were not convinced that Mr. David Rose was acting as an attorney when he either authored or received those documents. Upon further review, we are satisfied that Mr. Rose was acting as legal counsel. Thus, documents four, five, and eight are protected by the attorney-client privilege.

Defendant's motion is granted as to documents seven and nine. The court ordered *in camera* production of those documents because, in our view, the participation of Mr. John Pierson, a third-party consultant, is a waiver of the privilege. Contrary to plaintiff's argument, the test is not one of "responsibility," rather it is akin to agency. Disclosure of otherwise privileged materials to a third party waives the privilege unless the third-party is effectively acting as an agent for the principal. *See Energy Capital Corp. v. United States*, 45 Fed. Cl. 481, 491 (2000). The party asserting the privilege has the burden of proving the elements. *Id*. As explained on the record, we believe plaintiff failed to meet its burden with respect to Mr. Pierson. However, the court decided to err on the side of caution and ordered *in camera* review before granting defendant's motion as to documents seven and nine.

After review of documents seven and nine, we are not persuaded to the contrary. Mr. Pierson's receipt of document seven and authorship of document nine are fatal to plaintiff's assertion of attorney-client privilege. Further, it is

---

[1] All document numbers contained in this order refer to the numbers assigned in defendant's motion on pages six through eight, as confirmed by the table contained on pages four and five of defendant's response.

apparent that, even if they were not disclosed to or authored by a third-party, neither document would be protected by the privilege. If either of these documents are anything other than a recital of factual information, they are, at best, giving or seeking business advice, not legal advice. Factual information and business advice are not protected by the attorney-client privilege. *See Id*. at 485 ("The attorney-client privilege pertains to legal advice. Therefore, it does not protect either factual information or business advice.")

For these reasons, defendant's motion to compel is denied as to documents one, two, three, four, five, six, and eight. Defendant's motion is granted as to documents seven and nine. Plaintiff is ordered to produce those two documents to defendant's counsel.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge