# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al.*, | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |

**PLAINTIFF DELTA PETROLEUM CORPORATION'S AND PLAINS EXLORATION AND PRODUCTION COMPANY'S OBJECTIONS TO DEFENDANT'S WITNESS LIST**

Plaintiff Delta Petroleum Corporation ("Delta") and Plains Exploration and Production Company ("Plains") hereby object to the inclusion of two witnesses on the

Government's November 5, 2007 Witness List. These witnesses, Plains employees Tom Goeres and David Rose, were improperly included on the Witness List for the following reasons:

*First*, Mr. Rose and Mr. Goeres are not Delta employees, but instead are employed by third-party Plains (in the capacity of non-officers) and are therefore entitled to protection under RCFC 45(c)(3)(B)(iii). The Government did not deem either of these gentlemen important enough to depose during the discovery period. Thus, there is no reasonable basis to conclude that the burden and expense of compelling them to travel from California for purposes of trial would be justified. This is particularly true given that Robert Huguenard, a former Plains Vice President with responsibility for the development of east half of Lease 0451, has been deposed and will be appearing as a trial witness. The Government has not identified any subjects that it is incapable of covering with Mr. Huguenard and with respect to which it would therefore need Messrs. Rose or Goeres.

*Second*, during the negotiation of the proposed scheduling order for trial, the Government specifically sought to include a provision that would permit it to depose Mr. Huguenard for a second time if he did not otherwise appear at trial. (*See* October 3, 2007 Hearing Transcript, p. 43 lines 14 through 16 (Government counsel "also, would like Plaintiffs to, as quickly as possible, ascertain whether Mr. Huguenard is available or not")). Delta and Plains acceded to the Government's request, but the Government *never raised* the possibility of calling Messrs. Rose or Goeres as witnesses and never requested the opportunity to take their depositions. For the Government to include these two new witnesses now is improper.

*Third*, with respect to Mr. Rose, his appearance at trial would raise virtually intractable privilege issues. The Court has recognized that Mr. Rose functioned as an attorney for Plains in connection with the issues relevant to this case (*see* October 29, 2007 Order at 2),

and the Government has made no showing why it should be entitled to call a company attorney as a trial witness.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove

Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for Delta Petroleum Corporation and Plains Exploration and Production Company

November 13, 2007