# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY,<br>*et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P.,<br>*et. al.*, | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |

**PLAINTIFF DELTA PETROLEUM CORPORATION'S RESPONSES TO DEFENDANT'S OBJECTIONS WITH RESPECT TO DELTA EXHIBITS 114 THROUGH 119, AND TO DELTA'S DESIGNATIONS OF DEPOSITION TESTIMONY**

In accordance with Paragraph 8 of the October 9, 2007 Pretrial Order, Plaintiff Delta Petroleum Corporation ("Delta") submits this response to the objections filed by the Government on November 13, 2007.

**I. Delta's Trial Exhibits.**

As set forth in the parties' November 15, 2007 joint email to Mr. Kehr, the parties are in agreement that it would be most efficient to defer ruling on most objections to trial exhibits until the exhibits are offered in connection with witness testimony at trial. Thus, except as set forth below, Delta reserves its response to the Government's exhibit objections until the appropriate time at trial.

With respect to one limited category of objections by the Government — the Government's objection to the admissibility of exhibits prepared by Delta's expert witnesses for use at trial — Delta provides the following response, although we anticipate that a formal ruling would be deferred until the exhibits are offered in connection with the expert testimony at trial.

Delta's expert witnesses have prepared presentation materials, including charts, illustrations, and other graphic aids, to assist the Court in understanding the various scientific and technical issues at issue in the case and their conclusions with respect thereto. *See* Delta Trial Exhs. 114 to 119. The Government has not objected to the use of these materials at trial, but has objected to their admission into evidence, on the ground that they are merely "demonstrative." Accepting for present purposes the Government's characterization of some or all of these materials as "demonstrative," the Government's objection is without foundation.

Demonstrative exhibits may take many forms including "duplicates, models, maps, sketches and diagrams, and computer-generated pedagogic aids." 2 *McCormick on Evidence* § 214 (6th ed. 2006). Such demonstrative presentations are admissible as evidence because any presentation to "help the fact finder determine what the truth is and assimilate and

understand the evidence is itself evidence." *Lillie v. United States*, 953 F.2d 1188, 1190 (10th Cir. 1992). As McCormick elaborates, "all jurisdictions allow the use of demonstrative aids throughout trial." 2 *McCormick on Evidence* § 214. As McCormick further observes: "The clearly preferable practice is for the proponent to offer a demonstrative aid into evidence as an exhibit, to authenticate it by the testimony of a witness, and formally to introduce it as part of the witness's testimony, in which it will be incorporated by reference." *Id.*

McCormick's views are of particular note because it is that treatise that the Federal Rules of Evidence notes cite on the subject of "the use of demonstrative evidence." *See* Advisory Comm. Notes to Fed. R. Evid. 611.

The Federal Circuit has confirmed that "[t]he use of a demonstrative exhibit to facilitate [an expert's] presentation does not constitute improper evidence." *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1470 (Fed. Cir. 1997). While a demonstrative exhibit (like any other) might be excluded "if its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," *Young Dental Mfg. Co. v. Q3 Special Prods., Inc.*, 112 F.3d 1137, 1145–46 (Fed. Cir. 1997) (emphasis added), such concerns are not applicable here. As we believe the Court will readily perceive at trial when these materials are presented, the exhibits prepared by Delta's experts are of material aid in the understanding and assimilation of the complex issues at hand and the opinions set forth in the expert reports.

Moreover, to the extent the Government wishes to challenge the information conveyed in these materials, "effective cross-examination is the remedy." *Motorola*, 121 F.3d at 1470; *see also Young Dental*, 112 F.3d at 1146 (affirming trial court's admission of

demonstrative evidence where the objecting part had "ample opportunity to cross-examine the witnesses that relied on" the evidence).

## II. Delta's Witness List.

The Government has not objected to any witnesses on Delta's Witness List.

## III. Delta's Deposition Designations.[1]

### A. The Government's Objections to Delta's Designations from the Transcripts of Kent Lina and William Jamison.

The Government has indicated that it intends to call Kent Lina and William Jamison to appear as live witnesses at trial. In the event that these two witnesses do appear and testify at trial, Delta agrees that its designated deposition testimony from their depositions would be inadmissible (except for purposes of impeachment or the other uses permitted by RCFC 32(a)). However, because both witnesses will not be testifying until January, as part of the Government's case-in-chief, Delta requests that its designations be conditionally admitted until such time as the witnesses are actually called to take the stand.

### B. The Government's Objections to Delta's Designations from the RCFC 30(b)(6) Transcript of Drew Mayerson.

On July 3, 2006, Delta served the Government with a deposition notice pursuant to RCFC 30(b)(6). The subjects of the notice included: "[a]ny Reserves Estimates for the Rocky Point and Jalama Fields as reflected in the [MMS Field & Reservoir Reserves Estimates]" and "[a]ny and all analyses, computations, or estimations that were conducted to determine the Reserves Estimates for the Rocky Point and Jalama Fields as set forth in the [MMS Field & Reservoir Reserves Estimates], no matter when those analyses, computations, or estimations

---

[1] Delta's deposition designations are included as Exhibit A; the Government's objections thereto are included as Exhibit B.

were conducted." (*See* Ex. C (Notice of Rule 30(b)(6) Deposition)). The notice was amended on July 11, 2006, solely to provided notice that the deposition would be videotaped.

The Government selected Mr. Drew Mayerson, MMS's Chief of the Office of Reservoir Evaluation and Production for the Pacific OCS Region, as its 30(b)(6) designee and the deposition was held in Agoura Hills, California, on July 13, 2006. Delta has now designated for trial portions of that transcript which, pursuant to RCFC 32(a)(2), are admissible even if the Government calls Mr. Mayerson to testify at trial. All of the designated testimony is within the scope of the 30(b)(6) notice. (*See* Ex. D (designated passages from the Mayerson deposition)).

Although Delta had also separately served a deposition notice for Mr. Mayerson, in light of the fact that the Government chose to select Mr. Mayerson as its 30(b)(6) designee, the Government understandably agreed to have Mr. Mayerson sit for questioning just once.[2] But ten days later and five days after the transcript was circulated by the court reporter, the Government stated unilaterally via letter that it would treat the entirety of Mr. Mayerson's transcript as if it were taken in his "individual capacity" because Delta had not taken two depositions: one 30(b)(6) deposition and another "individual capacity" deposition. The Government took this position, which it has now reiterated in its November 13, 2007 objections, despite the fact that it was *the Government itself* that selected Mr. Mayerson as its 30(b)(6) designee.

---

[2] *See* Mayerson Deposition page 7, lines 1 through 7. (Government counsel Kidd-Miller: "If I may interrupt briefly at this point, for the record, we object to the taking of Mr. Mayerson's deposition in his individual capacity simultaneously with his 30(B)(6) deposition, and while we have tentatively agreed to proceed in this manner, we will revisit this objection should it become confusing to the witness at any point.") (Ex. D). For the duration of the deposition, the objection was never "revisited."

Given that all of the testimony designated by Delta from the Mayerson deposition fell within the scope of the Rule 30(b)(6) notice, it is properly admitted into evidence pursuant to Rule 32(a)(2). Moreover, even if that were not the case, the Government's suggestion that Delta was required to take two separate depositions, that it could not ask its designee as part of the 30(b)(6) deposition questions that went beyond the scope of the Rule 30(b)(6) notice, and that the Mayerson deposition may not be admitted pursuant to Rule 32(a)(2), is mistaken.

A Rule 30(b)(6) notice cannot be used to *limit* what is asked of a designated witness, but simply sets forth a *minimum* standard of preparation. *See e.g., Detoy v. San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000); *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd*, 213 F.3d 647 (11th Cir. 2000); *Employers Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, No. CV. 2005-0620, 2006 WL 1120632 (E.D.N.Y. Apr. 26, 2006) Once that standard is satisfied, the scope of the deposition is limited solely by the rules of relevance under Rule 26. *Id.* If a question is posed to a designated witness that falls outside the 30(b)(6) notice, it is incumbent upon *defending counsel* to note on the record that answers to such specific questions are beyond the scope of the notice and "are not intended as the answers of the designating party." *Detoy*, 196 F.R.D. at 367.

Government counsel did not make any such "beyond the scope" objection during Mr. Mayerson's deposition. In any event, Delta's deposition designations for the Mayerson deposition all go to matters clearly within the scope of the Rule 30(b)(6) notice for which he was the designated witness. The Government's objections to the Mayerson designations should therefore be rejected.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove

Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for Delta Petroleum Corporation

November 16, 2007