IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Bruggink)

DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS

Pursuant to the Court's October 9, 2007 pretrial order, the United States responds as follows to plaintiffs' November 13, 2007 objections to exhibits, witnesses, and deposition designations.

I. Response To Plaintiffs' Objections To Defendant's Exhibits

Plaintiffs have objected to 62 documents on a variety of bases. Most of plaintiffs' objections are not credible on their face. For example:

- Plaintiffs object on grounds of authenticity and foundation to a map of the California offshore depicting the leases (DX 1); plaintiffs do not challenge the accuracy of the map.

- Plaintiffs object on grounds of foundation and authenticity to their own documents. For example, plaintiffs object to letters from Plains to MMS (DX 14), an internal Plains memoranda once withheld as privileged (DX 25), an internal e-mail once withheld as privileged (DX 26), a Plains Powerpoint presentation (DX 27), and Delta's own lease valuation documents (DX 65).

- Plaintiffs object to a number of Plains documents on the basis that Delta never received them (DX 25-27, 48, 77-79, 82-85). This assertion is at best a factual issue for trial. Moreover, as operator and agent of Delta and the other lease owners, Plains' knowledge and intent in developing Leases OCS-P 0451 and 0452 are imputed to Delta as a matter of law. See, e.g., Long Island Savings Bank v. United States, No. 2006-5029, 2007 WL 2685640, at *12-13 (Fed. Cir. Sept. 13, 2007) (citing Restatement (Second) of Agency § 275); see also Apollo Fuel Oil v. United States, 195 F.3d 74, 76 (2d Cir. 1999). In other words, Delta's professed ignorance of the knowledge and intent of its agent Plains is irrelevant and will in no way reduce Delta's liability.

- Plaintiffs object on hearsay grounds to Plains' and Delta's own documents (DX 14, 25-27, 48, 65, 74-76). However, plaintiffs' own statements offered by the United States are clearly not hearsay under Fed. R. Evid. 801(d)(2).

Given the nature of plaintiffs' relevancy, foundation, hearsay, and authenticity objections, the parties agree that the Court should defer ruling upon the objections until the exhibits are offered by a party at trial. Therefore, and without responding to each of plaintiffs' myriad objections at this time, we request that the Court defer ruling at this time.

Plaintiffs have requested that the Court resolve before trial their objection to three-dimensional ("3D") animations that will be utilized by expert witnesses (DX 136). The objection should be overruled. We have provided plaintiffs 31 high resolution "screen shot" views of the color animations from various angles/perspectives that enable plaintiffs' counsel and experts to prepare for and respond to them. Moreover, the 3D models have been generated

from Dr. James Robertson's seismic interpretation database that was turned over to plaintiffs months ago as part of expert discovery. As plaintiffs are aware, Dr. Robertson's interpretation can be transformed into the 3D models and viewed using the same off-the-shelf Kingdom software suite and VuPak module he utilized to render his interpretation. In other words, plaintiffs already have the models if their experts have access to the Kingdom software (which they should as industry consultants). For these reasons, plaintiffs have been provided the animation data and stills of the models; they will not be surprised when our experts project the 3D images to assist the Court and explain their conclusions.

II. Response to Plaintiffs' Objections To Defendants' Witnesses

Plaintiffs object to two witnesses named by the Government on its witness list. The witnesses are Tom Goeres and David Rose, both employees of plaintiff Plains. Mr. Goeres is the Operations Manager for Plains, who according to MMS is the highest-ranking employee for the company with respect to its California offshore properties. Mr. Rose is the company's Environmental Health and Safety Manager who was involved in obtaining Delta's approval of the Lease OCS-P 0451 development. See 10/10/07 US Mot. to Compel and 10/24/07 US Reply in Support of Mot. to Compel.

First, plaintiffs argue that Messrs. Goeres and Rose are employees of Plains, not Delta, and therefore should not be compelled to appear at trial. This distinction is immaterial. Messrs. Goeres and Rose are employees of a party to the suit, Plains. Plains did not file a separate lawsuit. Rather, it subjected itself to the Court's jurisdiction by electing to file this lawsuit with its co-plaintiff Delta (among other plaintiffs). Plains may not now suddenly pretend it is a non-party to the lawsuit because its witnesses' testimony at trial may undermine the case of its co-plaintiff.

Further, Plains is the company serving as operator and Delta's agent with respect to Leases OCS-P 0451 and 0452. Plains is the company that obtained – by means of Delta's various approvals and waivers as owner of Lease OCS-P 0452 – permits to develop Lease OCS-P 0451 with knowledge that drainage of Lease OCS-P 0452 would result. Plains is the company that, armed with Delta's approvals and waivers, drilled the wells that are draining the lease from Platform Hidalgo, a platform that Plains owns. Messrs. Goeres and Rose are the only current Plains employees called by either side to testify at trial as to the knowledge and intent of the company in pursuing the development of the leases.

Plains also has a direct financial stake in the outcome of the trial: as part of obtaining Delta's consent to developing Lease OCS-P 0451, Plains negotiated a contract clause requiring Delta to pay Plains and its other partners 20 percent of what Delta recovers in this Court with respect to Leases OCS-P 0452 and 0453. See Ex. 16 to U.S. Supp. Br. at 3. This translates into over $26 million for Plains and its partners. Under these circumstances, Plains must be treated as a party for purposes of determining whether plaintiffs are entitled to rescission of Lease OCS-P 0452.

Second, plaintiffs object that Messrs. Goeres and Rose should not be permitted to testify because they have not been deposed. We are unaware of any rule or case law, and plaintiffs have cited none, stating that parties may call only witnesses who have previously been deposed.

Third, plaintiffs claim that Messrs. Goeres and Rose should not be permitted to testify because the Government "never raised the possibility of calling [them] as witnesses" prior to naming them on its witness list. Once again, we are unaware of any rule or case law, and plaintiffs have cited none, stating that parties may call only witnesses who have previously been identified as possible witnesses to opposing counsel prior to naming them on their witness list. In this case, both witnesses' names and signatures are on numerous documents sought to be used

by both sides at trial, documents whose meaning and significance will be disputed at trial. Also, Mr. Rose was the subject of our recent motion to compel. Plaintiffs certainly knew that both witnesses were fair game to appear as witnesses at trial. And the fact that these witnesses are employees of plaintiff Plains gives plaintiffs' counsel over two months to prepare them to testify.

Finally, plaintiffs argue that Mr. Rose's role as "counsel" for Plains "would raise virtually intractable privilege issues" if he were called to testify. This is no basis to bar a witness from testifying entirely.[1] In any event, Mr. Rose will certainly be advised by Plains counsel not to reveal any privileged information on the stand; as someone with a law degree who recently prepared a declaration in response to our motion to compel, Mr. Rose must know this. Counsel may also object during trial to any questions that call for privileged information.

Mr. Rose's testimony is important because there are many non-privileged documents in this litigation bearing Mr. Rose's name whose meaning and significance will be disputed by the parties. See, e.g., DX 25, 26, 56, 57, 59, 77, 80. Moreover, we know from one of the documents ordered produced by the Court in its October 29, 2007 opinion that Mr. Rose participated in the negotiations with Delta to obtain Delta's concurrences in the Lease OCS-P 0451 development plan. According to this document (DX 26, a December 5, 2002 e-mail from Plains consultant John Peirson to Plains executives), Mr. Rose was responsible for briefing executives on the ongoing negotiations with Delta on a weekly basis. For this reason, Mr. Rose's testimony – all non-privileged – is critical to understanding what drainage information was known to Plains and communicated to Delta during negotiations. The negotiations with Delta, as well as the underlying facts known to Plains, are in no way privileged.

[1] We continue to dispute whether Mr. Rose truly functioned as an attorney at any time in his position as Environmental Health and Safety Manager for Plains.

III. Response To Plaintiffs' Objections To Defendant's Deposition Designations

A. Deposition of James Volker. We request that the Court defer its ruling on plaintiffs' objections until trial. At that time, the Court can consider the designations and objections in the context of the transcript, witness testimony, and documentary evidence offered during trial. This evidence that will establish Mr. Volker's personal knowledge and competency to answer the questions propounded to him at his deposition.

B. Deposition of Steve Renke. We agree that the designations of Mr. Renke's testimony will be unnecessary if Mr. Renke appears at trial.

C. Deposition of Lisle Reed. Plaintiffs have not objected. We have no objections to plaintiffs' cross-designations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 353-2345

November 16, 2007

Attorneys for Defendant