# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al*., | |
| *Plaintiffs*,<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al*., | |
| *Plaintiffs*,<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff*, | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |

## RESPONSE OF PLAINTIFF DELTA PETROLEUM CORPORATION TO DEFENDANT'S "NOTICE"

Plaintiff Delta Petroleum Corporation ("Delta") hereby responds to the Government's "Notice" filed December 7, 2007. The Notice reiterates the Government's objections to the Court's ruling limiting the cross-examination of Mr. Robert Huguenard,

a third-party witness who appeared voluntarily at trial. Delta briefly responds to the Government's "Notice" as follows.

*First,* this Court has the inherent authority to limit the cross-examination of a witness. *See United States v. Coplin*, 463 F.3d 96, 104 (1st Cir. 2006) (trial courts have "undeniable authority . . . to place reasonable limits on cross-examination in order to cut off protracted discussion of marginally relevant subjects") (so holding even in light of constitutional protections to criminal defendants that are not applicable here); Fed. R. Evid. 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . (2) avoid needless consumption of time . . . .").

The Court's ruling with respect to Mr. Huguenard was entirely appropriate given the length of the Government's cross-examinations during the first week of trial. As the Court noted, it was "concerned about the other fact witnesses that have been hanging around all week now we're going to tell them they're going to have to come back next month. There's a lot of cross that I've seen here that could have been accomplished otherwise, it seems to me." (Trial Tr. page 1432 lines 16 through 21). Indeed, the Government has already used 36% of its total trial time, with three of Plaintiffs' witnesses yet to take the stand and none of the Government's witnesses having yet appeared. Because of the Government's decision to conduct unnecessarily lengthy cross-examinations, two Delta witnesses who traveled to Washington for trial never testified, and were it not for the Court's ruling limiting the Government's examination of Mr. Huguenard, there would have been no time for the testimony of Mr. Renke, who had already traveled from Texas to Washington.

*Second*, while the Government claims to need more time to examine Mr. Huguenard, it used the time that it had by asking lengthy questions about documents whose admission was stipulated, with which Mr. Huguenard indicated he had little familiarity, and in pursuit of what appears to have been largely if not entirely points of law, not fact. A case in point was the Government's questioning about the 1985 Rocky Point Unit Agreement (DX-3), which had been entered into more than a decade before Mr. Huguenard had any involvement with that unit. And, even though Mr. Huguenard testified that "[i]f [he had seen the document], it's a distant memory" (s*ee* Trial Tr. pages 1397 lines 21 - 23), the Government then proceeded to ask him 19 questions about it (s*ee* Trial Tr. page 1397 line 24 through page 1403 line 9).

*Third*, the Government argued at trial that further examination of Mr. Huguenard was needed in order to ask about Plains' Authorizations for Expenditure ("AFEs") for the wells drilled on the east half of Lease 0451. (*See* Trial Tr. page 1539, lines 4 through 7 (*by Gov't counsel Schwind*: "We did have several other areas of examination, in particular with respect to the AFEs and these are materials that were sent to Delta that we wanted to go through with Mr. Huguenard.")). The Government, however, has already successfully compelled the appearance at trial of California-based Plains employee Tom Goeres based on that very same argument. (*See* November 16, 2007 Telephonic Hearing, page 10 line 21 through page 11 line 11 (*by Gov't Counsel Schwind*: "[W]ith respect to Mr. Goeres . . . He is one of the levels of approval on all of the authorizations for expenditures . . . . So we are going to walk through those.")) If the Government still perceives the need to "walk through" these documents (most, if not all

of which are already in the record), this is an exercise that should be undertaken with Mr. Goeres.

*Fourth*, the Government exaggerates the importance of the Court's comment about the length of Delta's direct examination relative to the Government's cross. The comment was made well after the Court's decision to set a limit on the cross-examination of Mr. Huguenard and was merely supportive of that decision. (*See* Trial Tr. page 1462 lines 9 through 11 (Judge Bruggink: "Just to note, I think by my calculation, the parties have had exactly the same amount of time with this witness up to this point.")). This observation, however, is reflected in the record 30 pages *after* the Court set a 3:30 cutoff. (*See* Trial Tr. page 1433 line 24 through page 1434 line 2).

*Fifth*, not one of the foregoing points is trumped by the fact that Mr. Huguenard was listed on the Government's witness list, and there was never any understanding between the parties that the Government would have unlimited time to examine Mr. Huguenard. The parties had only agreed that Mr. Huguenard could be deposed for a second time were he not to appear at trial (*see* October 3, 2007 Telephonic Hearing, page 35 lines 9 through 17), but Delta subsequently provided notice on October 4, 2007, that it would be calling Mr. Huguenard as a witness.

*Sixth*, to ensure the record is clear and eliminate the possibility of any misimpression, we wish to underscore that our agreement to extend the term of the sequestration order with respect to Mr. Huguenard (*see* Government Notice at 2) simply reflects the fact that Mr. Huguenard's participation in the trial is finished and there is no reason for us to communicate with him. The Court has already ruled, and while it noted on the record that "[i]f we need to address [this issue] later, we can" (Trial Tr. page 1540

lines 6 through 7), the Government's averment that the issue has yet to "be resolved" (*see* Gov't Notice at 2) is, we would submit, an overstatement.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for Delta Petroleum Corporation

December 13, 2007