# In the United States Court of Federal Claims

Nos. 02-30C, 04-1822C, & 05-249C (consolidated)
(Filed: December 19, 2007)

* * * * * * * * * * * * * * * * * * * * * * *
AMBER RESOURCES CO.,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * *
ANADARKO E&P CO. LP,
et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * * *

NYCAL OFFSHORE DEVELOPMENT CORP.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
* * * * * * * * * * * * * * * * * * * * * * * *

ORDER

Trial on the government's motion for reconsideration commenced on December 3, 2007, will continue on January 7, 2008, and will conclude on January 11, 2008. The parties agreed to manage the trial by use of a clock system, whereby each party has 32 hours to use as it will on opening statements and the examination of witnesses, both direct and cross. During the cross-examination of plaintiff's witness, Mr. Robert Huguenard, the court in its concern that plaintiff would not be afforded an opportunity to examine an out-of-town witness, limited defendant's further cross-examination of Mr. Huguenard. In doing so, the court miscalculated the amount of time that defendant had spent on that witness. The court believed that defendant had examined Mr. Huguenard for the same amount of time that plaintiff examined him (three hours and 25 minutes), in reality, only one hour and 45 minutes had elapsed.

Pending now is defendant's notice of renewed objection to the limitation of its cross-examination of Mr. Huguenard, filed on December 7, 2007. The plaintiff filed a response on December 13, 2007, asserting that the court's limitation was properly within its discretion.

Although we agree that it was properly within the court's discretion, in hindsight, the court would have imposed less of a restriction if it had understood the true duration of Mr. Huguenard's examination. Accordingly, at a telephonic status conference held on December 14, 2007, the court proposed that Mr. Huguenard be made available for further examination via telephone during the week of continued trial in January 2008. The parties have agreed and Mr. Huguenard has made himself available for examination via telephone on January 9, 2008. Defendant is allowed to call Mr. Huguenard at 1:30 pm EST for an additional one hour and a half of testimony. The parties shall jointly furnish Mr. Huguenard with a packet of materials and exhibits for use on direct, cross, and redirect examination.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge