# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY, *et al*., | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P., *et. al*., | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |

**PLAINTIFF DELTA PETROLEUM CORPORATION'S OBJECTIONS TO DEFENDANT'S COUNTER-DESIGNATIONS WITH RESPECT TO THE DEPOSITION TESTIMONY AND EXPERT REPORT OF DEFENDANT'S OWN EXPERT WITNESS**

The day before yesterday — exactly 50 days past the Court imposed deadline — the Government purported to file and serve counter-designations from the

deposition testimony of its own expert witness, Dr. William Jamison, including his expert report. Delta Petroleum Corporation objects to the Government's belated attempt to designate Dr. Jamison's testimony and report on several grounds:

*First*, the Government's counter-designations are untimely given the schedule set forth in the Pretrial Order. Deposition counter-designations were due on November 13, 2007, a fixed deadline from which the Government has never sought relief. *See* October 9, 2007 Pretrial Order ¶ 5.

*Second*, by the express requirements of the Scheduling Order, the admission into evidence of an expert report is conditioned upon both the expert "witness appearing at trial" and "the court's recognition of the witness as an expert with respect to the subjects addressed by his or her report." Pretrial Order ¶ 4. Neither has occurred with respect to Dr. Jamison.[1]

*Third*, the Government's counter-designations at: page 47 line 19 through page 48 line 24; page 86 line 9 through page 87 line 3; and page 92 line 4 through page 93 line 13, are beyond the scope of Delta's limited November 5, 2007 designations, which were centered primarily upon industry standards in interpreting FMI logs. The Government's counter-designations include purported expert testimony regarding fracture compartmentalization (page 92 line 4 through page 93 line 3) and passages *elicited by Government counsel in its cross examination of its own expert* about the sealing nature of faults and the relationship between resistivity log images and the fluid transmissivity of fractures (page 86 line 9 through page 87 line 3). As discussed above, Dr. Jamison has not been qualified as an expert to testify on any of these subjects.

---

[1] While Delta has itself pre-marked this same report as a potential exhibit, the exhibit was intended to be used only in cross-examination.

*Fourth*, deposition testimony is admissible under the hearsay rules only if the witness is unavailable for trial, Fed. R. Evid. 804(b)(1), but the Government has not alleged any of the five situations that could trigger the "declarant unavailable" exception (*see* Fed. R. Evid. 804(a)(1) - (a)(5)) with respect to the Government's own expert. (The Government agreed in open court to provide its final witness list and order of witnesses a week before the beginning of the next phase of trial; that list was provided on December 31, 2007 and did not include Dr. Jamison.)[2]

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for Delta Petroleum Corporation

January 4, 2008

[2] If the Court were to allow the Government's designations, the Court should also permit Delta to make its own cross-designations, which would include at least: page 60 line 16 through page 61 line 4; and page 91 line 8 through line 22.