IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Bruggink)

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO OPEN THE RECORD TO ADMIT EXHIBITS AND ALTERNATIVE MOTION TO TAKE JUDICIAL NOTICE**

We respectfully submit this reply to the March 21, 2008 opposition filed by plaintiff Delta Petroleum Corporation ("Delta") to our motion to open the record to admit Defendant's Exhibits ("DX") 43 and 83 and alternative motion to take judicial notice of DX 43.

In our motion, we demonstrated that DX 43 and 83 are relevant, our request was made without undue delay and for good reason, and that Delta will not be prejudiced by the admission of either exhibit. In addition, we demonstrated that DX 43 meets the requirements of Rule 201(d) of the Federal Rules of Evidence ("FRE") for judicial notice because the adjudicative facts contained in that exhibit are not subject to reasonable dispute.

In its opposition, Delta fails to seriously contest the admissibility of DX 43. This is consistent with Delta's position before and during trial that it had no objection to the admission of the document. Delta now contends only that admission or judicial notice is not necessary because similar information is already in the record. However, DX 43 remains highly relevant, not cumulative, and meets all of the requirements of FRE 201(d). In addition, Delta fails to defend any of its original objections to the admission of DX 83, instead focusing upon an alleged redundancy with other evidence already in the record. However, DX 83 is not duplicative and, absent Delta's attempt to establish any sustainable objection, should be admitted.

Delta's first argument – that exhibits ordinarily should be introduced and admitted at trial – adds very little to its opposition.[1] We recognize that the preferred course would have been to offer and ask for admission of DX 43 and DX 83 at trial. Indeed, that is exactly what we thought had happened until conferring with plaintiffs' counsel after trial and learning that, on our list of

[1] The expectations for admission of documents at trial were not as unambiguous as Delta contends. See Pl. Opp. at 2 ("[T]he mere fact that a document appeared on a party's pre-trial exhibit list did not mean the opposing party should assume it would be used or offered into evidence, much less that it would be admitted.") Indeed, on the first day of trial Delta did not believe this to be case and moved to admit, *en masse*, all documents to which the Government had not objected in our pre-trial submissions. Tr. 8:5-10. Moreover, during Robert Huguenard's testimony on December 6, 2007, the Court suggested that, "if you have a stack of documents that we don't really need a whole lot of factual conversation about, then why don't you propose that they be admitted and see if the Plaintiff objects." Tr. 1434:5-9.

admitted exhibits, DX 43 and DX 83 erroneously were recorded as having been admitted. It is in recognition of the traditional method for admitting evidence that we bring the present motion and request the Court to exercise its discretion to reopen the record, or to apply FRE 201(d) to take judicial notice. That exercise of discretion and application of FRE 201(d) are justified here.

Neither DX 43 nor DX 83 is the type of document about which there is a concern of "sandbagging" the Court with evidence it is unable to understand in the absence of witness testimony. Tr. 3472:8-15. This was the case with exhibits DX-15 and DX-16, two exhibits offered and admitted at the close of trial to explain Delta's ownership of the Rocky Point leases. Tr. 3469:2-3470:7. Similarly, DX 43 and DX 83 are a straightforward letter and e-mail easily understood by laypersons. The documents do not contain any technical information or visual representations, maps, or diagrams that might need an explanation or might be subject to more than one interpretation.

Specifically with respect to DX 43, Delta does not present any serious opposition to its admission or to judicially noticing the facts contained in the exhibit. Delta simply asserts that there is no need for the Court to admit or take judicial notice of the facts in DX 43 because those same facts can be found in admitted exhibits DX 42 and PX 25 and the Coastal Zone Management Act ("CZMA"). Pl. Opp. at 3. However, DX 43 is not duplicative of DX 42 and PX 25.

DX 42 is a letter from the California Coastal Commission ("CCC") to the Minerals Management Service ("MMS") and Robert Huguenard of Arguello, Inc. reporting the CCC's determination that proposed revisions to the plan to develop the eastern half of Lease OCS-P 0451 were acceptable without additional consistency review. DX 43, a letter from MMS to Mr. Huguenard, immediately follows DX 42 chronologically and adds the important fact that

MMS approval of the development plan was contingent on CCC concurrence. Delta argues that this additional fact – the legal significance of CCC approval – is explained in the CZMA at 16 U.S.C. § 1456(c)(3)(B). This is true. However, while section 1456(c)(3)(B) states that MMS may not approve a development plan without first obtaining state concurrence, it does not explain that MMS approval was based, in part, on CCC concurrence in this case. This may seem a minor addition to the case, but it is one we believe is important to establish the entire chain of events leading to development.

Similarly, PX 25, a project summary from the operator, reports the fact of CCC and MMS approval, but does not explain the connection between those approvals. Because plaintiffs have disputed the legal significance of nearly every action taken in this case, DX 43 is necessary to conclusively demonstrate the legal significance of CCC concurrence.[2]

Furthermore, Delta does nothing to refute our demonstration that DX 43 fulfills the requirements of FRE 201(d), which provides for mandatory, as opposed to permissive, judicial notice. Delta does not dispute that DX 43 contains the type of adjudicative facts appropriate for judicial notice, and that the facts contained in DX 43 are capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Thus, DX 43 meets the requirements for judicial notice pursuant to FRE 201(d), and the Court can take that notice at any stage of the proceedings. <u>See</u> FRE 201(d), (f).

With respect to DX 83, Delta contends that it has been prejudiced by losing the opportunity to examine Mr. Rose on the exhibit and asserts that, in any event, the contents of the

---

[2] We interpret Delta's position to concede that MMS' approval of Plains/Arguello's development plan for Lease OCS-P 0451 would not have occurred unless and until CCC concurred in the development plan.

exhibit are cumulative. These arguments are without merit. First, DX 83 is the best evidence of its contents and, as previously demonstrated, DX 83 does not contain the type of information about which testimony is necessary for the document to be clearly understood. In addition, Delta does not specifically point to anything in DX 83 about which it would have asked Mr. Rose questions. Finally, Delta conducted no cross-examination of Mr. Rose despite the many other admitted documents bearing his name as author or recipient. Tr. 2916:4-5. It is very doubtful that Delta would have suddenly decided, with respect to this one document, to change its strategy and cross-examine Mr. Rose.

Delta offers virtually no opposition to our demonstration that its pretrial objections to DX 83 upon the grounds of relevance, prejudice/confusion, hearsay, and authenticity are unfounded. DX 83 will not cause unfair prejudice or confusion, falls under at least two hearsay exceptions, and is authentic. Additionally, DX 83 is highly relevant to the issues before the Court. Delta's sole relevancy objection – that it (as opposed to operator Plains) did not receive a copy of the document – is immaterial given Plains/Arguello's role as Delta's agent. Def. Mot. at 4. Delta's only response to this appears in a footnote in its opposition. Pl. Opp. at 5 n.3. Delta argues that "[t]he Government's contentions regarding agency are irrelevant to the pending motion and will be fully addressed in Delta's forthcoming post-trial brief." Id. This is not a legitimate opposition to the admission of DX 83.

Moreover, the Court overruled this same objection at trial. During the testimony of Mr. Huguenard, the Court admitted DX 84 over Delta's objection that "th[e] document was never presented to Delta, and in that context, to the extent that. . . Delta's state of mind is relevant, to the extent that that's the issue, then it's not relevant." Tr. 1421:22-1422:1. The Court explained, "I understand that that will be an issue. But, in the meantime, I think I have to

know what the operators are trying to do. . . . And I understand there's a separate question about what implications, if any, there are for Delta." Tr. 1422:2-10. The Court consistently overruled Delta's relevance objection thereafter. See, e.g., Tr. 1424:1-3; 1427:17-20. Thus, at a minimum, DX 42 should be conditionally admitted until the Court resolves the agency issue.

Delta's further contention that DX 83 is duplicative is also unfounded. That the "*matters* in [DX-83] were addressed in other documents and in the testimony of Robert Huguenard," does not demonstrate that DX 83 is duplicative, but actually reinforces its relevance. Pl. Opp. at 4 (quoting Def. Mot. at 4) (emphasis added). An exhibit that relates to the same *matters* described in other evidence is not the same as an exhibit that is merely cumulative of the same facts already in evidence. Delta has failed to identify any other documents or testimony from Mr. Huguenard containing the same information found in DX 83.

Finally, we are not required to demonstrate that DX 43 and DX 83 are "clearly outcome determinative" before they may be admitted. See Pl. Opp. at 58 (quoting Erve v. Sec'y of Health and Human Servs., 39 Fed. Cl. 607, 612 (1997)). Rather, it is enough that an exhibit be relevant, the nonmoving party not be prejudiced, and the moving party not have unduly delayed or, in the alternative, that the exhibit fulfill the requirements of FRE 201(d). Here, both DX 43 and DX 83 meet these standards for admission and, in addition, DX 43 fulfills the requirements for judicial notice. Accordingly, we respectfully request the Court to grant our motion.

## CONCLUSION

For these reasons, and the reasons set forth in our March 7, 2008 motion, we respectfully request that the Court admit DX 43 and DX 83.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/Allison Kidd-Miller
GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 353-2345

April 4, 2008

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 4th day of April, 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF MOTION TO OPEN THE RECORD TO ADMIT EXHIBITS AND ALTERNATIVE MOTION TO TAKE JUDICIAL NOTICE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller