# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-30C, 04-1822C & 05-249C (consolidated)

| | |
|---|---|
| AMBER RESOURCES COMPANY,<br>*et al.*, | |
| *Plaintiffs,*<br><br>v. | |
| THE UNITED STATES, | No. 02-30C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| ANADARKO E & P COMPANY L.P.,<br>*et. al.*, | |
| *Plaintiffs,*<br>v. | |
| | |
| THE UNITED STATES, | No. 04-1822C |
| | (Judge Bruggink) |
| *Defendant.* | |
| ****************************************** | |
| NYCAL OFFSHORE DEVELOPMENT | |
| CORPORATION, | |
| *Plaintiff,* | |
| v. | |
| | |
| THE UNITED STATES, | No. 05-249C |
| *Defendant.* | (Judge Bruggink) |
| ****************************************** | |

**PLAINTIFF DELTA PETROLEUM CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff Delta Petroleum Corporation ("Delta") respectfully opposes the Government's Motion for Enlargement of Time.

On January 11, 2008, the parties concluded the nine-day trial addressing the factual and legal issues raised by the Government's January 19, 2006 Motion for Reconsideration as to Lease 0452. On the last day of trial, the Court and the parties discussed at some length the nature of and schedule for the post trial briefing. Expressing concern that the timetable initially proposed was excessive ("Do you really need that long?"), the Court settled on a schedule calling for Delta to file its opening brief 49 days after the trial transcript was filed, the Government to file its opening brief 21 days later, and Delta to file a reply brief 14 days thereafter. (*See* Trial Tr., page 3484 line 6 through page 3485 line 12). Neither party objected.

Delta timely filed its opening brief on April 1, 2008, forty-nine days after the trial transcript was filed. But the Government now seeks to more than triple the time allotted for its opening brief, requesting an additional 45 days beyond the 21 days it had been allotted under the unopposed schedule.

Put another way, the Government seeks to be given nearly five months after the conclusion of trial, and 115 days after the filing of the transcript, to prepare its opening brief. Briefing would thus extend nearly to July, during which time recollections of the demeanor of witnesses and technical analyses would inevitably begin to diminish.

The Government's motion does not present a sufficient basis to re-write the briefing schedule. *First*, one would reasonably assume that the Government would not wait until receiving Delta's brief to beginning work on its own brief, especially given that the trial addressed the Government's own arguments why the Court's award of restitution as to Lease 452 should be reconsidered. If the Government has only made "preliminary preparation[s]" since

early January (Mot. at 2), and chosen to devote its resources to other pending matters (*id.* at 3-4), the consequences of those decisions should not be borne by Delta or the Court.

*Second*, the Government's contention that it needs additional time to address new legal issues is not well founded. The Government first lists the issue "whether Plains' intent (as operator/agent) to drain Lease OCS-P 0452 can be imputed to lessee Delta." (Mot. at 2).[1] But this issue was explicitly raised *by the Government* in a pretrial filing with the Court on November 16, 2007. (*See* Defendant's Response to Plaintiff's Objections, Docket no. 261, at 2, 4) ("as operator and agent of Delta and the other lease owners, Plains' knowledge and intent in developing Leases OCS-P 0451 and 0452 are imputed to Delta as a matter of law"; "Plains is the company serving as operator and Delta's agent with respect to Leases OCS-P 0451 and 0452").

Indeed, the Government's motion during trial for Judgment on Partial Findings under Rule 52(c) was predicated entirely on the assertion that Plains is Delta's agent. (*See* Trial Tr., page 2499 line 5 through page 2503 line 4), with Government counsel contending that there are "plenty of cases" supporting the Government's agency argument. (Trial Tr., page 2502 lines 9 through 11). It is a mystery how the Government is unprepared now to brief the very same issue.

The Government also identifies the need to brief the "legal basis for, and a valuation of, an 'offset' for the drainage that has occurred." (Mot. at 2). But the Government raised the issue of offset from the outset, arguing in its January 2006 motion for reconsideration for the "recoupment in the form of . . . all . . . revenues received . . . from the continuing drainage." (Docket no. 118, at 2). Delta dedicated an entire section of its opposition brief to the

---

[1] Delta disputes both the Government's characterization of Plains' intent and its purported imputation to Delta.

offset issue. (*See* Pl.'s Feb. 21, 2006 Opp. to Def.'s Mot. for Reconsideration, Docket no. 121, at 10 - 13). Furthermore, in its remarks from the bench following trial on January 11, 2008, the Court specifically requested that the parties in their briefs address the basis for determining any offset. (Trial Tr., page 3483 line 19 through 3484 line 5).

Similarly, the issue "whether a decision in the United States' favor would force plaintiffs to forfeit Lease OCS-P 0451 contract rights" (Mot. at 2) goes to equitable principles expressly identified by the Court in its September 2007 decision setting forth the issues to be addressed at trial, *see Amber Resources Co. v. United States*, 78 Fed.Cl. 508, 514 (2007) ("[t]he requirement [that property be returned in substantially the same condition] is based on principles of equity and should be applied in that light.")

Post trial briefs are designed largely to aid the Court by digesting and summarizing the trial record and applying it to the relevant legal principles. It is Delta's hope that its brief will be of some aid to the Court in this respect. There is no reason for the Government to have waited until receiving Delta's brief to begin working in earnest on its own brief, and as noted, the legal issues identified by the Government were well known to it.

The Government did not object to the briefing schedule and has provided no good cause for its extension. The Government's motion should be denied.

Respectfully submitted,

s/ Steven J. Rosenbaum
by s/ Thomas J. Cosgrove
Steven J. Rosenbaum
*Counsel of Record*
Thomas J. Cosgrove
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-5568
Facsimile: (202) 778-5568
Attorneys for Delta Petroleum Corporation

April 15, 2008