IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Bruggink)

DEFENDANT'S MOTION FOR RECONSIDERATION

The United States respectfully requests the Court reconsider its ruling upon our request for an enlargement of time of 45 days within which to file our post-trial brief. Prior to our filing of a reply to plaintiffs' response to our motion, the Court partially granted the motion, permitting the United States a 25-day extension. However, the Court found that our grounds to request any

extension were insufficient, adopting plaintiffs' claim that their 150-page post-trial brief presented no "new" issues and that the United States could have begun "assembling its argument" during the three months after trial. The Court then stated that no further extensions will be granted "absent extraordinary cause."

Respectfully, additional time in the amount of 45 days was and is necessary to allow us to respond to the arguments presented in plaintiffs' detailed and lengthy post-trial brief due to the volume and technical nature of the evidence presented at trial, the number of factual and legal issues raised, counsel's simultaneous responsibilities in other matters before this and other courts, and agency review. In its response, plaintiffs did not assert that they would be prejudiced by the Court granting our motion. Cf. Smith v. United States, 44 Fed. Cl. 359, 360 (1999) (granting plaintiffs' motion for enlargement when Government failed to demonstrate it would be prejudiced by the delay). This makes sense given that the complaint in this case was filed in January 2002, the Court's summary judgment opinions are currently pending appeal before the United States Court of Appeals for the Federal Circuit, and this was our first request for extension. Rather, plaintiffs devoted the majority of their opposition to arguing that three legal issues identified in our motion are not "new legal issues." Pl. Opp. at 3-4. We agree, which is why we did not state in our motion that the issues are new, but observed that they have not previously been briefed for the Court.[1] See Def. Mot. at 2.

[1] We agree that the parties touched upon the offset issue in briefing prior to trial. However, what plaintiffs have done here – advocating a specific legal basis and method for calculating an offset, and proposing an exact dollar amount for that offset – has not previously been briefed.

Further, we neither proposed nor agreed with a 21-day period for the filing of our post-trial brief in response. See Tr. 3485:4-12. And, contrary to plaintiffs' charge, we began "assembling arguments" some time ago. However, we understood that there was a substantial probability that the Court would convene a post-trial conference call to narrow the subjects to be included in the post-trial briefing and, presumably, during which we could revisit the proposed schedule for the filing of the parties' briefs, depending upon how the Court framed the issues for briefing. Tr. 3483:1 - 3484:11.[2] That call ultimately did not take place, either before or after the January 24, 2008 scheduling order. Had we filed our motion at that time, our request would have been premature. We filed our motion for enlargement after reviewing plaintiffs' post-trial brief, when it became apparent that the issues would not be narrowed and we would not be able to complete our response in 21 days.

Respectfully, the Court's disregard of the grounds for requesting the extension – without giving the United States an opportunity to reply – was unexpected. The outcome of this case is not insignificant: forcing the United States to take back Lease OCS-P 0452 will cost taxpayers $92 million and net Delta a return of over 10,000 percent upon its modest investment in the lease. Yet there is more at stake than a large-scale redistribution of wealth: plaintiffs seek to take out of play for at least the next several years an otherwise developable lease with (according

---

[2] The Court stated: "I am concerned that areas that I think might be important may not mesh fully with how the parties are going to assume the issues are going to fall out. . . . There are specific things that I can think of that I want briefing on. And what I am probably going to do is set up a separate time after I have thought about this a little bit more, and we can get together by telephone, and that is useful, to talk about this. . . . So we can probably chat about that after you all recover." Tr. 3483:6 - 3484:9.

to plaintiffs' experts) substantial domestic oil reserves. The interests of justice weigh in favor of giving both sides a full and fair opportunity to brief the case.

For these reasons, we respectfully request that the Court recall its order, consider this filing as a reply in support of our motion for extension, and decide the motion.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/Allison Kidd-Miller
GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 305-3020

April 17, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 17th day of April, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller