IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AMBER RESOURCES COMPANY., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANADARKO E&P COMPANY, L.P., et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NYCAL OFFSHORE DEVELOPMENT CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 02-30C
04-1822C
05-249C (Consolidated)
(Senior Judge Bruggink)

**DEFENDANT'S MOTION FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, defendant, the United States, respectfully requests the Court to take judicial notice of the fact that the price of oil has increased from approximately $40 per barrel in early 2004 to more than $130 per barrel in 2008, as reflected in

the graph attached to this motion. Att. A. Counsel for plaintiffs has represented that plaintiffs oppose this motion.

Pursuant to Rule 201(d), a court "shall take judicial notice" of adjudicative facts "if requested by a party and supplied with the necessary information." FRE 201(d). "A judicially noticed fact must be one not subject to reasonable dispute," and includes facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b). A court may take judicial notice "at any stage of the proceeding," even on appeal. FRE 201(f); advisory committee's note to 201(f).

The increase in the price of oil between 2004 and 2008 is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. The attached graph, which shows this increase, was created by the Washington Post using data from Goldman Sachs and Bloomberg. Att. A. Although some courts have declined to take judicial notice of information reported in newspaper articles, others have found judicial notice appropriate. Compare United States v. Foreman, 369 F.3d 776, 786 n.9 (4th Cir. 2004) (affirming refusal to take notice of statistical information regarding air fresheners), and Cofield v. Alabama Public Service Comm'n, 936 F.2d 512, 517 (11th Cir. 1991) (disapproving of court taking notice of party's access to "thousands of dollars hidden somewhere"), with United States v. Boggs, 991 F.2d 796, 1993 WL 100058 at *2 (6th Cir. 1993) (Table) (suggesting court would have taken notice of currency exchange rate, had party so requested), and United States v. Dior, 671 F.2d 351, 359 (9th Cir. 1982) (finding court should have taken notice of currency exchange rate).

The latter approach is appropriate here, as the increase in the price of oil between 2004 and 2008 absolutely is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Indeed, many courts have taken judicial notice of oil or,

similarly, natural gas prices. See, e.g., Metropolitan Transp. Auth. v. FERC, 796 F.2d 584, 593 (2d Cir. 1986) ("[W]e take judicial notice of the recent sharp decline in the price of oil as a source of private power."); In re Ivory, 269 B.R. 890, 900 n.16 (N.D. Ala. 2001) ("The Court takes judicial notice that the price of natural gas rose dramatically during this time."); Berry Petroleum Co. v. CIR, 104 T.C. 584, 600 n.5 (U.S. Tax Ct. 1995) (taking judicial notice of natural gas prices in each of eleven months); Ferrell v. Comm'r, 90 T.C. No. 70 at 1195 n.27 (U.S. Tax Ct. 1988) (taking judicial notice of prices of oil in four states in each of five years); see also E. & J. Gallo Winery v. EnCana Energy Svcs, Inc., 2005 WL 2435900 at *5 (E.D. Cal. 2005) (taking judicial notice of Federal Energy Regulatory Commission report on price manipulation of electric and natural gas prices). Finally, because the Court may take judicial notice of adjudicative facts at any stage in a proceeding, even on appeal, our request is timely. See FRE 201(f).

Not only does the attached pricing information fulfill the requirements of FRE 201, it is relevant to our pending motion for reconsideration. Both parties, as well as several witnesses, have referred to recent increases in the price of oil, but neither the fact nor size of that increase has been established yet. See Def. Post-Trial Br. at 30 (referring to the "volatile price of oil" as a factor to be considered in the Court's unwinding of Lease OCS-P 0452); Pl. Post-Trial Br. at 39 (explaining that while "Dr. Mannon assumed an oil price of $55/barrel . . . [o]il prices are currently in excess of $100/barrel." (citing Tr. 1827:11-1828:16)); id. at 40 (referring to Mayerson testimony for fact that the "current price of oil has sparked a boom in development activity offshore California." (citing Tr. 2426:1-2428:23)); id. at 41 (proposing that "wells on Lease 452 could perform worse than those on Lease 451 and still break even given the improved economics resulting from higher oil prices."); id. at 41 n.16 (discussing "'current price' of

$95/barrel" assumption plaintiffs' counsel asked Dr. Strickland to use at trial (citing Tr. 3464:10)). Taking judicial notice of the increase in oil prices will help avoid further speculation about those prices, and provide the factual basis necessary for the Court's consideration of that increase in prices upon various aspects of this case.

**CONCLUSION**

For these reasons, we respectfully request the Court to take judicial notice of the fact that the price of oil increased approximately from approximately $40 per barrel in early 2004 to more than $130 per barrel in 2008.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/Allison Kidd-Miller
GREGG M. SCHWIND
ALLISON KIDD-MILLER
Trial Attorneys
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel. (202) 353-2345

June 6, 2008

Attorneys for Defendant

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 6th day of June, 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR JUDICIAL NOTICE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller