# In the United States Court of Federal Claims

Nos. 02-30C, 04-1822C, & 05-249C (consolidated)
(Filed: July 17, 2008)

* * * * * * * * * * * * * * * * * * * * * *
AMBER RESOURCES CO.,
*et al.*,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * * *
ANADARKO E&P CO. LP,
*et al.*,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *
NYCAL OFFSHORE DEVELOPMENT
CORP.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * *

ORDER ON REQUEST TO TAKE JUDICIAL NOTICE

Pending is defendant's motion pursuant to Federal Rule of Evidence 201 that the court take judicial notice that the President of the United States and Senator John McCain have taken the position that Congress should lift the Congressional moratorium restricting development of oil resources on the Outer Continental Shelf. In the text of the motion, the government also notes that the President has recently ended the executive moratorium on new leasing. Plaintiffs oppose the motion.

The court is required to take judicial notice of indisputable facts if the moving party presents the necessary information. Defendant has presented the necessary information to establish the fact that the President and Senator McCain have indeed taken the position defendant suggests. We nevertheless decline to take the proffered notice. The reason we decline to do so has to do with materiality and case management.

The proffered fact, alone, is insufficient to matter to the outcome.[1/] This is a court of law, in which facts have to be established through proof. It would be impossible for the court to assign any significance to campaign statements. The relevant facts here are that the 1990 amendment to the Coastal Zone Management Act ("CZMA"), 16 U.S.C. §§ 1451-65 (2006), is still in place; that California has expressed resolute opposition to the development of the Lease 452; and that the district court has enjoined the necessary lease extensions. Those are the facts on which the case was tried and it would be folly for the court to balance against them the partisan political rhetoric of a presidential campaign. In any event, as plaintiff amply demonstrates in its response, there is vigorous opposition to the President's and Senator's proposal and, even if adopted, it would have no impact on the injunction absent repeal of the CZMA Amendment, and passage of new legislation in a form different than the one proposed by the President, i.e., one that does *not* give adjoining states continuing control over off-shore oil leasing. Lifting the moratorium in the manner proposed (giving adjoining states veto rights) would

---

[1] Although lifting the moratorium would not effect the finding of breach, presumably the government would argue that, if the lease is rescinded and the moratorium were lifted, there would be no bar to marketing lease 452 once again.

leave lease 452 where it is today. There is thus no more reason today to think 452 could be remarketed.

There is another reason we decline to grant defendant's motion. The record in the trial is closed. While judicial notice is indeed available even on appeal, the particular "fact" defendant offers here is unlike the typical fact of which judicial notice is taken. Namely, rather than judicial notice being the end of the matter, here it would only be the beginning. The only relevant inference that would follow from taking notice of the President's and Senator McCain's statements is that, "maybe the political climate is changing, and perhaps Congress will not extend the moratorium." That inference, however, is highly disputed, and so it would be unfair in the extreme then not to offer plaintiffs the opportunity to bring in evidence, and perhaps testimony, to challenge that inference. In sum, we are today where we were during trial: some people opposed the moratorium in the past; some people still oppose the moratorium now. Taking judicial notice as defendant proposes would not advance the search for the truth. The motion is denied.

s/Eric G. Bruggink
Eric G. Bruggink
Judge